# EXHIBIT A

## CONTRACT DOCUMENT

Date given to Employee 2/24/2020

### LEISD TERM CONTRACT

**1. Position:** The District agrees to employ **Kendrick Smith(you) as a Certified Administrator**

**2. Term:** You will be employed on a  **12 - month basis  for the 2020-2021 and 2021-2022 school years**, according to the hours and dates set by the District as they exist or may hereafter be amended.

**3. Credentials and Criminal History Review:**

3.1  **Certification.** You agree to provide, before your start date each school year, the certification, service records, licenses, and other records and information required by state and federal law, the Texas Education Agency (TEA), the State Board for Educator Certification (SBEC), or the District. You agree to maintain any applicable certification, permit or licensure requirements throughout the term of this Contract. If you fail to fulfill the requirements necessary to extend a temporary or emergency certificate or permit, or if your certification or permit expires, is canceled, is relinquished, is suspended, or is revoked, the District may provide you with notice that this Contract is void pursuant to Texas Education Code section 21.0031.

3.2  **Criminal History Review.** If required by the District, TEA, or SBEC, you agree to submit to a review of your state or national criminal history record information.

**4. Representations:**

4.1  **Beginning of Contract.** You understand that a criminal history record acceptable to the District, at its sole discretion, is a condition of this Contract. You represent that you have disclosed to the District, in writing, any conviction, no contest or guilty plea, deferred adjudication, or other adjudication for any felony or any offense listed at 19 Texas Administrative Code § 249.16(b) orPolicy DH (LOCAL).

4.2  **During Contract.** You agree that, during the term of this Contract, you will notify the Superintendent in writing of any arrest, indictment, conviction, no contest or guilty plea, deferred adjudication, or other adjudication for any felony or any offense listed at 19 Texas Administrative Code § 249.16(b) or Policy DH (LOCAL). You agree to provide the notification within three calendar days.

4.3  **False Statements and Misrepresentations.** You represent that any required records or information in your employment application are true and correct. Any false statements, misrepresentations, omissions of requested information, or fraud by you concerning any required records or in the employment application may be grounds for termination or nonrenewal, as applicable.

**5. Duties:**

5.1  **General Standard.** You agree to perform the duties of your assigned position, as prescribed by state law and regulations and by the District, with reasonable care, skill, and diligence.

5.2  **Rules:** You agree to comply with all Board and District directives, state and federal laws and rules, and District policy and regulations, as they exist or may hereafter be amended.

5.3   **Assignment/Reassignment:** You understand that the District has the right to assign or reassign you, transfer you, and to make changes in responsibilities and duties at any time during this Contract.

5.4  **Supplemental Duty.** A supplemental duty is a duty not included in the position that is named in paragraph 1 of this Contract.  You understand that this Contract does not apply to assignments of

or payments for supplemental duties. This Contract does not create a property right to continued employment in any supplemental duty. If you agree to perform a supplemental duty, the start and end dates for the supplemental duty may be different from the start and end dates under this Contract.

### 6. Compensation.

6.1   **Salary.** The District shall pay you according to the compensation plan adopted by the Board each school year. Your salary includes consideration for all assigned duties, responsibilities, and tasks of your position, regardless of the actual number of hours or days (including days not designated on the school calendar) that you work during this Contract. Your salary shall be reduced for absences in excess of authorized, paid leave.  Your salary does not include consideration for any supplemental duty.

6.2   **Furloughs.** If the District implements a furlough under Texas Education Code section 21.4021, your salary will be reduced in proportion to the number of furlough days. The reduction will be equally distributed over the remainder of the applicable school year.

6.3   **Annualized Salary.** Your salary will be paid out over 12 months, regardless of the work schedule specified in paragraph 2.

6.4   **Incentive and Performance Pay.** If you qualify, you may receive incentive pay or pay for performance under the District's compensation plan, federal law, or state law, including Texas Education Code chapter 21, subchapter O. An incentive payment is not an entitlement as part of your salary.

6.5   **Overpayments.** You agree that you are not entitled to any funds the District overpays you and you further agree that the District may deduct any overpayments under this Contract from one or more of your paychecks.

6.6   **Benefits.** The District shall provide you with benefits as provided by state law and Board policy. The District reserves the right to amend its policies at any time during the term of this Contract to reduce or increase these benefits, at the Board's sole discretion.

### 7. Other Provisions.

7.1   **Equipment and Reports.** You agree to satisfactorily submit or account for all grades, reports, school equipment, or other required items upon request from the District.

7.2   **Special Funding.** If your position is funded by grants, federal funding, or other special funding, you understand that your employment is expressly conditioned on the availability of full funding for the position. If full funding becomes unavailable, your employment is subject to termination or nonrenewal, as applicable.

7.3   **Addenda: This Contract does not include one or more Addenda, as follows:**

(1) Addendum A:  **Certification Addendum**

(2) Addendum B:

### 8. Suspension. In accordance with Texas Education Code chapter 21, the District may suspend you without pay during the term of this Contract for good cause as determined by the Board.

### 9. Termination and Nonrenewal of Contract.

9.1   **Termination of Contract.** This Contract will terminate, in accordance with the procedures at Texas Education Code chapter 21, if the Board determines that any of the following exists: good cause, financial exigency, or a program change. This Contract will also terminate if you provide written notice of resignation before the penalty-free resignation date (see Tex. Educ. Code § 21.210).

9.2  **Nonrenewal.** The District may nonrenew this Contract in accordance with Texas Education Code chapter 21, as applicable, and Board policy.

## 10. General Provisions.

10.1  **Amendment.** This Contract may not be amended unless you and the District agree, in writing, to an amendment.

10.2  **Severability.** If any provision in this Contract is held to be invalid, illegal, or unenforceable, the other provisions of the Contract will remain in full force and effect.

10.3  **Entire Agreement.** This Contract supersedes all existing agreements, verbal and written, between you and the District regarding your employment. This Contract does not constitute a "unified contract" with any supplemental duties agreement between the parties.

10.4  **Applicable Law.** Texas law shall govern construction of this Contract.

**11.  Notice to Employee.** You agree to keep a current address on file with the District's human resources office. Unless Texas Education Code chapter 21 requires a different notice delivery method, you agree that the District may meet any legal obligation it has to give you written notice regarding your employment by hand-delivering the notice to you or by sending the notice by certified mail, regular mail, and/or express delivery service to your address of record.

**12. Expiration of Offer.** This offer of employment contract shall expire unless you sign and return this Contract, without changes, to the Superintendent on or before **3/31/2020.** If you are currently employed under a contract with the District and you fail to sign and return this Contract, without changes, by the return date, your existing contract will expire on its own terms and your employment will end at the conclusion of that contract.

I have read this Contract and agree to abide by its terms and conditions:


_____          _____

(Signature)                                                              (Date)


Liberty-Eylau Independent School District


By: _____
 President, Board of Trustees

---

| Attached Workflow | Contracts | |
| --- | --- | --- |
| Current Status | Approved | |
| Workflow Steps | 1  Signed by Kendrick Smith on 02/26/2020 at 08:38 AM | PRINCIPAL |
| | **Signature:** Kendrick Smith | |

# EXHIBIT B





4 People >

Kristi Brown



Apr 30, 2019, 9:39 PM

Nidia Coleman

AARICA HAS BEEN FUCKING MARIAH SINCE NOVEMBER YALL BETTER WATCH her AROUND YOUR CHILDREN!!!! I am sure she isn't going to stop seeing her because she is sick in the head and need attention from little girls... Got close to me just to get to my daughter!!! Nasty BITCH! She was still texting Mariah up to about 10 minutes ago and I caught them together at aarica's HOUSE about 2 hours ago!!! She said Mariah can make her own decisions she didnt make her talk to her even though she is a 35 year old grown ASS NASTY ASS BITCH!!!oh yeah! This isnt the first underage female she has talked too...Just don't be stupid and let her in yourHB space like I did all she wants is your child I'm sure...She probably talking on the phone with Mariah right now or telling her to come back over!! Hope yall have a good night

Text Message



4 People >

need attention from little girls... Got close to me just to get to my daughter!!! Nasty BITCH! She was still texting Mariah up to about 10 minutes ago and I caught them together at aarica's HOUSE about 2 hours ago!!! She said Mariah can make her own decisions she didnt make her talk to her even though she is a 35 year old grown ASS NASTY ASS BITCH!!!oh yeah! This isnt the first underage female she has talked too...Just don't be stupid and let her in yourHB space like I did all she wants is your child I'm sure...She probably talking on the phone with Mariah right now or telling her to come back over!! Hope yall have a good night ✌🏽



Figured we all close FRIENDS SO EVERYBODY SHOULD KNOW



Oh y'all don't have nothing to say now🤔🤔🤔.... Let's have an OPEN discussion!!! I don't have to work tomorrow



She just texted mariah that I sent this ina group message...told YALL SHE STILL TEXTING HER



Text Message

# EXHIBIT C

# EXHIBIT D

January 8, 2021

I was asked who all knew about the situation. I told her the night I found out I sent a group text message out about what Coach Watson and I had just witnessed. I told her that I told several people about the situation. I told Kristi Brown, Kendrick Smith, Coach Harmon, Coach Franklin, Jodi Pompa, and several other people knew. I told her after I found out I found out several people knew about it before I did.

She asked me what I told Mr. Smith.  I told her that I told him that Watson and I found my daughter at Aarica's house the night before  and that I felt she should be banned from Liberty-Eylau.  The investigator asked me what his response. I told her I honestly don't remember the actual response.

She asked me if I mentioned to him again at any point. I told her we had conversations about it the next school year and he asked me if I wanted to move forward I did tell him that I had a conversation with my mother and that we decided to let it go and move forward with our lives since it was months later because my child had moved away to go to college, and my mother was now battling cancer. We did not want to cause extra stress at this point.

I was asked if I knew if there was a sexually relationship between Mariah and Aarica.  I told the investigator that to this day I have no clue if there was a sexual relationship between her and my daughter.

Nidia Coleman

*Nidia Coleman*

January 8th, 2021

STATE OF TEXAS, COUNTY OF BOWIE
THE FOREGOING INSTRUMENT WAS
ACKNOWLEDGED BEFORE ME BY
NIDIA COLEMAN  THIS 8th DAY OF
JANUARY, 2021.

*Derrick McGary*
NOTARY PUBLIC

MY COMMISSION EXPIRES
MARCH 13, 2021

DERRICK MCGARY
Notary Public, State of Texas
Comm. Expires 03-13-2021
Notary ID 124151979

# EXHIBIT E



**LIBERTY-EYLAU ISD** *Spot the Difference!*

2901 Leopard Drive Texarkana, TX 75501
(903) 832-1535
www.leisd.net

January 5, 2021

***Via Certified Mail***

Kendrick Smith
104 West Starlite Drive
Texarkana, TX.  75501

*Re: Suspension with Pay*

Dear Mr. Smith:

Effective Tuesday, January 5, 2021, you are placed on administrative leave with pay under
provision of Liberty-Eylau ISD Policy DFBA (LEGAL) and (LOCAL).  The District's best interest
will be served by placing you on leave with pay.

This assignment is effective immediately pending the completion of an investigation.  Please be
advised that for the duration of leave you are to refrain from contact with your school, students,
parents of your students, staff, and media until otherwise directed by this office.

You are to report to the Human Resources office, effective immediately, every scheduled work
day in dress code at 8:30 a.m. and 1:30 p.m. to sign in with Brandy Burnett until further notice.
If you need further information or access to the school, please contact me or the Human
Resources office.

Sincerely,

Ronnie Thompson

Ronnie Thompson
Superintendent

cc: Personnel File

# EXHIBIT F

**From:** Paul Stafford paul@staffordfirmpc.com  📎
**Subject:** Re: Smith, Kendrick
**Date:** January 12, 2021 at 6:50 AM
**To:** Rhonda Crass rhonda@leasorcrass.com
**Cc:** Felicia Webb felicia@leasorcrass.com

Noted.

**PAUL K. STAFFORD**
**Attorney & Counselor**
**STAFFORD LAW FIRM, P.C.**
P.O. BOX 710404
Dallas, Texas 75371
**Telephone:**        214.649.3405
**Facsimile:**        214.580.8104
paul@staffordfirmpc.com
www.staffordfirmpc.com

*This message may contain confidential and attorney-client privileged communications.*
*If received in error, please disregard, do not read, reply to me that you have received the communication in error, and delete the message.  Thank you.*

On Jan 12, 2021, at 8:13 AM, Rhonda Crass <rhonda@leasorcrass.com> wrote:

Mr. Smith must be reported to SBEC as required by policy and state law.  What SBEC chooses to do with Mr. Smith's certificate is not up to LEISD.  SBEC (State Board for Educator Certification) has the option to do nothing, place an inscribed reprimand on his certificate and even pull his certification so that he is no longer certified to hold an administrative or teaching position.  They will consider many factors including whether he voluntarily resigned, whether he was cooperative in the investigation and with any SBEC investigation among other factors.

Additionally, I will visit with the District to see if they are interested in asking the paper to issue a retraction.

<image003.jpg>

**RHONDA CRASS**
ATTORNEY

682.422.0009
682.422.0008 FAX
www.leasorcrass.com

LEASOR CRASS, P.C.
302 W. BROAD STREET
MANSFIELD, TEXAS  76063

🌲 Please consider the environment before printing this e-mail.

The information contained in this transmission is privileged and confidential information intended for the use of the individual or entity named above.  If the reader of this message is not the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited.  If you have received this transmission in error, do not read it.  Please immediately reply to the sender that you have received this communication in error and delete it.  Thank you.

**From:** Paul Stafford <paul@staffordfirmpc.com>
**Sent:** Monday, January 11, 2021 11:40 PM
**To:** Rhonda Crass <rhonda@leasorcrass.com>
**Cc:** Felicia Webb <felicia@leasorcrass.com>
**Subject:** Re: Smith, Kendrick

**Subject:** Re: Smith, Kendrick

Rhonda Crass:

Liberty Eylau has rejected Kendrick Smith's request that he be immediately reinstated with full salary.

Without abandoning that request, what is Liberty Eylau's response to Kendrick Smith's request that his educational certificates and record(s) be cleared of any adverse notations or reporting regarding this matter, and request that a statement of retraction be issued by Liberty Eylau ISD to all media outlets utilized to make this incident public?


**PAUL K. STAFFORD**
**STAFFORD LAW FIRM, P.C.**
**P.O. BOX 710404**
**Dallas, Texas 75371**
**Telephone:        214.649.3405**
**Facsimile:        214.580.8104**
**paul@staffordfirmpc.com**
**www.staffordfirmpc.com**

**PROBLEM.** *SOLVERS.*

*This message may contain confidential and attorney-client privileged communications.*
*If received in error, please disregard, do not read, reply to me that you have received the communication in error, and delete the message.  Thank you.*

---

**From:** Paul Stafford <paul@staffordfirmpc.com>
**Date:** Monday, January 11, 2021 at 10:39 PM
**To:** Rhonda Crass <rhonda@leasorcrass.com>
**Cc:** Felicia Webb <felicia@leasorcrass.com>
**Subject:** Re: Smith, Kendrick

I am available via Zoom on Thursday 1/14, after 10a.

**PAUL K. STAFFORD**
**STAFFORD LAW FIRM, P.C.**
**P.O. BOX 710404**
**Dallas, Texas 75371**
**Telephone:        214.649.3405**
**Facsimile:        214.580.8104**
**paul@staffordfirmpc.com**
**www.staffordfirmpc.com**

**PROBLEM.** *SOLVERS.*

*This message may contain confidential and attorney-client privileged*

*~~This message may contain confidential and attorney-client privileged~~*
*communications.*
*If received in error, please disregard, do not read, reply to me that you have*
*received the communication in error, and delete the message.  Thank you.*

**From:** Rhonda Crass <rhonda@leasorcrass.com>
**Date:** Monday, January 11, 2021 at 10:37 PM
**To:** Paul Stafford <paul@staffordfirmpc.com>
**Cc:** Felicia Webb <felicia@leasorcrass.com>
**Subject:** RE: Smith, Kendrick

I'll get those to you. I suggest we all meet on Thursday to try to resolve the matter in
person at LEISD.  I'll keep you posted on suggested times.

<image004.jpg>

**RHONDA CRASS**
ATTORNEY

682.422.0009
682.422.0008 FAX
www.leasorcrass.com

LEASOR CRASS, P.C.
302 W. Broad Street
Mansfield, Texas  76063

Please consider the environment before printing this e-mail.

The information contained in this transmission is privileged and confidential information intended for the use of the
individual or entity named above.  If the reader of this message is not the intended recipient, you are hereby notified that
any dissemination, distribution or copying of this communication is strictly prohibited.  If you have received this
transmission in error, do not read it.  Please immediately reply to the sender that you have received this communication
in error and delete it.  Thank you.

**From:** Paul Stafford <paul@staffordfirmpc.com>
**Sent:** Monday, January 11, 2021 10:36 PM
**To:** Rhonda Crass <rhonda@leasorcrass.com>
**Cc:** Felicia Webb <felicia@leasorcrass.com>
**Subject:** Re: Smith, Kendrick

In the meantime, please forward to me any non-privileged documents relied upon by
Liberty Elyau ISD substantiating the suspension (and potential termination) of Kendrick
Smith.  Thanks, Rhonda.

**PAUL K. STAFFORD**
**STAFFORD LAW FIRM, P.C.**
**P.O. BOX 710404**
**Dallas, Texas 75371**
**Telephone:       214.649.3405**
**Facsimile:       214.580.8104**
paul@staffordfirmpc.com
www.staffordfirmpc.com

**PROBLEM. *SOLVERS.***

*This message may contain confidential and attorney-client privileged*
*~~communications.~~*

*communications.*
*If received in error, please disregard, do not read, reply to me that you have*
*received the communication in error, and delete the message.  Thank you.*

---

**From:** Paul Stafford <paul@staffordfirmpc.com>
**Date:** Monday, January 11, 2021 at 10:29 PM
**To:** Rhonda Crass <rhonda@leasorcrass.com>
**Cc:** Felicia Webb <felicia@leasorcrass.com>
**Subject:** Re: Smith, Kendrick

Rhonda Crass:

You mentioned that earlier today, when you stated you had a 4p deadline regarding the Thursday 1/14 Board meeting.
Are you simply reiterating "Option C" from your 12:11p.m. email of earlier today?
If so, I'll let you know if Kendrick Smith changes his request(s), and let me know if Liberty Elyau changes theirs.


**PAUL K. STAFFORD**
**STAFFORD LAW FIRM, P.C.**
**P.O. BOX 710404**
**Dallas, Texas 75371**
**Telephone:      214.649.3405**
**Facsimile:        214.580.8104**
**paul@staffordfirmpc.com**
**www.staffordfirmpc.com**

**PROBLEM.** *SOLVERS.*

*This message may contain confidential and attorney-client privileged*
*communications.*
*If received in error, please disregard, do not read, reply to me that you have*
*received the communication in error, and delete the message.  Thank you.*

---

**From:** Rhonda Crass <rhonda@leasorcrass.com>
**Date:** Monday, January 11, 2021 at 10:08 PM
**To:** Paul Stafford <paul@staffordfirmpc.com>
**Cc:** Felicia Webb <felicia@leasorcrass.com>
**Subject:** RE: Smith, Kendrick

Mr. Stafford,
At this point, full reinstatement is not an option for Mr. Smith.  Please advise if your client has any other solution to the issue.  I have asked the District to postpone the board meeting on Thursday to the following Monday so that we will have some time to meet and work through the issues.   If an agreement is not reached prior to Monday, we will move forward and post the meeting for proposed termination of Mr. Smith.

**RHONDA CRASS**
ATTORNEY

LEASOR CRASS, P.C.
302 W. Broad Street
Mansfield, Texas  76063

682.422.0009
682.422.0008 FAX
www.leasorcrass.com

🌲 Please consider the environment before printing this e-mail.

The information contained in this transmission is privileged and confidential information intended for the use of the individual or entity named above.  If the reader of this message is not the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited.  If you have received this transmission in error, do not read it.  Please immediately reply to the sender that you have received this communication in error and delete it.  Thank you.

**From:** Paul Stafford <paul@staffordfirmpc.com>
**Sent:** Monday, January 11, 2021 2:18 PM
**To:** Rhonda Crass <rhonda@leasorcrass.com>
**Cc:** Felicia Webb <felicia@leasorcrass.com>
**Subject:** Re: Smith, Kendrick

Rhonda Crass:

I am "Mr. Stafford".
Upon your request during our phone call this morning inquiring as to whether we could 'work something out', I articulated to you that Kendrick Smith is requesting full reinstatement.  From this point forward, email communication is requested.  Thanks.

**PAUL K. STAFFORD**
**STAFFORD LAW FIRM, P.C.**
**P.O. BOX 710404**
**Dallas, Texas 75371**
**Telephone:        214.649.3405**
**Facsimile:        214.580.8104**
paul@staffordfirmpc.com
www.staffordfirmpc.com

**PROBLEM. *SOLVERS.***

***This message may contain confidential and attorney-client privileged communications.***
***If received in error, please disregard, do not read, reply to me that you have received the communication in error, and delete the message.  Thank you.***

**From:** Rhonda Crass <rhonda@leasorcrass.com>
**Date:** Monday, January 11, 2021 at 2:00 PM
**To:** Paul Stafford <paul@staffordfirmpc.com>
**Cc:** Felicia Webb <felicia@leasorcrass.com>
**Subject:** Re: Smith, Kendrick

Mr Stanford,
I have already explained to you that reinstatement to his position as HS principal is not an option at this point in light of his admitting that he failed to follow state law.  He is likely to lose his teaching certificate for his failure to report.  Please call me to discuss after discussing with Mr Smith.

Sent from my iPhone

> On Jan 11, 2021, at 1:04 PM, Paul Stafford <paul@staffordfirmpc.com> wrote:
>
> Rhonda Crass (attorney for Liberty Elyau ISD):
>
> Kendrick Smith rejects the 'offers' in your January 11, 2021 12:11p.m. email below, specifically regarding resignation.
>
> Kendrick Smith requests that he be reinstated with full salary immediately, requests that his educational certificates and record(s) be cleared of any adverse notations or reporting regarding this matter, and requests that a statement of retraction be issued by Liberty Elyau ISD to all media outlets utilized to make this incident public.
>
> **PAUL K. STAFFORD**
> **STAFFORD LAW FIRM, P.C.**
> **P.O. BOX 710404**
> **Dallas, Texas 75371**
> **Telephone:      214.649.3405**
> **Facsimile:      214.580.8104**
> **paul@staffordfirmpc.com**
> **www.staffordfirmpc.com**
>
> **PROBLEM.** *SOLVERS.*
>
> ***This message may contain confidential and attorney-client privileged communications.***
> ***If received in error, please disregard, do not read, reply to me that you have received the communication in error, and delete the message.  Thank you.***
>
> ---
>
> **From:** Paul Stafford <paul@staffordfirmpc.com>
> **Date:** Monday, January 11, 2021 at 12:35 PM
> **To:** Rhonda Crass <rhonda@leasorcrass.com>
> **Subject:** FW: Smith, Kendrick - Letter of Representation
>
> I have forwarded your email below to Kendrick Smith, and will be in touch with you via email.

**PAUL K. STAFFORD**
**STAFFORD LAW FIRM, P.C.**
**P.O. BOX 710404**
**Dallas, Texas 75371**
**Telephone:        214.649.3405**
**Facsimile:        214.580.8104**
paul@staffordfirmpc.com
www.staffordfirmpc.com

**PROBLEM. *SOLVERS.***

*This message may contain confidential and attorney-client privileged communications.*
*If received in error, please disregard, do not read, reply to me that you have received the communication in error, and delete the message.  Thank you.*

---

**From:** Rhonda Crass <rhonda@leasorcrass.com>
**Date:** Monday, January 11, 2021 at 12:11 PM
**To:** Paul Stafford <paul@staffordfirmpc.com>
**Subject:** RE: Smith, Kendrick - Letter of Representation

Here are the facts that are not in dispute and readily admitted by Mr. Smith:

1. On or around early May 2019, Mr. Smith was made aware of a situation regarding a student. Specifically, a parent, also an employee of the District, informed Mr. Smith that her daughter, a 17-year-old student at the time, was in a relationship with an adult woman. That adult woman was being allowed to ride the bus to games and attend athletic events with permission from Aquanetta Watson, a coach for the District. Further, Mr. Smith was informed that Coach Watson was friends with the adult woman perpetrating the relationship.
2. Despite being informed of this incident, Mr. Smith failed to report the matter to Child Protective Services, law enforcement, or central administration for appropriate handling. Mr. Smith also failed to undertake any investigation regarding the report or take any corrective action in an attempt to rectify the situation and protect the student.
3. On January 4, 2021, Mr. Smith admitted in a meeting with District administration and the District's attorney that his failure to adhere to his legal reporting requirement was "poor judgment." He further stated he did not have a reason for not reporting and that he "failed."

Mr. Smith had a clearly defined and legal duty, and cause to believe that a child was being abused and/or neglected. The report from the student's mother to Mr. Smith triggered Mr. Smith's duty to make a report of child abuse and neglect. Moreover, Mr. Smith admitted in a meeting regarding the incident that he exercised poor judgment and "failed" to fulfill his duties.

An additional option that the District may consider is to suspend Mr. Smith without pay.  The District may take steps to suspend Mr. Smith without pay for good cause for a period not to extend beyond the end of the current school year in lieu of discharge or pending discharge. Tex. Educ. Code §21.211(b); Board Policy DFBA (LEGAL).

Regardless of whether Mr. Smith resigns or is proposed for termination, the District must report these violations to SBEC.  Clearly a resignation from Mr. Smith is in his best interest as a proposed termination and likely investigation from SBEC are much more serious than a resignation.  I have spoken with the Superintendent, and he has indicated the following:

1. Mr. Smith will not be allowed to remain in his position as a high school teacher given the gravity of the violation and likelihood that he may lose his certificate.
2. There is no other job or position available at the school at this time. Should a position be created for Mr. Smith that did not require a certificate it would likely be a reduced salary from where his current salary is right now.
3. The Superintendent would accept the resignation of Mr. Smith effective April 1, 2021 which would allow him to remain on administrative leave with pay and have insurance through the end of April.

I am more than happy to discuss other options or entertain any counter offer you might propose.  I will be available by cell phone should you wish to discuss further.


&lt;image001.jpg&gt;

**RHONDA CRASS**
ATTORNEY

682.422.0009
682.422.0008 FAX
www.leasorcrass.com

LEASOR CRASS, P.C.
302 W. BROAD STREET
MANSFIELD, TEXAS  76063

🌲 Please consider the environment before printing this e-mail.

The information contained in this transmission is privileged and confidential information intended for the use of the individual or entity named above.  If the reader of this message is not the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited.  If you have received this transmission in error, do not read it.  Please immediately reply to the sender that you have received this communication in error and delete it.  Thank you.

**From:** Paul Stafford <paul@staffordfirmpc.com>
**Sent:** Monday, January 11, 2021 11:28 AM
**To:** Rhonda Crass <rhonda@leasorcrass.com>
**Subject:** Re: Smith, Kendrick - Letter of Representation

Good speaking with you.  Ok.

**PAUL K. STAFFORD**
**STAFFORD LAW FIRM, P.C.**
**P.O. BOX 710404**

**Dallas, Texas 75371**
**Telephone:      214.649.3405**
**Facsimile:       214.580.8104**
paul@staffordfirmpc.com
www.staffordfirmpc.com

**PROBLEM.** *SOLVERS.*

*This message may contain confidential and attorney-client*
*privileged communications.*
*If received in error, please disregard, do not read, reply to me that*
*you have received the communication in error, and delete the*
*message.  Thank you.*

---

**From:** Rhonda Crass <rhonda@leasorcrass.com>
**Date:** Monday, January 11, 2021 at 11:27 AM
**To:** Paul Stafford <paul@staffordfirmpc.com>
**Subject:** Re: Smith, Kendrick - Letter of Representation

I will have you an offer shortly.

Sent from my iPhone

> On Jan 11, 2021, at 10:51 AM, Paul Stafford
> <paul@staffordfirmpc.com> wrote:
>
> I just called and left a voicemail for you around 10:48a.
>
> **PAUL K. STAFFORD**
> **STAFFORD LAW FIRM, P.C.**
> **P.O. BOX 710404**
> **Dallas, Texas 75371**
> **Telephone:      214.649.3405**
> **Facsimile:       214.580.8104**
> paul@staffordfirmpc.com
> www.staffordfirmpc.com
>
> **PROBLEM.** *SOLVERS.*
>
> *This message may contain confidential and attorney-*
> *client privileged communications.*
> *If received in error, please disregard, do not read, reply*
> *to me that you have received the communication in*
> *error, and delete the message.  Thank you.*
>
> ---
>
> **From:** Rhonda Crass <rhonda@leasorcrass.com>

**From:** Rhonda Crass <rhonda@leasoncrass.com>
**Date:** Monday, January 11, 2021 at 10:50 AM
**To:** Paul Stafford <paul@staffordfirmpc.com>
**Subject:** Re: Smith, Kendrick - Letter of Representation

Please give me a call as soon as possible regarding Mr Smith on my cell at 817-229-6722

Sent from my iPhone

On Jan 11, 2021, at 10:25 AM, Paul Stafford <paul@staffordfirmpc.com> wrote:

TO:      Liberty Eylau ISD Attorney Rhonda Crass (Leason Crass, P.C.)
FROM:  Paul K. Stafford, STAFFORD LAW FIRM, P.C.
RE:       Letter of Representation (Kendrick Smith)
DATE:    January 11, 2021

Please confirm receipt of attached Letter of Representation.

**PAUL K. STAFFORD**
**STAFFORD LAW FIRM, P.C.**
**P.O. BOX 710404**
**Dallas, Texas 75371**
**Telephone:       214.649.3405**
**Facsimile:        214.580.8104**
paul@staffordfirmpc.com
www.staffordfirmpc.com

**PROBLEM.** *SOLVERS.*

*This message may contain confidential and attorney-client privileged communications. If received in error, please disregard, do not read, reply to me that you have received the communication in error, and delete the message.  Thank you.*

**From:** Paul Stafford <paul@staffordfirmpc.com>

**Date:** Saturday, January 9, 2021 at 11:07 AM
**To:** "trevelyan.hodge@leisd.net"
<trevelyan.hodge@leisd.net>
**Subject:** Smith, Kendrick - Letter of
Representation

TO:        Liberty Eylau ISD
        Attn:     Trevelyan Hodge, Board President
FROM:  Paul K. Stafford, STAFFORD LAW FIRM,
P.C.
RE:          Letter of Representation (Kendrick Smith)
DATE:    January 9, 2021

Please confirm receipt of attached Letter of
Representation.


**PAUL K. STAFFORD**
**STAFFORD LAW FIRM, P.C.**
**P.O. BOX 710404**
**Dallas, Texas 75371**
**Telephone:        214.649.3405**
**Facsimile:        214.580.8104**
**paul@staffordfirmpc.com**
**www.staffordfirmpc.com**


**PROBLEM.** *SOLVERS.*


*This message may contain confidential and*
*attorney-client privileged communications.*
*If received in error, please disregard, do not*
*read, reply to me that you have received the*
*communication in error, and delete the*
*message.  Thank you.*


**From:** Paul Stafford <paul@staffordfirmpc.com>
**Date:** Saturday, January 9, 2021 at 10:49 AM
**To:** "ronnie.thompson@leisd.net"
<ronnie.thompson@leisd.net>
**Subject:** Smith, Kendrick - Letter of
Representation

TO:        Liberty Eylau ISD
        Attn:     Ronnie Thompson, Superintendent
FROM:  Paul K. Stafford, STAFFORD LAW FIRM,
P.C.
RE:          Letter of Representation (Kendrick Smith)
DATE:    January 9, 2021

DATE: January 6, 2021

Please confirm receipt of attached Letter of Representation.

**PAUL K. STAFFORD**
**STAFFORD LAW FIRM, P.C.**
**P.O. BOX 710404**
**Dallas, Texas 75371**
**Telephone:      214.649.3405**
**Facsimile:       214.580.8104**
**paul@staffordfirmpc.com**
**www.staffordfirmpc.com**

**PROBLEM. *SOLVERS.***

***This message may contain confidential and attorney-client privileged communications. If received in error, please disregard, do not read, reply to me that you have received the communication in error, and delete the message.  Thank you.***

<Smith, Kendrick - Letter of Representation to Rhonda Crass (011121).pdf>

  

# STAFFORD LAW FIRM, P.C.

### ATTORNEYS AND COUNSELORS

**PAUL K STAFFORD**
EMAIL: paul@staffordfirmpc.com

3142 ROSS, DALLAS, TEXAS 75204
MAILING:  P. O. BOX 710404, DALLAS, TEXAS 75371
PHONE 214.649-3405  FAX 214.580-8104
www.staffordfirmpc.com

AUSTIN
DALLAS
HOUSTON

January 11, 2021

_VIA:_       E-mail (rhonda@leasorcrass.com)

Leasor Crass
Attn:  Rhonda Crass
302 W. Broad Street
Mansfield, Texas 76063

**Re:**     _Follow-up Letter of Representation – Kendrick Smith Termination of Employment_

Dear Liberty Eylau ISD Attorney Rhonda Crass:

Please confirm receipt of this correspondence.

Kendrick Smith received a voicemail from you today (January 11, 2021) at 9:37 a.m.

Enclosed are Letters of Representation emailed on Saturday January 9, 2021 respectively to Liberty Eylau ISD Superintendent Ronnie Thompson and Board President Trevelyan Hodge.

As previously stated in the Letters of Representation to Liberty Eylau ISD, I am Paul K. Stafford of the Stafford Law Firm, P.C., and I represent Kendrick Smith in this employment matter.  Please direct all future communications and correspondence regarding this matter to me, and contact me as needed.

Sincerely,

_/s/ Paul K. Stafford_
Paul K. Stafford
STAFFORD LAW FIRM, P.C.

Enclosures:
January 9, 2021 Letter of Representation to Liberty Erylau ISD Superintendent Ronnie Thompson;
January 9, 2021 Letter of Representation to Liberty Erylau ISD Board President Trevelyan Hodge

# STAFFORD LAW FIRM, P.C.

### ATTORNEYS AND COUNSELORS

**PAUL K STAFFORD**
EMAIL: paul@staffordfirmpc.com

3142 ROSS, DALLAS, TEXAS 75204
MAILING:  P. O. BOX 710404, DALLAS, TEXAS 75371
PHONE 214.649-3405  FAX 214.580-8104
www.staffordfirmpc.com

AUSTIN
DALLAS
HOUSTON

January 9, 2021

*VIA:*        E-mail (*ronnie.thompson@leisd.net*)

Liberty Eylau ISD
Attn:  Ronnie Thompson, Superintendent
2901 Leopard Drive
Texarkana, Texas 75501

**Re:**     *Letter of Representation – Kendrick Smith Termination of Employment*

Dear Liberty Eylau ISD:

Please confirm receipt of this correspondence.

I am Paul K. Stafford of the Stafford Law Firm, P.C., and I represent Kendrick Smith in this employment matter.  Please direct all future communications and correspondence regarding this matter to me.

Sincerely,

*/s/ Paul K. Stafford*
Paul K. Stafford
STAFFORD LAW FIRM, P.C.

# STAFFORD LAW FIRM, P.C.

### ATTORNEYS AND COUNSELORS

PAUL K STAFFORD

EMAIL: paul@staffordfirmpc.com

3142 ROSS, DALLAS, TEXAS 75204
MAILING:  P. O. BOX 710404, DALLAS, TEXAS 75371
PHONE 214.649-3405  FAX 214.580-8104
www.staffordfirmpc.com

AUSTIN
DALLAS
HOUSTON

January 9, 2021

_VIA:_      E-mail (_trevelyan.hodge@leisd.net_)

Liberty Eylau ISD
Attn:  Trevelyan Hodge, Board President
2901 Leopard Drive
Texarkana, Texas 75501

**Re:**    _Letter of Representation – Kendrick Smith Termination of Employment_

Dear Liberty Eylau ISD:

Please confirm receipt of this correspondence.

I am Paul K. Stafford of the Stafford Law Firm, P.C., and I represent Kendrick Smith in this employment matter.  Please direct all future communications and correspondence regarding this matter to me.

Sincerely,

_/s/ Paul K. Stafford_
Paul K. Stafford
STAFFORD LAW FIRM, P.C.

# STAFFORD LAW FIRM, P.C.

### ATTORNEYS AND COUNSELORS

**PAUL K STAFFORD**
EMAIL: paul@staffordfirmpc.com

3142 ROSS, DALLAS, TEXAS 75204
MAILING:  P. O. BOX 710404, DALLAS, TEXAS 75371
PHONE 214.649-3405  FAX 214.580-8104
www.staffordfirmpc.com

AUSTIN
DALLAS
HOUSTON

January 11, 2021

_VIA:_      E-mail (_rhonda@leasorcrass.com_)

Leasor Crass
Attn:  Rhonda Crass
302 W. Broad Street
Mansfield, Texas 76063

**Re:**      *Follow-up Letter of Representation – Kendrick Smith Termination of Employment*

Dear Liberty Eylau ISD Attorney Rhonda Crass:

Please confirm receipt of this correspondence.

Kendrick Smith received a voicemail from you today (January 11, 2021) at 9:37 a.m.

Enclosed are Letters of Representation emailed on Saturday January 9, 2021 respectively to Liberty Eylau ISD Superintendent Ronnie Thompson and Board President Trevelyan Hodge.

As previously stated in the Letters of Representation to Liberty Eylau ISD, I am Paul K. Stafford of the Stafford Law Firm, P.C., and I represent Kendrick Smith in this employment matter.  Please direct all future communications and correspondence regarding this matter to me, and contact me as needed.

Sincerely,

_/s/ Paul K. Stafford_
Paul K. Stafford
STAFFORD LAW FIRM, P.C.

Enclosures:
January 9, 2021 Letter of Representation to Liberty Erylau ISD Superintendent Ronnie Thompson;
January 9, 2021 Letter of Representation to Liberty Erylau ISD Board President Trevelyan Hodge

# STAFFORD LAW FIRM, P.C.

### ATTORNEYS AND COUNSELORS

**PAUL K STAFFORD**
**EMAIL: paul@staffordfirmpc.com**

**3142 ROSS, DALLAS, TEXAS 75204**
**MAILING:  P. O. BOX 710404, DALLAS, TEXAS 75371**
**PHONE 214.649-3405  FAX 214.580-8104**
**www.staffordfirmpc.com**

**AUSTIN**
**DALLAS**
**HOUSTON**

January 9, 2021

<u>*VIA:*</u>      E-mail (<u>*ronnie.thompson@leisd.net*</u>)

Liberty Eylau ISD
Attn:  Ronnie Thompson, Superintendent
2901 Leopard Drive
Texarkana, Texas 75501

**Re:**    *Letter of Representation – Kendrick Smith Termination of Employment*

Dear Liberty Eylau ISD:

Please confirm receipt of this correspondence.

I am Paul K. Stafford of the Stafford Law Firm, P.C., and I represent Kendrick Smith in this employment matter.  Please direct all future communications and correspondence regarding this matter to me.

Sincerely,

*/s/ Paul K. Stafford*
Paul K. Stafford
STAFFORD LAW FIRM, P.C.

# STAFFORD LAW FIRM, P.C.

### ATTORNEYS AND COUNSELORS

| | | |
|---|---|---|
| **PAUL K STAFFORD**<br>**EMAIL:** paul@staffordfirmpc.com | **3142 ROSS, DALLAS, TEXAS 75204**<br>**MAILING:  P. O. BOX 710404, DALLAS, TEXAS 75371**<br>**PHONE 214.649-3405  FAX 214.580-8104**<br>**www.staffordfirmpc.com** | **AUSTIN**<br>**DALLAS**<br>**HOUSTON** |

January 9, 2021

*VIA:*      E-mail (*trevelyan.hodge@leisd.net*)

Liberty Eylau ISD
Attn:  Trevelyan Hodge, Board President
2901 Leopard Drive
Texarkana, Texas 75501

**Re:**    *Letter of Representation – Kendrick Smith Termination of Employment*

Dear Liberty Eylau ISD:

Please confirm receipt of this correspondence.

I am Paul K. Stafford of the Stafford Law Firm, P.C., and I represent Kendrick Smith in this employment matter.  Please direct all future communications and correspondence regarding this matter to me.

Sincerely,

*/s/ Paul K. Stafford*
Paul K. Stafford
STAFFORD LAW FIRM, P.C.

# EXHIBIT G

(fully incorporated by reference herein)

# EXHIBIT H

---------- Forwarded message ---------
From: **Kendrick Smith** <kendrick.smith@leisd.net>
Date: Mon, Mar 29, 2021 at 4:03 PM
Subject: Re: Visit this afternoon
To: Ronnie Thompson <ronnie.thompson@leisd.net>


Mr. Thompson,

Could you please provide clarity on the nature of the meeting?


On Mon, Mar 29, 2021 at 3:30 PM Ronnie Thompson <ronnie.thompson@leisd.net> wrote:
> The board has asked me to reach out to meet with you. Myself and Dr. Brown will be in the meeting. If you do not
> feel comfortable meeting that's fine.


> On Mon, Mar 29, 2021 at 2:19 PM Kendrick Smith <kendrick.smith@leisd.net> wrote:
>> Mr. Thompson,

>> There is a pending level III Grievance and all parties are represented by counsel. Can you please tell me what the
>> meeting is about and who will be present?

>> On Mon, Mar 29, 2021 at 1:09 PM Ronnie Thompson <ronnie.thompson@leisd.net> wrote:
>>> Mr. Smith,

>>> I would like to visit with you for a few minutes this afternoon around 1:45pm in my office. If that time will not
>>> work we can make later....just let me know.

>>> Thank You


>>> --
>>> Ronnie Thompson
>>> Superintendent  LEISD



CERTIFIED
**Educator**

Google for Education

--
Kendrick Smith
High School principal
903-832-1530 Ext 2297



--
Ronnie Thompson
Superintendent  LEISD



--
Kendrick Smith
High School principal
903-832-1530 Ext 2297



--
Kendrick Smith
High School principal
903-832-1530 Ext 2297



# EXHIBIT I

**Subject:** Meeting with the superintendent

**Date:** Tuesday, April 6, 2021 at 11:26:37 AM Central Daylight Time

**From:** Kendrick Smith

**To:** Paul Stafford

Mr. Thompson stopped by today and said the board wanted him to reach out to see if we could address my salary for next year.

Sent from my iPhone

**Subject:** Visit from Ronnie Thompson
**Date:**   Monday, April 19, 2021 at 9:35:14 AM Central Daylight Time
**From:**   Kendrick Smith
**To:**     Paul Stafford

Just had another visit from the superintendent. He asked if I had thought about a salary for next year. I asked him if he was going to reach out to you. He aid he was not and the board wanted us he and I to come up with a solution to keep them out of it.

Sent from my iPhone

# EXHIBIT J

Case 5:22-cv-00137-RWS   Document 1-1   Filed 10/27/22   Page 40 of 187 PageID #: 87



# Liberty-Eylau Independent School District

2901 Leopard Dr. Texarkana, TX 75501
(903) 832-1535
www.leisd.net

**IT STARTS HERE**

January 19, 2021

Mr. Kendrick Smith
104 West Starlite Drive
Texarkana, TX. 75501

Re: Notice of Reassignment

Dear Mr. Smith,

Effective tomorrow, Wednesday, January 20, 2021, you are hereby directed to return to work from administrative leave with pay and are reassigned to the position of Transportation Coordinator. Your direct supervisor will be Jeff Wright, Assistant Superintendent. Your office will be located at C.K. Bender. Your hours of service will be 6:00 a.m. until 4:30 p.m. daily and as needed when other issues arise. Mrs. Burnett will furnish you a job description later today which will outline your duties in your new position. Dr. Levingston will set up a time where you may clean out the office of the high school principal and move your personal items to the new office.

For the remainder of the 20-21 school year, your salary will remain the same as it currently is at this time. Beginning July 1, 2021 and for the remainder of the 21-22 school year under the second year of your two year term administrator contract, your salary will be annualized at $62,700. After the expiration of your current contract, you will receive a non-chapter 21 annual contract for the position. As an employee of LEISD, you are directed to follow all state and federal laws as well as board policy.

If you have any questions or need additional information, please contact Dr. Ceretha Levingston, Deputy Superintendent.

Sincerely,

Ronnie Thompson
Superintendent

I have received a copy of this letter on January 19, 2021.

Kendrick Smith

# EXHIBIT K

# Liberty-Eylau Independent School District

2901 Leopard Dr. Texarkana, TX 75501
(903) 832-1535
www.leisd.net

**IT STARTS HER**

Specific Directives

Employee:  Kendrick Smith

Direct Supervisor:  Jeff Wright

Date Provided:  January 19, 2021

Directives:

1.  You are directed not to be present at any time on the high school campus or in attendance at a Liberty Eylau High School function. Communication with high school personnel shall be made through your direct supervisor.

2.  You shall obtain a current CDL by June 30, 2021 in order to substitute as a driver when necessary.

3.  You are directed to meet with personnel responsible for the duties of scheduling regular route drivers, extracurricular travel, and staff travel 72 hours prior to the Monday of the preceding week to submit a written plan for upcoming week's transportation until duties are fully transferred.

4.  You are directed to meet with the assistant superintendent at least 72 hours in advance to ensure all transportation is arranged for each out of town event.

5.  You are directed to provide a weekly log to your direct supervisor at least 72 hours prior to each travel group as to the transportation provided, accommodations and meals.  If overnight accommodations are required, you are directed to prepare a log of attendees and chaperones for each trip to your direct supervisor at least 72 hours prior to departure.

6.  You are directed to meet with individuals who have been approved for travel at least 72 hours prior to the beginning of vehicle use to relay the rules and requirements for vehicle use as well as provide a report following the transportation trip within 48 hours of completion of the trip.

I have received a copy of these directives.

_____                          _____

Kendrick Smith                                                      Date



**LEISD Job Description**

**Transportation Coordinator**
Rev. 2021
Liberty-Eylau ISD

| | |
|---|---|
| **Job Title:** Transportation Coordinator | **Wage/Hour Status:** Non-Exempt |
| **Reports to:** Assistant Superintendent Operations | **Pay Grade: Admin/Prof 2** |
| **Dept./School:** Administration | **Date Revised: 2021** |

**Primary Purpose:**

**Qualifications:**

**Special Knowledge/Skills:**
Ability to direct and manage operations of a large fleet of vehicles
Knowledge of energy management and vehicle repair and maintenance
Ability to manage budget and personnel
Ability to coordinate district function
Ability to implement policy and procedures
Ability to interpret data
Strong organizational, communication, and interpersonal skills
Possess CDL

**Experience:**
Three years supervisory experience, preferably in school district operations

**Major Responsibilities and Duties:**

**Transportation**

1. Evaluate bus routes and schedules and recommend changes as needed to the Bowie County Transportation Department (BCTD).  Work in conjunction with BCTD to develop plans to meet future needs.

2. Coordinate transportation for extracurricular activities, summer school, tutorials and staff travel.

3. Respond to emergency calls as needed.  Operate buses and deliver buses to drivers when breakdowns occur.

4. Notify bus drivers, schools, and the public of any changes in bus routes and schedules.



© 2004 Texas Association of School Boards, Inc. All rights reserved.
Modified by LEISD 2021



**LEISD Job Description**

**Transportation Coordinator**
Rev. 2021
Liberty-Eylau ISD

5.  Supervise bus drivers and assigned routes; secure substitute drivers as needed.

6.  Prepare, process, and maintain all documents required to verify safety certification and alcohol and drug testing of extracurricular bus drivers.

7.  Assist campus administrators and bus drivers in gathering information related to student behavior and conduct.

8.  Enforce safety standards that conform to state, federal, and insurance regulations and develop a program of preventive safety.

9.  Compile and maintain all physical and computerized reports, records, and other documents required in the area of transportation, including bus driver files.

10. Comply with applicable personnel policies.

11. In conjunction with campuses, implement the district's student discipline policies and communicate to students expected behavior on buses.

12. Assist campus administrators and bus drivers in gathering information related to student behavior and conduct.

13. In conjunction with campuses, enforce discipline and suspension of riding privileges for any students who violate rules and regulations.

14. Prepare data necessary to process transportation payroll.

15. Approve and forward invoices for transportation to business office.

16. Process vehicle maintenance requests through BCTD.

17. Assist BCTD with bus assignments and securing substitutes as needed.

18. Assist BCTD with the recruitment, training, supervision and evaluation of all transportation personnel and make sound recommendations about placement, assignment, retention, discipline, and dismissal.

19. Help with gathering information in investigations of school bus accidents and student safety violations.

20. Ensure that transportation equipment is in excellent operating condition.



© 2004 Texas Association of School Boards, Inc. All rights reserved.
Modified by LEISD 2021



**LEISD Job Description**

**Transportation Coordinator**
Rev. 2021
Liberty-Eylau ISD

## Other

21. Maintain good rapport with parents and community.

22. Maintain confidentiality.

23. Perform other duties as assigned

**Working Conditions:**

**Mental Demands/Physical Demands/Environmental Factors:**
Frequent prolonged and irregular hours. Prolonged use of computers. Maintain emotional control under stress.

The foregoing statements describe the general purpose and responsibilities assigned to this job and are not an exhaustive list of all responsibilities and duties that may be assigned or skills that may be required.

Employee's Signature

Date



© 2004 Texas Association of School Boards, Inc. All rights reserved.
Modified by LEISD 2021

# EXHIBIT L

**Subject:** FW: Smith, Kendrick - Notice of Reassignment (January 19, 2021)

**Date:** Monday, January 25, 2021 at 2:43:41 PM Central Standard Time

**From:** Paul K. Stafford

**To:** Felicia Webb, Rhonda Crass

**Attachments:** DK(LOCAL).pdf, image001.jpg

Received.  Thanks.

**PAUL K. STAFFORD**
**STAFFORD LAW FIRM, P.C.**
**P.O. BOX 710404**
**Dallas, Texas 75371**
**Telephone:        214.649.3405**
**Facsimile:        214.580.8104**
paul@staffordfirmpc.com
www.staffordfirmpc.com

**PROBLEM. *SOLVERS.***

*This message may contain confidential and attorney-client privileged communications.*
*If received in error, please disregard, do not read, reply to me that you have received the*
*communication in error, and delete the message.  Thank you.*

---

**From:** Felicia Webb <felicia@leasorcrass.com>
**Date:** Monday, January 25, 2021 at 1:26 PM
**To:** Paul Stafford <paul@staffordfirmpc.com>
**Cc:** Rhonda Crass <rhonda@leasorcrass.com>
**Subject:** RE: Smith, Kendrick - Notice of Reassignment (January 19, 2021)

Mr. Stafford,

See my responses below in red.

Sincerely,

**FELICIA WEBB**
ATTORNEY



682.422.0009
682.422.0008 FAX
www.leasorcrass.com

LEASOR CRASS, P.C.
302 W. BROAD STREET
MANSFIELD, TEXAS  76063

🌲 Please consider the environment before printing this e-mail.
The information contained in this transmission is privileged and confidential information intended for the use of the individual or entity
named above.  If the reader of this message is not the intended recipient, you are hereby notified that any dissemination, distribution or
copying of this communication is strictly prohibited.  If you have received this transmission in error, do not read it.  Please immediately
reply to the sender that you have received this communication in error and delete it.  Thank you.

---

**From:** Paul Stafford <paul@staffordfirmpc.com>

**Sent:** Tuesday, January 19, 2021 10:06 AM
**To:** Rhonda Crass <rhonda@leasorcrass.com>
**Cc:** Felicia Webb <felicia@leasorcrass.com>
**Subject:** Re: Smith, Kendrick - Notice of Reassignment (January 19, 2021)

Rhonda Crass:

See attached "Notice of Reassignment" hand-delivered to Kendrick Smith around 8:40 a.m. morning (January 19, 2021) by Superintendent Ronnie Thompson, with receipt subsequently acknowledged by Kendrick Smith's signature.

In January 11-12, in response to Kendrick Smith's request that his educational certificates and record(s) be cleared of any adverse notations or reporting regarding this matter, you stated that "Mr. Smith must be reported to SBEC as required by policy and state law."
Notwithstanding Kendrick Smith's request and legal position on the matter, and without waiver, has that reporting to SBEC occurred, and if not, when will the reporting to SBEC occur?  Lawful reporting to SBEC will occur promptly upon completion of the District's investigation. As of today, Mr. Smith has not been reported yet.  Kendrick Smith is requesting to be notified in writing to his attorney if and when such reporting to SBEC occurs.  By law, the District must notify Mr. Smith that he is being reported to SBEC. As his attorney, the District can/will send you a copy.

I did not hear back from you on your visit with the District to see if they are interested in asking the paper to issue a retraction.  Please advise. The District did not ask the paper to print or publish anything. As a result, asking for a retraction will likely be to no avail. Rhonda or I can speak with our client and ask if they would be amenable. However, assuming the District agrees, doing so may only serve to bring more notoriety to the matter.

Also, as requested January 11th, please forward to me any non-privileged documents relied upon by Liberty Eylau ISD substantiating the suspension (and potential termination) of Kendrick Smith.  All such documentation relied upon by the District is subject to attorney/client privilege. The District has not, does not, and will not waive their privilege. In addition, please forward to me any non-privileged documents relied upon by Liberty Eylau ISD in 'reassigning' Kendrick Smith as indicated in the January 19, 2021 Notice of Reassignment.  Thanks.  See my response above regarding attorney/client privileged documentation. Notwithstanding the forgoing, attached is Board Policy DK(LOCAL) providing that all personnel are subject to reassignment when the Superintendent determines such reassignment is in the best interests of the District.


**PAUL K. STAFFORD**
**STAFFORD LAW FIRM, P.C.**
**P.O. BOX 710404**
**Dallas, Texas 75371**
**Telephone:        214.649.3405**
**Facsimile:         214.580.8104**
paul@staffordfirmpc.com
www.staffordfirmpc.com


**PROBLEM. *SOLVERS.***

*This message may contain confidential and attorney-client privileged communications.*
*If received in error, please disregard, do not read, reply to me that you have received the*

*communication in error, and delete the message.  Thank you.*

**From:** Paul Stafford <paul@staffordfirmpc.com>
**Date:** Tuesday, January 12, 2021 at 8:50 AM
**To:** Rhonda Crass <rhonda@leasorcrass.com>
**Cc:** Felicia Webb <felicia@leasorcrass.com>
**Subject:** Re: Smith, Kendrick

Noted.

**PAUL K. STAFFORD**
**Attorney & Counselor**
**STAFFORD LAW FIRM, P.C.**
**P.O. BOX 710404**
**Dallas, Texas 75371**
**Telephone:      214.649.3405**
**Facsimile:      214.580.8104**
paul@staffordfirmpc.com
www.staffordfirmpc.com

*This message may contain confidential and attorney-client privileged communications.*
*If received in error, please disregard, do not read, reply to me that you have received the communication in error, and delete the message.  Thank you.*

On Jan 12, 2021, at 8:13 AM, Rhonda Crass <rhonda@leasorcrass.com> wrote:

Mr. Smith must be reported to SBEC as required by policy and state law.  What SBEC chooses to do with Mr. Smith's certificate is not up to LEISD.  SBEC (State Board for Educator Certification) has the option to do nothing, place an inscribed reprimand on his certificate and even pull his certification so that he is no longer certified to hold an administrative or teaching position.  They will consider many factors including whether he voluntarily resigned, whether he was cooperative in the investigation and with any SBEC investigation among other factors.

Additionally, I will visit with the District to see if they are interested in asking the paper to issue a retraction.



**RHONDA CRASS**
ATTORNEY

682.422.0009
682.422.0008 FAX
www.leasorcrass.com

<image003.jpg>

LEASOR CRASS, P.C.
302 W. BROAD STREET
MANSFIELD, TEXAS  76063

🌲 Please consider the environment before printing this e-mail.

The information contained in this transmission is privileged and confidential information intended for the use of the individual or entity named above.  If the reader of this message is not the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited.  If you have received this transmission in error, do not read it.  Please immediately reply to the sender that you have received this communication in error and delete it.  Thank you.

**From:** Paul Stafford <paul@staffordfirmpc.com>

**Sent:** Monday, January 11, 2021 11:40 PM
**To:** Rhonda Crass <rhonda@leasorcrass.com>
**Cc:** Felicia Webb <felicia@leasorcrass.com>
**Subject:** Re: Smith, Kendrick

Rhonda Crass:

Liberty Eylau has rejected Kendrick Smith's request that he be immediately reinstated with full salary.

Without abandoning that request, what is Liberty Eylau's response to Kendrick Smith's request that his educational certificates and record(s) be cleared of any adverse notations or reporting regarding this matter, and request that a statement of retraction be issued by Liberty Eylau ISD to all media outlets utilized to make this incident public?


**PAUL K. STAFFORD**
**STAFFORD LAW FIRM, P.C.**
**P.O. BOX 710404**
**Dallas, Texas 75371**
**Telephone:      214.649.3405**
**Facsimile:       214.580.8104**
**paul@staffordfirmpc.com**
**www.staffordfirmpc.com**


**PROBLEM. *SOLVERS.***


***This message may contain confidential and attorney-client privileged communications.***
***If received in error, please disregard, do not read, reply to me that you have received the***
***communication in error, and delete the message.  Thank you.***

---

**From:** Paul Stafford <paul@staffordfirmpc.com>
**Date:** Monday, January 11, 2021 at 10:39 PM
**To:** Rhonda Crass <rhonda@leasorcrass.com>
**Cc:** Felicia Webb <felicia@leasorcrass.com>
**Subject:** Re: Smith, Kendrick

I am available via Zoom on Thursday 1/14, after 10a.

**PAUL K. STAFFORD**
**STAFFORD LAW FIRM, P.C.**
**P.O. BOX 710404**
**Dallas, Texas 75371**
**Telephone:      214.649.3405**
**Facsimile:       214.580.8104**
**paul@staffordfirmpc.com**
**www.staffordfirmpc.com**


**PROBLEM. *SOLVERS.***

*This message may contain confidential and attorney-client privileged communications. If received in error, please disregard, do not read, reply to me that you have received the communication in error, and delete the message.  Thank you.*

---

**From:** Rhonda Crass <rhonda@leasorcrass.com>
**Date:** Monday, January 11, 2021 at 10:37 PM
**To:** Paul Stafford <paul@staffordfirmpc.com>
**Cc:** Felicia Webb <felicia@leasorcrass.com>
**Subject:** RE: Smith, Kendrick

I'll get those to you. I suggest we all meet on Thursday to try to resolve the matter in person at LEISD.  I'll keep you posted on suggested times.

**RHONDA CRASS**
ATTORNEY

682.422.0009
682.422.0008 FAX
www.leasorcrass.com

<image004.jpg>

LEASOR CRASS, P.C.
302 W. BROAD STREET
MANSFIELD, TEXAS  76063

Please consider the environment before printing this e-mail.

The information contained in this transmission is privileged and confidential information intended for the use of the individual or entity named above.  If the reader of this message is not the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited.  If you have received this transmission in error, do not read it.  Please immediately reply to the sender that you have received this communication in error and delete it.  Thank you.

---

**From:** Paul Stafford <paul@staffordfirmpc.com>
**Sent:** Monday, January 11, 2021 10:36 PM
**To:** Rhonda Crass <rhonda@leasorcrass.com>
**Cc:** Felicia Webb <felicia@leasorcrass.com>
**Subject:** Re: Smith, Kendrick

In the meantime, please forward to me any non-privileged documents relied upon by Liberty Elyau ISD substantiating the suspension (and potential termination) of Kendrick Smith.  Thanks, Rhonda.

**PAUL K. STAFFORD**
**STAFFORD LAW FIRM, P.C.**
**P.O. BOX 710404**
**Dallas, Texas 75371**
**Telephone:      214.649.3405**
**Facsimile:      214.580.8104**
paul@staffordfirmpc.com
www.staffordfirmpc.com

**PROBLEM.** *SOLVERS.*

*This message may contain confidential and attorney-client privileged communications. If received in error, please disregard, do not read, reply to me that you have received the*

*communication in error, and delete the message.  Thank you.*

---

**From:** Paul Stafford <paul@staffordfirmpc.com>
**Date:** Monday, January 11, 2021 at 10:29 PM
**To:** Rhonda Crass <rhonda@leasorcrass.com>
**Cc:** Felicia Webb <felicia@leasorcrass.com>
**Subject:** Re: Smith, Kendrick

Rhonda Crass:

You mentioned that earlier today, when you stated you had a 4p deadline regarding the
Thursday 1/14 Board meeting.
Are you simply reiterating "Option C" from your 12:11p.m. email of earlier today?
If so, I'll let you know if Kendrick Smith changes his request(s), and let me know if Liberty Elyau
changes theirs.


**PAUL K. STAFFORD**
**STAFFORD LAW FIRM, P.C.**
**P.O. BOX 710404**
**Dallas, Texas 75371**
**Telephone:      214.649.3405**
**Facsimile:       214.580.8104**
**paul@staffordfirmpc.com**
**www.staffordfirmpc.com**


**PROBLEM.** *SOLVERS.*


*This message may contain confidential and attorney-client privileged communications.*
*If received in error, please disregard, do not read, reply to me that you have received the*
*communication in error, and delete the message.  Thank you.*

---

**From:** Rhonda Crass <rhonda@leasorcrass.com>
**Date:** Monday, January 11, 2021 at 10:08 PM
**To:** Paul Stafford <paul@staffordfirmpc.com>
**Cc:** Felicia Webb <felicia@leasorcrass.com>
**Subject:** RE: Smith, Kendrick

Mr. Stafford,
At this point, full reinstatement is not an option for Mr. Smith.  Please advise if your client has
any other solution to the issue.  I have asked the District to postpone the board meeting on
Thursday to the following Monday so that we will have some time to meet and work through
the issues.   If an agreement is not reached prior to Monday, we will move forward and post the
meeting for proposed termination of Mr. Smith.

**RHONDA CRASS**
ATTORNEY

LEASOR CRASS, P.C.
302 W. BROAD STREET
MANSFIELD, TEXAS  76063

682.422.0009
682.422.0008 FAX
www.leasorcrass.com

🌲 Please consider the environment before printing this e-mail.

The information contained in this transmission is privileged and confidential information intended for the use of the individual or entity named above.  If the reader of this message is not the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited.  If you have received this transmission in error, do not read it.  Please immediately reply to the sender that you have received this communication in error and delete it.  Thank you.

---

**From:** Paul Stafford <paul@staffordfirmpc.com>
**Sent:** Monday, January 11, 2021 2:18 PM
**To:** Rhonda Crass <rhonda@leasorcrass.com>
**Cc:** Felicia Webb <felicia@leasorcrass.com>
**Subject:** Re: Smith, Kendrick

Rhonda Crass:

I am "Mr. Stafford".
Upon your request during our phone call this morning inquiring as to whether we could 'work something out', I articulated to you that Kendrick Smith is requesting full reinstatement.  From this point forward, email communication is requested.  Thanks.

**PAUL K. STAFFORD**
**STAFFORD LAW FIRM, P.C.**
**P.O. BOX 710404**
**Dallas, Texas 75371**
**Telephone:      214.649.3405**
**Facsimile:       214.580.8104**
paul@staffordfirmpc.com
www.staffordfirmpc.com

**PROBLEM.** *SOLVERS.*

*This message may contain confidential and attorney-client privileged communications. If received in error, please disregard, do not read, reply to me that you have received the communication in error, and delete the message.  Thank you.*

---

**From:** Rhonda Crass <rhonda@leasorcrass.com>
**Date:** Monday, January 11, 2021 at 2:00 PM
**To:** Paul Stafford <paul@staffordfirmpc.com>
**Cc:** Felicia Webb <felicia@leasorcrass.com>
**Subject:** Re: Smith, Kendrick

Mr Stanford,
I have already explained to you that reinstatement to his position as HS principal is not an option at this point in light of his admitting that he failed to follow state law.  He is likely to lose his teaching certificate for his failure to report.  Please call me to discuss after discussing with Mr

Smith.

Sent from my iPhone

On Jan 11, 2021, at 1:04 PM, Paul Stafford <paul@staffordfirmpc.com> wrote:

Rhonda Crass (attorney for Liberty Elyau ISD):

Kendrick Smith rejects the 'offers' in your January 11, 2021 12:11p.m. email below, specifically regarding resignation.

Kendrick Smith requests that he be reinstated with full salary immediately, requests that his educational certificates and record(s) be cleared of any adverse notations or reporting regarding this matter, and requests that a statement of retraction be issued by Liberty Elyau ISD to all media outlets utilized to make this incident public.

**PAUL K. STAFFORD**
**STAFFORD LAW FIRM, P.C.**
**P.O. BOX 710404**
**Dallas, Texas 75371**
**Telephone:      214.649.3405**
**Facsimile:      214.580.8104**
paul@staffordfirmpc.com
www.staffordfirmpc.com

**PROBLEM. _SOLVERS._**

**_This message may contain confidential and attorney-client privileged communications._**
**_If received in error, please disregard, do not read, reply to me that you have received the communication in error, and delete the message.  Thank you._**

---

**From:** Paul Stafford <paul@staffordfirmpc.com>
**Date:** Monday, January 11, 2021 at 12:35 PM
**To:** Rhonda Crass <rhonda@leasorcrass.com>
**Subject:** FW: Smith, Kendrick - Letter of Representation

I have forwarded your email below to Kendrick Smith, and will be in touch with you via email.

**PAUL K. STAFFORD**
**STAFFORD LAW FIRM, P.C.**
**P.O. BOX 710404**
**Dallas, Texas 75371**
**Telephone:      214.649.3405**
**Facsimile:      214.580.8104**
paul@staffordfirmpc.com

www.staffordfirmpc.com

**PROBLEM.** *SOLVERS.*

*This message may contain confidential and attorney-client privileged communications.*
*If received in error, please disregard, do not read, reply to me that you have received the communication in error, and delete the message.  Thank you.*

---

**From:** Rhonda Crass <rhonda@leasorcrass.com>
**Date:** Monday, January 11, 2021 at 12:11 PM
**To:** Paul Stafford <paul@staffordfirmpc.com>
**Subject:** RE: Smith, Kendrick - Letter of Representation

Here are the facts that are not in dispute and readily admitted by Mr. Smith:

1. On or around early May 2019, Mr. Smith was made aware of a situation regarding a student. Specifically, a parent, also an employee of the District, informed Mr. Smith that her daughter, a 17-year-old student at the time, was in a relationship with an adult woman. That adult woman was being allowed to ride the bus to games and attend athletic events with permission from Aquanetta Watson, a coach for the District. Further, Mr. Smith was informed that Coach Watson was friends with the adult woman perpetrating the relationship.
2. Despite being informed of this incident, Mr. Smith failed to report the matter to Child Protective Services, law enforcement, or central administration for appropriate handling. Mr. Smith also failed to undertake any investigation regarding the report or take any corrective action in an attempt to rectify the situation and protect the student.
3. On January 4, 2021, Mr. Smith admitted in a meeting with District administration and the District's attorney that his failure to adhere to his legal reporting requirement was "poor judgment." He further stated he did not have a reason for not reporting and that he "failed."

Mr. Smith had a clearly defined and legal duty, and cause to believe that a child was being abused and/or neglected. The report from the student's mother to Mr. Smith triggered Mr. Smith's duty to make a report of child abuse and neglect. Moreover, Mr. Smith admitted in a meeting regarding the incident that he exercised poor judgment and "failed" to fulfill his duties.  An additional option that the District may consider is to suspend Mr. Smith without pay.  The District may take steps to suspend Mr. Smith without pay for good cause for a period not to extend beyond the end of the current school year in lieu of discharge or pending discharge. Tex. Educ. Code §21.211(b); Board Policy DFBA (LEGAL).

Regardless of whether Mr. Smith resigns or is proposed for termination, the District must report these violations to SBEC.  Clearly a resignation from Mr. Smith is in his best interest as a proposed termination and likely investigation from SBEC are much more serious than a resignation.  I have spoken with the Superintendent, and he has indicated the following:

A. Mr. Smith will not be allowed to remain in his position as a high school teacher given the gravity of the violation and likelihood that he may lose his certificate.
B. There is no other job or position available at the school at this time.  Should a position be created for Mr. Smith that did not require a certificate it would likely be a reduced salary from where his current salary is right now.
C. The Superintendent would accept the resignation of Mr. Smith effective April 1, 2021 which would allow him to remain on administrative leave with pay and have insurance through the end of April.

I am more than happy to discuss other options or entertain any counter offer you might propose.  I will be available by cell phone should you wish to discuss further.

**RHONDA CRASS**
ATTORNEY

682.422.0009
682.422.0008 FAX
www.leasorcrass.com

<image001.jpg>

LEASOR CRASS, P.C.
302 W. BROAD STREET
MANSFIELD, TEXAS  76063

Please consider the environment before printing this e-mail.
The information contained in this transmission is privileged and confidential information intended for the use of the individual or entity named above.  If the reader of this message is not the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited.  If you have received this transmission in error, do not read it.  Please immediately reply to the sender that you have received this communication in error and delete it.  Thank you.

**From:** Paul Stafford <paul@staffordfirmpc.com>
**Sent:** Monday, January 11, 2021 11:28 AM
**To:** Rhonda Crass <rhonda@leasorcrass.com>
**Subject:** Re: Smith, Kendrick - Letter of Representation

Good speaking with you.  Ok.

**PAUL K. STAFFORD**
**STAFFORD LAW FIRM, P.C.**
**P.O. BOX 710404**
**Dallas, Texas 75371**
**Telephone:       214.649.3405**
**Facsimile:       214.580.8104**
paul@staffordfirmpc.com
www.staffordfirmpc.com

**PROBLEM. *SOLVERS.***

*This message may contain confidential and attorney-client privileged communications.*
*If received in error, please disregard, do not read, reply to me that you have received the communication in error, and delete the message.  Thank you.*

**From:** Rhonda Crass <rhonda@leasorcrass.com>
**Date:** Monday, January 11, 2021 at 11:27 AM
**To:** Paul Stafford <paul@staffordfirmpc.com>
**Subject:** Re: Smith, Kendrick - Letter of Representation

I will have you an offer shortly.

Sent from my iPhone

> On Jan 11, 2021, at 10:51 AM, Paul Stafford
> <paul@staffordfirmpc.com> wrote:
>
> I just called and left a voicemail for you around 10:48a.
>
> **PAUL K. STAFFORD**
> **STAFFORD LAW FIRM, P.C.**
> **P.O. BOX 710404**
> **Dallas, Texas 75371**
> **Telephone:        214.649.3405**
> **Facsimile:        214.580.8104**
> paul@staffordfirmpc.com
> www.staffordfirmpc.com
>
> **PROBLEM. *SOLVERS.***
>
> ***This message may contain confidential and attorney-client***
> ***privileged communications.***
> ***If received in error, please disregard, do not read, reply to me***
> ***that you have received the communication in error, and delete***
> ***the message.  Thank you.***
>
> ---
>
> **From:** Rhonda Crass <rhonda@leasorcrass.com>
> **Date:** Monday, January 11, 2021 at 10:50 AM
> **To:** Paul Stafford <paul@staffordfirmpc.com>
> **Subject:** Re: Smith, Kendrick - Letter of Representation
>
> Please give me a call as soon as possible regarding Mr Smith on my
> cell at 817-229-6722
>
> Sent from my iPhone
>
>
>
>
> On Jan 11, 2021, at 10:25 AM, Paul Stafford

Page 11 of 13

<paul@staffordfirmpc.com> wrote:

TO:      Liberty Eylau ISD Attorney Rhonda Crass (Leason Crass, P.C.)
FROM:  Paul K. Stafford, STAFFORD LAW FIRM, P.C.
RE:       Letter of Representation (Kendrick Smith)
DATE:   January 11, 2021

Please confirm receipt of attached Letter of Representation.


**PAUL K. STAFFORD**
**STAFFORD LAW FIRM, P.C.**
**P.O. BOX 710404**
**Dallas, Texas 75371**
**Telephone:       214.649.3405**
**Facsimile:        214.580.8104**
**paul@staffordfirmpc.com**
**www.staffordfirmpc.com**


**PROBLEM.** *SOLVERS.*

*This message may contain confidential and attorney-client privileged communications. If received in error, please disregard, do not read, reply to me that you have received the communication in error, and delete the message. Thank you.*

---

**From:** Paul Stafford <paul@staffordfirmpc.com>
**Date:** Saturday, January 9, 2021 at 11:07 AM
**To:** "trevelyan.hodge@leisd.net" <trevelyan.hodge@leisd.net>
**Subject:** Smith, Kendrick - Letter of Representation

 TO:       Liberty Eylau ISD
          Attn:    Trevelyan Hodge, Board President
FROM:  Paul K. Stafford, STAFFORD LAW FIRM, P.C.
RE:        Letter of Representation (Kendrick Smith)
DATE:   January 9, 2021

Please confirm receipt of attached Letter of Representation.


**PAUL K. STAFFORD**
**STAFFORD LAW FIRM, P.C.**
**P.O. BOX 710404**

Dallas, Texas 75371
Telephone:      214.649.3405
Facsimile:      214.580.8104
paul@staffordfirmpc.com
www.staffordfirmpc.com

PROBLEM. *SOLVERS.*

*This message may contain confidential and*
*attorney-client privileged communications.*
*If received in error, please disregard, do not read,*
*reply to me that you have received the*
*communication in error, and delete the message.*
*Thank you.*

**From:** Paul Stafford <paul@staffordfirmpc.com>
**Date:** Saturday, January 9, 2021 at 10:49 AM
**To:** "ronnie.thompson@leisd.net"
<ronnie.thompson@leisd.net>
**Subject:** Smith, Kendrick - Letter of Representation

TO:       Liberty Eylau ISD
           Attn:    Ronnie Thompson, Superintendent
FROM:  Paul K. Stafford, STAFFORD LAW FIRM, P.C.
RE:        Letter of Representation (Kendrick Smith)
DATE:   January 9, 2021

Please confirm receipt of attached Letter of
Representation.

**PAUL K. STAFFORD**
**STAFFORD LAW FIRM, P.C.**
**P.O. BOX 710404**
**Dallas, Texas 75371**
**Telephone:      214.649.3405**
**Facsimile:      214.580.8104**
paul@staffordfirmpc.com
www.staffordfirmpc.com

PROBLEM. *SOLVERS.*

*This message may contain confidential and*
*attorney-client privileged communications.*
*If received in error, please disregard, do not read,*
*reply to me that you have received the*
*communication in error, and delete the message.*
*Thank you.*

<Smith, Kendrick - Letter of Representation to Rhonda
Crass (011121).pdf>

# EXHIBIT M

**EMPLOYEE COMPLAINT FORM—LEVEL I**

Any employee filing a complaint must fill out this form completely and submit it to his or her principal or immediate supervisor. All complaints will be processed in accordance with DGBA (LEGAL) and (LOCAL) or any exceptions outlined therein.

**Name** _Kendrick Smith_

**Position** _Principal / Transportation_ **Department/campus** _High School_

Please state the date of the event or series of events causing the complaint:

_January 4, 2021 I was asked to resign._
_January 19, 2021 I was reassigned._

Please state your complaint, including the individual harm alleged:

_I was reassigned from the 'Certified administrator' position of Principal to the 'non-Certified administrator' position of Transportation Coordinator.'_

Please state specific facts of which you are aware to support your complaint (list in detail using another sheet of paper if necessary):

_Per my 2020-2022 Contract, I am to be employed as a Certified administrator'. In accordance with my Contract, any reassignment should have been to a Certified position, and my salary should have remained unchanged throughout the Contract period ending June 30, 2022._

Please state the remedy you seek for this complaint:

_My salary to remain the same throughout my Contract period ending June 30, 2022._
_Accordingly, I am requesting a hearing with the school board on these matters, as well as others matters pertaining to this reassignment as soon as practicable._

_Kendrick Smith_                                      _2-1-2021_

Employee signature                                    Date submitted

# EXHIBIT N

# Liberty-Eylau Independent School District

2901 Leopard Dr. Texarkana, TX 75501
(903) 832-1535
www.leisd.net

**IT STARTS HERE**

February 2, 2021

Kendrick Smith                                                    *VIA FIRST CLASS MAIL*
104 West Starlite Drive
Texarkana, TX. 75501

Re:    Report to the State Board for Educator Certification

Dear Mr. Smith,

Please accept this letter as notification that I will be filing a report to the State Board for Educator Certification (SBEC), and sanctions against your certification may result as a consequence.  A copy of the report is enclosed. Texas Education Code Section 21.006(b)(2)(E) and 19 Texas Administrative Code Section 249.14(d)(2)(E) require a superintendent to submit a report to SBEC upon learning that a certified educator committed a criminal offense or any part of a criminal offense on school property. On January 4, 2021, I received a report that you admittedly failed to report child abuse and neglect as required under Texas Family Code Chapter 261. I am required by law to report to SBEC this type of misconduct.

If you have any questions, please contact SBEC.

Sincerely,

Ronnie Thompson, Superintendent

cc:    Personnel File

Campus Principal

Board of Trustees

# Liberty-Eylau Independent School District

2901 Leopard Dr. Texarkana, TX 75501
(903) 832-1535
www.leisd.net

**IT STARTS HERE**

February 2, 2021

Director of Investigations                                    <u>Via fax to 512-936-8404</u>
Texas Education Agency
1701 N. Congress, 5th Floor
Austin, Texas 78701

        Re:   Superintendent's Report regarding Kendrick Smith
            TEA ID: <u>1087788</u>

Dear Sir or Madam:

Please accept this letter as my report under the disciplinary proceedings for educators, set forth in Texas Education Code § 21.006 and 19 Texas Administrative Code § 249.14. On or about January 4, 2021, I discovered that Kendrick Smith admittedly failed to make a report of child abuse and neglect as required under Texas Family Code Chapter 261. It is my understanding that this may be a crime under Tex. Family Code § 261.109 and that such occurred on school property. Acting in my official capacity as Superintendent, I believe that in good faith this constitutes a required report under Texas Education Code § 21.006(b)(2)(E).

As of the date of this report, Mr. Smith has not been terminated and has not resigned from his position at Liberty-Eylau ISD. I have notified the Liberty-Eylau ISD Board of Trustees and Mr. Smith that I will be filing this report pursuant to Texas Education Code § 21.006(b).

Pursuant to 19 Texas Administrative Code § 249.14, I am including the following information regarding Kendrick Smith:

        Name and any aliases:  Kendrick Smith
        TEA ID: 1087788
        Social Security Number:  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
        Last known mailing address:  104 West Starlite Dr., Texarkana, TX. 75501
        Home and daytime phone numbers:  903-278-1136

If you should have any questions, please feel free to contact me.

Sincerely,

*Ronnie Thompson*

Ronnie Thompson, Superintendent

cc:     Personnel File
bc:     Board of Trustees

# EXHIBIT O

§ 21.006. Requirement To Report Misconduct.

**Texas Statutes**

**Education Code**

**Title 2. Public Education**

**Subtitle D. Educators And School District Employees And Volunteers**

**Chapter 21. Educators**

**Subchapter A. General Provisions**

*Current with legislation passed in the 2019 Regular Session*

**§ 21.006. Requirement To Report Misconduct**

(a)     In this section, "abuse" has the meaning assigned by Section 261.001, Family Code, and includes any sexual conduct involving an educator and a student or minor.

(b)     In addition to the reporting requirement under Section 261.101, Family Code, and except as provided by Subsection (c-2), the superintendent or director of a school district, district of innovation, open-enrollment charter school, regional education service center, or shared services arrangement shall notify the State Board for Educator Certification if:

  (1)     an educator employed by or seeking employment by the school district, district of innovation, charter school, service center, or shared services arrangement has a criminal record and the school district, district of innovation, charter school, service center, or shared services arrangement obtained information about the educator's criminal record by a means other than the criminal history clearinghouse established under Section 411.0845, Government Code;

  (2)     an educator's employment at the school district, district of innovation, charter school, service center, or shared services arrangement was terminated and there is evidence that the educator:

    (A)     abused or otherwise committed an unlawful act with a student or minor;

    (A-1)     was involved in a romantic relationship with or solicited or engaged in sexual contact with a student or minor;

    (B)     possessed, transferred, sold, or distributed a controlled substance, as defined by Chapter 481, Health and Safety Code, or by 21 U.S.C. Section 801 et seq.;

   (C) illegally transferred, appropriated, or expended funds or other property of the school district, district of innovation, charter school, service center, or shared services arrangement;

   (D) attempted by fraudulent or unauthorized means to obtain or alter a professional certificate or license for the purpose of promotion or additional compensation; or

   (E) committed a criminal offense or any part of a criminal offense on school property or at a school-sponsored event;

  (3) the educator resigned and there is evidence that the educator engaged in misconduct described by Subdivision (2); or

  (4) the educator engaged in conduct that violated the assessment instrument security procedures established under Section 39.0301.

(b-1) A superintendent or director of a school district, district of innovation, open-enrollment charter school, regional education service center, or shared services arrangement shall complete an investigation of an educator that involves evidence that the educator may have engaged in misconduct described by Subsection (b)(2)(A) or (A-1), despite the educator's resignation from employment before completion of the investigation.

(b-2) The principal of a school district, district of innovation, or open-enrollment charter school campus must notify the superintendent or director of the school district, district of innovation, or charter school not later than the seventh business day after the date:

  (1) of an educator's termination of employment or resignation following an alleged incident of misconduct described by Subsection (b); or

  (2) the principal knew about an educator's criminal record under Subsection (b)(1).

(c) Except as provided by Subsection (c-2), the superintendent or director must notify the State Board for Educator Certification by filing a report with the board not later than the seventh business day after the date the superintendent or director receives a report from a principal under Subsection (b-2) or knew about an educator's termination of employment or resignation following an alleged incident of misconduct described by Subsection (b) or an employee's criminal record under Subsection (b)(1).

(c-1) The report under Subsection (c) must be:

  (1) in writing; and

  (2) in a form prescribed by the board.

(c-2) A superintendent or director of a school district, district of innovation, open-enrollment

charter school, regional education service center, or shared services arrangement is not required to notify the State Board for Educator Certification or file a report with the board under Subsection (b) or (c) if the superintendent or director:

   (1)   completes an investigation into an educator's alleged incident of misconduct described by Subsection (b)(2)(A) or (A-1) before the educator's termination of employment or resignation; and

   (2)   determines the educator did not engage in the alleged incident of misconduct described by Subsection (b)(2)(A) or (A-1).

(d)   The superintendent or director shall notify the board of trustees or governing body of the school district, open-enrollment charter school, regional education service center, or shared services arrangement and the educator of the filing of the report required by Subsection (c).

(e)   A superintendent, director, or principal of a school district, district of innovation, open-enrollment charter school, regional education service center, or shared services arrangement who in good faith and while acting in an official capacity files a report with the State Board for Educator Certification under this section or communicates with another superintendent, director, or principal concerning an educator's criminal record or alleged incident of misconduct is immune from civil or criminal liability that might otherwise be incurred or imposed.

(f)   The State Board for Educator Certification shall determine whether to impose sanctions, including an administrative penalty under Subsection (i), against a principal who fails to provide notification to a superintendent or director in violation of Subsection (b-2) or against a superintendent or director who fails to file a report in violation of Subsection (c).

(g)   The State Board for Educator Certification shall propose rules as necessary to implement this section.

(h)   The name of a student or minor who is the victim of abuse or unlawful conduct by an educator must be included in a report filed under this section, but the name of the student or minor is not public information under Chapter 552, Government Code.

(i)   If an educator serving as a superintendent or director is required to file a report under Subsection (c) and fails to file the report by the date required by that subsection, or if an educator serving as a principal is required to notify a superintendent or director about an educator's criminal record or alleged incident of misconduct under Subsection (b-2) and fails to provide the notice by the date required by that subsection, the State Board for Educator Certification may impose on the educator an administrative penalty of not less than $500 and not more than $10,000. The State Board for Educator Certification may not renew the certification of an educator against whom an administrative penalty is imposed under this subsection until the penalty is paid.

(j)    A superintendent or director required to file a report under Subsection (c) commits an offense if the superintendent or director fails to file the report by the date required by that subsection with intent to conceal an educator's criminal record or alleged incident of misconduct. A principal required to notify a superintendent or director about an educator's criminal record or alleged incident of misconduct under Subsection (b-2) commits an offense if the principal fails to provide the notice by the date required by that subsection with intent to conceal an educator's criminal record or alleged incident of misconduct. An offense under this subsection is a state jail felony.

**Cite as (Casemaker) Tex. Educ. Code § 21.006**

**History.** Amended by Acts 2019, Texas Acts of the 86th Leg.- Regular Session, ch. 1244, Sec. 1, eff. 6/14/2019, op. beginning with the 2019-2020 school year.

Amended by Acts 2017, Texas Acts of the 85th Leg. - Regular Session, ch. 178, Sec. 5, eff. 9/1/2017.

Amended by Acts 2015, Texas Acts of the 84th Leg. - Regular Session, ch. 1043, Sec. 2, eff. 9/1/2015.

Amended by Acts 2011, 82nd Leg., R.S., Ch. 761, Sec. 1, eff. September 1, 2011.

Amended by Acts 2007, 80th Leg., R.S., Ch. 1312, Sec. 2, eff. September 1, 2007.

Amended by Acts 2007, 80th Leg., R.S., Ch. 511, Sec. 1, eff. June 16, 2007.

Added by Acts 2003, 78th Leg., ch. 374, Sec. 2, eff. June 18, 2003.

# EXHIBIT P

§ 249.14. Complaint, Required Reporting, and Investigation; Investigative Notice; Filing of Petition.

**Texas Administrative Code**

**Title 19. EDUCATION**

**Part 7. STATE BOARD FOR EDUCATOR CERTIFICATION**

**Chapter 249. DISCIPLINARY PROCEEDINGS, SANCTIONS, AND CONTESTED CASES**

**Subchapter B. ENFORCEMENT ACTIONS AND GUIDELINES**

*Current through Reg. 46, No. 18; April 30, 2021*

**§ 249.14. Complaint, Required Reporting, and Investigation; Investigative Notice; Filing of Petition**

(a)     The Texas Education Agency (TEA) staff may obtain and investigate information concerning alleged improper conduct by an educator, applicant, examinee, or other person subject to this chapter that would warrant the State Board for Educator Certification (SBEC) denying relief to or taking disciplinary action against the person or certificate.

(b)     Complaints against an educator, applicant, or examinee must be filed in writing.

(c)     The TEA staff may also obtain and act on other information providing grounds for investigation and possible action under this chapter.

(d)     A person who serves as the superintendent of a school district or district of innovation, the director of a charter school, regional education service center, or shared services arrangement, or the chief administrative officer of a private school may notify the SBEC of any educator misconduct that the person believes in good faith may be subject to sanctions under this chapter and/or Chapter 247 of this title (relating to Educators' Code of Ethics). However, under any of the following circumstances, a person who serves in such a position shall promptly notify the SBEC in writing by filing a report with the TEA staff within seven business days of the date the person either receives a report from a principal under subsection (e) of this section or knew of any of the following circumstances, except if the person is a superintendent or director of a public school and has completed an investigation in accordance with Texas Education Code (TEC), § 21.006(c-2), resulting in a determination that the educator did not engage in misconduct:

(1)     that an applicant for or a holder of a certificate has a reported criminal history, which the superintendent or director obtained information by a means other than the criminal history clearinghouse established under Texas Government Code, § 411.0845;

    (2)    that a certificate holder was terminated from employment and there is evidence that he or she committed any of the following acts:

        (A)    sexually or physically abused a student or minor or engaged in any other illegal conduct with a student or minor;

        (B)    possessed, transferred, sold, or distributed a controlled substance;

        (C)    illegally transferred, appropriated, or expended school property or funds;

        (D)    attempted by fraudulent or unauthorized means to obtain or to alter any certificate or permit that would entitle the individual to be employed in a position requiring such certificate or permit or to receive additional compensation associated with a position;

        (E)    committed a crime, any part of such crime having occurred on school property or at a school-sponsored event; or

        (F)    solicited or engaged in sexual conduct or a romantic relationship with a student or minor;

    (3)    that a certificate holder has submitted a notice of resignation and that there exists evidence that he or she committed one of the acts specified in paragraph (2) of this subsection.

        (A)    Before accepting an employee's resignation that, under this paragraph, requires a person to notify the SBEC by filing a report with the TEA staff, the person shall inform the certificate holder in writing that such a report will be filed and that sanctions against his or her certificate may result as a consequence.

        (B)    A person required to comply with this paragraph shall notify the governing body of the employing school district before filing the report with the TEA staff.

        (C)    A superintendent or director of a school district shall complete an investigation of an educator if there is reasonable cause to believe the educator may have engaged in misconduct described in paragraph (2)(A) of this subsection despite the educator's resignation from district employment before completion of the investigation; or

    (4)    any other circumstances requiring a report under the TEC, § 21.006.

(e)    A person who serves as a principal in a school district, a district of innovation, or a charter school must notify the superintendent or director of the school district, district of innovation, or charter school and may be subject to sanctions for failure to do so no later

than seven business days after:

  (1)  an educator's termination or resignation following an alleged incident of misconduct involving one of the acts described in subsection (d)(2) of this section; or

  (2)  the principal knew about an educator's reported criminal history.

(f)  Pursuant to the TEC, § 21.006(b-2), (c), (h), and (i), a report filed under subsections (d) and (e) of this section must include:

  (1)  the name or names of any student or minor who is the victim of abuse or unlawful conduct by an educator; and

  (2)  the factual circumstances requiring the report and the subject of the report by providing the following available information:

    (A)  name and any aliases; certificate number, if any, or social security number;

    (B)  last known mailing address and home and daytime phone numbers;

    (C)  all available contact information for any alleged victim or victims;

    (D)  name or names and any available contact information of any relevant witnesses to the circumstances requiring the report;

    (E)  current employment status of the subject, including any information about proposed termination, notice of resignation, or pending employment actions; and

    (F)  involvement by a law enforcement or other agency, including the name of the agency.

(g)  Pursuant to the Family Educational Rights and Privacy Act (FERPA), 20 United States Code, § 1232g(a)(4), and the federal regulations interpreting it at 34 Code of Federal Regulations, §99.3, education records that are protected by FERPA must be records that are directly related to a student, and the term "education records" does not include records that relate to a school employee in his or her capacity as a school employee.

(h)  A person who is required to file a report under subsections (d) and (e) of this section but fails to do so timely is subject to sanctions under this chapter.

(i)  If a school district board of trustees learns of a failure by the superintendent of the district or a district principal to provide a notice required under the Texas Code of Criminal Procedure (TCCP), §15.27(a), (a-1), or (b), the board of trustees shall report the failure to the SBEC. If the governing body of a private primary or secondary school learns of a failure by the principal of the school to provide a notice required under the TCCP, §15.27(e), and the principal holds a certificate issued under the TEC, Chapter 21, Subchapter B, the governing body shall report the failure to the SBEC.

(j)    The TEA staff shall not pursue sanctions against an educator who is alleged to have abandoned his or her TEC, Chapter 21, contract in violation of the TEC, §§ 21.105(c), 21.160(c), or 21.210(c), subject to the limitations imposed by the TEC, § 21.4021(g), unless the board of trustees of the employing school district:

    (1)    submits a written complaint to the TEA staff within 30 calendar days after the effective date of the educator's separation from employment from the school district. For purposes of this section, unless the school district and the educator have a written agreement to the contrary, the effective date of separation from employment is the first day that, without district permission, the educator fails to appear for work under the contract;

    (2)    renders a finding that good cause did not exist under the TEC, §§ 21.105(c)(2), 21.160(c)(2), or 21.210(c)(2). This finding constitutes prima facie evidence of the educator's lack of good cause, but is not a conclusive determination; and

    (3)    submits the following required attachments to the written complaint:

        (A)    the educator's resignation letter, if any;

        (B)    the agreement with the educator regarding the effective date of separation from employment, if any;

        (C)    the educator's contract; and

        (D)    school board meeting minutes indicating a finding of "no good cause" (if the board does not meet within 30 calendar days of the educator's separation from employment, the minutes may be submitted within 10 calendar days after the next board meeting).

(k)    To efficiently administer and implement the SBEC's purpose under this chapter and the TEC, the TEA staff may set priorities for the investigation of complaints based on the severity and immediacy of the allegations and the likelihood of harm posed by the subject of the investigation. All cases accepted for investigation shall be assigned one of the following priorities.

    (1)    Priority 1: conduct that may result in the placement of an investigative notice pursuant to the TEC, § 21.007, and subsection (l) of this section because it presents a risk to the health, safety, or welfare of a student or minor, parent of a student, fellow employee, or professional colleague, including, but not limited to, the following:

        (A)    any conduct constituting a felony criminal offense;

        (B)    indecent exposure;

        (C)    public lewdness;

(D)   child abuse and/or neglect;

(E)   possession of a weapon on school property;

(F)   drug offenses occurring on school property;

(G)   sale to or making alcohol or other drugs available to a student or minor;

(H)   sale, distribution, or display of harmful material to a student or minor;

(I)   certificate fraud;

(J)   state assessment testing violations;

(K)   deadly conduct; and

(L)   conduct that involves inappropriate communication with a student as described in § 247.2(3)(I) of this title (relating to Code of Ethics and Standard Practices for Texas Educators), inappropriate professional educator-student relationships and boundaries, or otherwise soliciting or engaging in sexual conduct or a romantic relationship with a student or minor.

(2)   Priority 2: any sanctionable conduct that is not Priority 1 conduct under paragraph (1) of this subsection. An investigative notice will not be placed on an educator's certification records on the basis of an allegation of Priority 2 conduct. The TEA staff may change a case's priority at any time based on information received. Priority 2 conduct includes, but is not limited to, the following:

(A)   any conduct constituting a misdemeanor criminal offense or testing violation that is not Priority 1 conduct;

(B)   contract abandonment; and

(C)   code of ethics violations that do not constitute Priority 1 conduct.

(l)   After accepting a case for investigation, if the alleged conduct indicates a risk to the health, safety, or welfare of a student or minor, as described in subsection (k)(1) of this section, the TEA staff shall immediately place an investigative notice on the certificate holder's certification records stating that the certificate holder is currently under investigation. The placement of such an investigative notice must follow the procedures set forth in subsection (m)(1) of this section. After accepting a case for investigation, if the alleged conduct indicates a risk to the health, safety, or welfare of a parent of a student, fellow employee, or professional colleague, as described in subsection (k)(1) of this section, the TEA staff may place an investigative notice on the certificate holder's certification records stating that the certificate holder is currently under investigation. The

placement of an investigative notice must follow the procedures set forth in subsection (m)(2) of this section.

(m)    The following procedures must be followed for placing an investigative notice on the educator's certification records.

    (1)    At the time of placing an investigative notice on an educator's certification records for alleged conduct that indicates a risk to the health, safety, or welfare of a student or minor, the TEA staff shall serve the certificate holder with a letter informing the educator of the investigation and the basis of the complaint.

        (A)    Within ten calendar days of placing an investigative notice on the educator's certification records, the letter notifying the certificate holder of the investigation shall be mailed to the address provided to the TEA staff pursuant to the requirements set forth in § 230.91 of this title (relating to Procedures in General).

        (B)    The letter notifying the certificate holder of the investigation shall include a statement of the alleged conduct, which forms the basis for the investigative notice, and shall provide the certificate holder the opportunity to show cause within ten calendar days why the notice should be removed from the educator's certification records.

    (2)    Prior to placing an investigative notice on an educator's certification records for alleged conduct that indicates a risk to the health, safety, or welfare of a parent of a student, fellow employee, or professional colleague, as described in subsection (k)(1) of this section, the TEA staff shall serve the certificate holder with a letter informing the educator of the investigation and the basis of the complaint.

        (A)    At least ten calendar days before placing an investigative notice on the educator's certification records, the letter notifying the certificate holder of the investigation shall be mailed to the address provided to the TEA staff pursuant to the requirements set forth in § 230.91 of this title.

        (B)    The letter notifying the certificate holder of the investigation shall include a statement of the alleged conduct, which forms the basis for the investigative notice, and shall provide the certificate holder the opportunity to show cause within ten calendar days why the notice should not be placed on the educator's certification records.

    (3)    The TEA staff shall determine whether or not to remove or place an investigative notice on the educator's certification records, taking into account the educator's response, if any, to the letter notifying the certificate holder of the investigation.

(n)    An investigative notice is subject to the following time limits.

(1)   An investigative notice may remain on the certification records of a certificate holder for a period not to exceed 240 calendar days.

(2)   The TEA staff may toll this time limit if information is received indicating that there is a pending criminal or administrative matter related to the alleged act of misconduct that gives rise to the investigative notice. For purposes of this subsection, a criminal or administrative matter includes an audit by a state or federal agency, an arrest, an investigation, related litigation or other enforcement action brought by a state or federal administrative agency, or a prosecution by a criminal law enforcement agency. Upon receiving notice that the criminal or administrative matter has been resolved the tolling period shall end. As part of its procedure, the TEA staff will attempt to make bimonthly (once every two months) contact with the agency where a related matter is pending to determine whether the related matter has been closed or otherwise resolved.

(3)   The TEA staff may toll this time limit if the matter is referred for a contested case hearing, upon agreement of the parties, or while the matter is pending action by the SBEC on a proposed agreed order.

(o)   The TEA staff shall remove an investigative notice from an educator's certification records:

(1)   when a case's final disposition occurs within the time limits established in subsection (n) of this section; or

(2)   when the time limits for an investigative notice have been exceeded, if:

(A)   the certificate holder has made a written demand to the TEA staff that the investigative notice be removed because the time limits have been exceeded; and

(B)   the TEA staff has failed to refer the matter to the State Office of Administrative Hearings for a contested case hearing within 30 calendar days from the date of receipt of the written demand to remove the investigative notice.

(p)   Only the TEA staff may file a petition seeking sanctions under § 249.15 of this title. Prior to filing a petition, the TEA staff shall mail to the certificate holder affected by written notice of the facts or conduct alleged to warrant the intended action and shall provide the certificate holder an opportunity to show compliance with all requirements of law.

Cite as (Casemaker) 19 Tex. Admin. Code § 249.14

History. The provisions of this §249.14 adopted to be effective March 31, 1999, 24 TexReg 2304; amended to be

effective August 9, 2007, 32 TexReg 4756; amended to be effective December 16, 2007, 32 TexReg 9112; amended to be effective October 25, 2009, 34 TexReg 7203; amended to be effective December 19, 2011, 36 TexReg 8533; amended to be effective October 17, 2013, 38 TexReg 7113; Amended by Texas Register, Volume 40, Number 40, October 2, 2015, TexReg 6894, eff. October 8, 2015; Amended by Texas Register, Volume 41, Number 52, December 23, 2016, TexReg 10330, eff. December 27, 2016; Amended by Texas Register, Volume 43, Number 09, March 2, 2018, TexReg 1275, eff. March 8, 2018; Amended by Texas Register, Volume 45, Number 09, February 28, 2020, TexReg 1413, eff. March 5, 2020

# EXHIBIT Q

§ 261.101. Persons Required To Report; Time To Report.

**Texas Statutes**

**Family Code**

**Title 5. The Parent-Child Relationship And The Suit Affecting The Parent-Child Relationship**

**Subtitle E. Protection Of The Child**

**Chapter 261. Investigation Of Report Of Child Abuse Or Neglect**

**Subchapter B. Report Of Abuse Or Neglect; Immunities**

*Current with legislation passed in the 2019 Regular Session*

**§ 261.101. Persons Required To Report; Time To Report**

(a)    A person having cause to believe that a child's physical or mental health or welfare has been adversely affected by abuse or neglect by any person shall immediately make a report as provided by this subchapter.

(b)    If a professional has cause to believe that a child has been abused or neglected or may be abused or neglected, or that a child is a victim of an offense under Section 21.11, Penal Code, and the professional has cause to believe that the child has been abused as defined by Section 261.001 , the professional shall make a report not later than the 48th hour after the hour the professional first suspects that the child has been or may be abused or neglected or is a victim of an offense under Section 21.11, Penal Code. A professional may not delegate to or rely on another person to make the report. In this subsection, "professional" means an individual who is licensed or certified by the state or who is an employee of a facility licensed, certified, or operated by the state and who, in the normal course of official duties or duties for which a license or certification is required, has direct contact with children. The term includes teachers, nurses, doctors, day-care employees, employees of a clinic or health care facility that provides reproductive services, juvenile probation officers, and juvenile detention or correctional officers.

(b-1)    In addition to the duty to make a report under Subsection (a) or (b), a person or professional shall make a report in the manner required by Subsection (a) or (b), as applicable, if the person or professional has cause to believe that an adult was a victim of abuse or neglect as a child and the person or professional determines in good faith that disclosure of the information is necessary to protect the health and safety of:

    (1)    another child; or

    (2)    an elderly person or person with a disability as defined by Section 48.002, Human

Resources Code.

(c)   The requirement to report under this section applies without exception to an individual whose personal communications may otherwise be privileged, including an attorney, a member of the clergy, a medical practitioner, a social worker, a mental health professional, an employee or member of a board that licenses or certifies a professional, and an employee of a clinic or health care facility that provides reproductive services.

(d)   Unless waived in writing by the person making the report, the identity of an individual making a report under this chapter is confidential and may be disclosed only:

(1)   as provided by Section 261.201; or

(2)   to a law enforcement officer for the purposes of conducting a criminal investigation of the report.

**Cite as (Casemaker) Tex. Fam. Code § 261.101**

**History.** Amended by Acts 2017, Texas Acts of the 85th Leg. - Regular Session, ch. 1136, Sec. 3, eff. 9/1/2017.

Amended by Acts 2015, Texas Acts of the 84th Leg. - Regular Session, ch. 1, Sec. 1.122, eff. 4/2/2015.

Amended by Acts 2013, 83rd Leg. - Regular Session, ch. 395, Sec. 4, eff. 6/14/2013.

Amended By Acts 2005, 79th Leg., Ch. 949, Sec. 27, eff. September 1, 2005.

Amended By Acts 2001, 77th Leg., ch. 1420, Sec. 5.003, eff. Sept. 1, 2001.

Amended By Acts 1999, 76th Leg., ch. 62, Sec. 6.29, eff. Sept. 1, 1999

Amended By Acts 1999, 76th Leg., ch. 1150, Sec. 2, eff. Sept. 1, 1999

Amended By Acts 1999, 76th Leg., ch. 1390, Sec. 21, eff. Sept. 1, 1999

Amended By Acts 1997, 75th Leg., ch. 162, Sec. 1, eff. Sept. 1, 1997

Amended By Acts 1997, 75th Leg., ch. 575, Sec. 11, eff. Sept. 1, 1997

Amended By Acts 1997, 75th Leg., ch. 1022, Sec. 65, eff. Sept. 1, 1997

Amended by Acts 1995, 74th Leg., ch. 751, Sec. 87, eff. Sept. 1, 1995

Added by Acts 1995, 74th Leg., ch. 20, Sec. 1, eff. April 20, 1995.

**Related Legislative Provision:** *See Acts 2013, 83rd Leg. - Regular Session, ch. 395, Sec. 11.*

§ 261.109. Failure To Report; Penalty.

**Texas Statutes**

**Family Code**

**Title 5. The Parent-Child Relationship And The Suit Affecting The Parent-Child Relationship**

**Subtitle E. Protection Of The Child**

**Chapter 261. Investigation Of Report Of Child Abuse Or Neglect**

**Subchapter B. Report Of Abuse Or Neglect; Immunities**

*Current with legislation passed in the 2019 Regular Session*

**§ 261.109. Failure To Report; Penalty**

(a)     A person commits an offense if the person is required to make a report under Section 261.101(a) and knowingly fails to make a report as provided in this chapter.

(a-1)   A person who is a professional as defined by Section 261.101(b) commits an offense if the person is required to make a report under Section 261.101(b) and knowingly fails to make a report as provided in this chapter.

(b)     An offense under Subsection (a) is a Class A misdemeanor, except that the offense is a state jail felony if it is shown on the trial of the offense that the child was a person with an intellectual disability who resided in a state supported living center, the ICF-IID component of the Rio Grande State Center, or a facility licensed under Chapter 252, Health and Safety Code, and the actor knew that the child had suffered serious bodily injury as a result of the abuse or neglect.

(c)     An offense under Subsection (a-1) is a Class A misdemeanor, except that the offense is a state jail felony if it is shown on the trial of the offense that the actor intended to conceal the abuse or neglect.

Cite as (Casemaker) Tex. Fam. Code § 261.109

**History.** Amended by Acts 2015, Texas Acts of the 84th Leg. - Regular Session, ch. 1, Sec. 1.126, eff. 4/2/2015.

Amended by Acts 2013, 83rd Leg. - Regular Session, ch. 290, Sec. 1, eff. 9/1/2013.

Amended By Acts 2009, 81st Leg., R.S., Ch. 284, Sec. 5, eff. June 11, 2009.

Added by Acts 1995, 74th Leg., ch. 20, Sec. 1, eff. April 20, 1995.

# EXHIBIT R

**From:** Paul K. Stafford paul@staffordfirmpc.com
**Subject:** FW: K.S. Notification and SBEC Report - Kendrick Smith
**Date:** February 9, 2021 at 8:30 AM
**To:** Felicia Webb felicia@leasorcrass.com,  Rhonda Crass rhonda@leasorcrass.com
**Bcc:** Kendrick Smith kasmith1906@gmail.com

Felicia Webb, and specifically Rhonda Crass:

See email below from 2/2/21, to which no response was received.
The Level  2 Grievance Hearing was conducted today (February 9, 2021) between 8:07a
– 8:16a.
Ronnie Thompson (Superintendent), Rhonda Crass (attorney), Ceretha Livingston
(Deputy Superintendent) were present at the hearing.
During the hearing, Rhonda Crass admitted that there had been no reply to the 2/2/21
email below; accordingly, the email is being resent.
Please advise.

**PAUL K. STAFFORD**
**STAFFORD LAW FIRM, P.C.**
**P.O. BOX 710404**
**Dallas, Texas 75371**
**Telephone:      214.649.3405**
**Facsimile:       214.580.8104**
**paul@staffordfirmpc.com**
**www.staffordfirmpc.com**

**PROBLEM.** *SOLVERS.*

*This message may contain confidential and attorney-client privileged*
*communications.*
*If received in error, please disregard, do not read, reply to me that you have*
*received the communication in error, and delete the message.  Thank you.*

**From:** Paul Stafford <paul@staffordfirmpc.com>
**Date:** Tuesday, February 2, 2021 at 1:34 PM
**To:** Felicia Webb <felicia@leasorcrass.com>, Rhonda Crass
<rhonda@leasorcrass.com>
**Subject:** FW: K.S. Notification and SBEC Report - Kendrick Smith

Received, Felicia Webb.  Thanks for forwarding.

In the attached correspondence re SBEC from, Superintendent Ronnie Thompson states
in his letter to Kendrick Smith that "Texas Education Code Section 21.006(b)(2)(E) and 19
Texas Administrative Code Section 249.14(d)(2)(E) require a superintendent to submit a
report to SBEC upon learning that a certified educator *committed* a criminal offense or
any part of a criminal offense on school property."  (*italics* added)

However, in Superintendent Thompson's attached letter to the Texas Education Agency's
Director of Investigations, Superintendent Thompson states that pursuant to Texas
Education Code Section 21.006(b)(2)(E) and 19 Texas Administrative Code Section

Education Code Section 21.006(b)(2)(E) and 19 Texas Administrative Code Section 249.14(d)(2)(E), and Texas Family Code Chapter 261, "[I]t is my understanding that this *may be* a crime under Tex. Family Code Section 261.109, and that such occurred on school property." (*italics* added).  Before asserting that a crime has been committed, Liberty Eylau would do well to read Tex. Family Code Section 261.101, specifically 'the cause to believe' language that creates the potential criminal liability in Tex. Family Code Section 261.101.

Please clarify and confirm that Superintendent Thompson's statement is based upon Superintendent Thompson's receipt on January 4, 2021 of a report that Kendrick Smith "admittedly failed to report child abuse and neglect as required under Texas Family Code Chapter 261".  Please produce this report.

In addition, please indicate whether the alleged child abuse and neglect have been reported to any agency or any law enforcement authorities.

Also, please indicate any criminal charges that have been filed against Kendrick Smith regarding Superintendent Thompson's assertion as described above, and any adjudication of guilt by any criminal tribunal that has ensued as a result thereof.

Thanks for your prompt attention to this matter.

**PAUL K. STAFFORD**
**STAFFORD LAW FIRM, P.C.**
**P.O. BOX 710404**
**Dallas, Texas 75371**
**Telephone:        214.649.3405**
**Facsimile:        214.580.8104**
**paul@staffordfirmpc.com**
**www.staffordfirmpc.com**

**PROBLEM. *SOLVERS.***

***This message may contain confidential and attorney-client privileged communications.***
***If received in error, please disregard, do not read, reply to me that you have received the communication in error, and delete the message.  Thank you.***

---

**From:** Felicia Webb <felicia@leasorcrass.com>
**Date:** Tuesday, February 2, 2021 at 12:56 PM
**To:** Paul Stafford <paul@staffordfirmpc.com>
**Cc:** Rhonda Crass <rhonda@leasorcrass.com>
**Subject:** K.S. Notification and SBEC Report

Mr. Stafford,

Attached is a copy of the SBEC Report and notification mailed to Mr. Smith.

Sincerely,



**FELICIA WEBB**
ATTORNEY

682.422.0009
682.422.0008 FAX
www.leasorcrass.com

LEASOR CRASS, P.C.
302 W. Broad Street
Mansfield, Texas  76063

 Please consider the environment before printing this e-mail.

The information contained in this transmission is privileged and confidential information intended for the use of the individual or entity named above.  If the reader of this message is not the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited.  If you have received this transmission in error, do not read it.  Please immediately reply to the sender that you have received this communication in error and delete it.  Thank you.

Notification and
SBEC...ort.pdf

# EXHIBIT S



# LEISD Police Department

## Supplemental Report

| CCN | LE20-00029 | Arrestees/Victims | Aarica Ray (Boyd) |
|---|---|---|---|
| Date of Report | 12/23/2021 | Date of Offense | 2019 |
| Offense | Improper Relationship | Classification | 21.12 F2 |
| Officer | Bart Veal | Disposition | Open |

On 12/23/2020 at around 3:48 PM I met Superintendent Ronnie Thompson, Deputy Superintendent Ceretha Levingston, Director of Athletics Dewaski Davis in Thompsons office. Thompson said that they had discovered that a former student might have an inappropriate relationship with an adult that was allowed to travel with the girls athletes. Thompson stated that the adult was Erica Ray or possibly last name was Boyd. He said that they believed the incident occurred in the 2018 to 2019 school year. Levingston said that the source of the information wanted to remain anonymous. Levingston went on to say that LEISD Teacher Nidia Coleman would have more information. I asked everyone if Ray or Boyd was employed with LEISD in the past or present. They said that she had never been employed with LEISD. They said that she was allowed to assist Coach Watson.  Levingston and I then called (903-809-3066) Nidia Coleman. Coleman told me that she was not sure that her daughter, the alleged victim, would be willing to talk to me or report the incident. I asked Nidia Coleman to meet with me after Christmas. I also asked her to document a timeline of her information and actions. She agreed to meet on Monday at around 9:00 AM. I called Coleman on 12/28/2020 at around 9:00 AM. She agreed to meet with me at my office.


On 12/28/2020 at 9:34 AM. Coleman provided a three page typed timeline of events and interactions with Aarica Ray Boyd and Coach Auqenette Watson. Coleman said that she suspected that the relationship started when the victim was 17 years old. She had not witnessed any sexual actions and

she was not told of any sexual actions between the victim and Boyd. She did describe an event that occurred on April 30th of 2019. Coleman found the victims car outside the apartment of Aarica Ray Boyd. Nidia Coleman called coach Watson who in turn called Boyd and the victim exitted the apartment. Nidia Coleman told me that is when she saw hickies on the victims neck. Coleman said that she had let the situation pass after telling several staff members about it, until she recently received a call from Levingston. She believed that someone had told Levingston about it recently. Coleman said that she assumed that everyone knew about it. I advised her that I learned about it through Levingston. I advised Coleman that I would be contacting Levingston with an update and I would also be contacting the District Attorney's office. Coleman told me that Levingston said that a female investigator would be contacting her on Monday 01/04/2021. I advised her that it must be part of the administrative investigation.

I called Ceretha Levingston following my brief meeting with Nidia Coleman. Levingston asked me to locate and serve Boyd with a criminal trespass notice. Levingston I did not have much information on Boyd so I advised her that I would need to speak with Coach Watson. I called coach Watson and asked her for information about Boyd. She gave me Boyd's cell number (9034172661). I called but Boyd did not answer. I then spoke with Watson again and she had Boyd call me. I told Boyd that I was tasked with serving a trespass notice on her and that I could meet her to serve the notice. She said that she would meet me at the office of Westridge apartments. I met her outside in the parking lot at 11:18 AM. I told her that LEISD was looking into some allegations and that she was banned from all properties and events for the time being. She asked if it involved coach Watson. I said that I could not tell her that information. I then turned and walked to my vehicle and opened the door. She had also walked away. As I opened the door to my patrol vehicle she said, "Coach Watson is innocent in this." I did not respond and left the complex. I then called Levingston and updated her of the banning.

Officer _____          Page 2 of 5

I contacted Nidia Coleman on 12/30/2020 about scheduling a CAC interview with the victim. She said that she would get back with me. I had also contacted the CAC.

I was contacted by Nidia Coleman on 01/01/2021. She told me that the victim would talk to Levingston about the incident. I explained that it would be best if she would agree to a CAC interview. Coleman said that the victim really wanted to go back to her college on 01/02/2021 and that she thought that we needed to try for this day to get an interview. I called CAC on call and spoke with Kaleigh Dodson. Dodson and Carly Rhyne met Nidia Coleman, Alexander Jones and I at the CAC office at 2:00 PM.

Dodson conducted the interview, which started at 2:28 PM. During the interview Jones stated that Boyd performed oral sex using her fingers and tongue on several occasions. She said that every act took place in Boyds apartment. She did not remember the apartment number. She said that the intimate encounters started at the beginning of basketball season when she was 17 years old. She said that she did not say no when Boyd first removed her (Jones) pants. She stated that she never performed oral sex on Boyd. Jones did not specify the exact number of times they engaged in sexual acts. Jones also disclosed that when she was 14 years old, her cousin forced himself on her and put his penis in her vagina two or three times. She refused to name her cousin. She said that her cousin was 27 years old at the time. She said these acts occurred at family events. Her cousin is her mothers mothers sister's son, but would not say his name. She said that these acts occurred in her cousins bedroom at his mothers house. She did not give the interviewer the address.

I signed and received the paper in which Jones wrote her snapchat name, disc copy of the interview from Dodson. I had Coleman and Jones follow me to my office where Jones completed a Pseudonym Form. The form and disc were later entered into property.

When I spoke with Coleman and Jones as we completed the pseudonym form, Jones asked who brought all this up. I told her that I had learned of

Officer _____          Page 3 of 5

this allegation from Ronnie Thompson and Ceretha Levingston. I was told by Levingston that an anonymous source had spoken with her. Coleman told me again that Levingston said that an investigator was coming to see her on Monday. She also said that Levingston had told her that someone had alerted her (Levingston) of the incident.

After the interview I contacted Levingston and advised her that I was officially investigating charges of Improper Relationship Between Educator and Student.

On 01/02/2021 I contacted a member of the Bowie County District Attorney's Office. I had been in contact with the office about this case since 12/30/2020. I was advised on 01/02/2021 and 01/04/2021 that the case did not meet the elements of wording within the statute 21.12 of the Penal Code. The suspect in this case was not and had not been an employee of the school district and had not been compensated in any form by the school district. The victim was of the age of consent (17yo) at the time of the relationship. Although the relationship was inappropriate and a violation of district standards it does not meet the elements of a criminal statute within the Texas Penal Code.

On 01/05/2021 at 930 AM I spoke with CPS Supervisor Michelle Walton about the case involving the school district. She advised that the case would not be accepted by the agency.

On 01/05/2021 at 11:05 AM I attempted to contact the victim of this. I left a message that I would call back at a later time. I recorded the attempt.

On 01/05/2021 at approximately 11:50 AM I received a telephone call from t Alexandrea Jones. I explained that the criminal investigation of the case involving the school district would be concluded upon the end of our conversation. She said, "Ok." I then explained to her the steps in which to take to proceed with criminal action or investigations in reference to the unrelated outcry. I advised her that I would not be talking to her mother about the interview or its contents. She said that did not wish to bring the

incident up to her or anyone else. She asked about the school's investigation and I advised her that I was not involved in that investigation nor would I be. She asked if Coach Watson had been fired "because of me." I advised her that I did know, and that she might contact Ceretha Levingston in reference to that question. She said that she found out that the anonymous source was another parent. She said that Levingston still has not responded to her. I again encouraged her to contact Levingston about any administrative action. I recorded the telephone call and later attempted to copy it to a disc to place into the file. The recording only ran and was usable for a few seconds on the Ipad. It would not download from the Ipad.

Shortly after I spoke with the victim, Nidia Coleman called me (12:25 PM). She said that she had just spoken with the victim and that she was upset. She felt like she had done all this and Aarica was getting a slap on the wrist and others were getting fired. I advised her that I was notified of the incident the same day that I called her, and that I was following standard operating procedures. I advised her that I had contacted the District Attorney's office and what was determined in the criminal investigation. I advised her again to contact the school administration for information as to their actions. She agreed to do so.

Officer

# EXHIBIT T

(fully incorporated by reference herein)

# EXHIBIT U



## LIBERTY-EYLAU ISD *Spot the Difference!*

2901 Leopard Drive Texarkana, TX 75501
(903) 832-1535
www.leisd.net

March 3, 2021

*Via Hand Deliery*
Kendrick Smith
104 West Starlite Drive
Texarkana, TX. 75501

Re:    Level Two Complaint Response

Dear Mr. Smith:

On February 1, 2021, you filed a Level One Grievance. On February 9, 2021, a conference was held pursuant to Board Policy DGBA(LOCAL). At that conference I served as the hearing officer, and you, Paul Stafford, Dr. Ceretha Levingston, and Rhonda Crass, attorney for the District, attended. Please note, the Level One Grievance was held as a Level Two Grievance before me, the Superintendent, as I am the lowest level administrator with authority to grant your requested remedies. The conference was recorded and a copy of the recording was made available to your attorney.

Your grievance centers on your three objections related to your reassignment:

**Grievance 1:** You stated, pursuant to your contract, you are to be employed as a "certified administrator." However, you were reassigned to the position of Transportation Coordinator, a "non-certified administrator" position.

**Requested Remedy:** In previous communications between your counsel and the District's counsel, incorporated into the conference, you requested full reinstatement to your position as principal at Liberty-Eylau High School.

**Response:** Your requested remedy is denied. However, the District will reassign you to another "certified administrator" position, specifically, assistant principal at the Disciplinary Alternative Education Program ("DAEP").

**Grievance 2:** You object to a salary change during the course of your 2020-2022 term contract.



**LIBERTY-EYLAU ISD** *Spot the Difference!*

2901 Leopard Drive Texarkana, TX 75501
(903) 832-1535
www.leisd.net

**Requested Remedy:** You request that your salary remain the same throughout your contract period ending June 30, 2022.

**Response:** Grievance denied. The District is permitted to make changes to compensation in accordance with the law. Your current salary will remain the same during the first year of your term contract, specifically the 2019-2020 school year. However, you will receive lawful notice prior to the penalty-free resignation date of any change in compensation for the 2021-2022 school year. For the 2021-2022 school year, the District intends to pay you commensurate with your reassigned position as assistant principal at the DAEP.

**Grievance 3:** You stated you were not consulted with by school administration prior to being interviewed during the course of the District's investigation.

**Requested Remedy:** You request a hearing before the Liberty-Eylau ISD Board of Trustees regarding these matters, and other matters related to your reassignment.

**Response:** In accordance with Board Policy DGBA(LOCAL), you are entitled to appeal this decision and file a Level Three grievance which will be heard by the Board within a reasonable time.

If the outcome of your Level Two grievance is not to your satisfaction, you may request a Level Three conference within ten (10) school/business days following your receipt of this response. I am attaching a copy of Board Policy DGBA(LEGAL) and (LOCAL), as well as a copy of the Level Three appeal form for your convenience.

Sincerely,

*Ronnie Thompson*

Ronnie Thompson
Superintendent

cc:     Paul Stafford (*via email:* paul@staffordfirmpc.com)
        Rhonda Crass (*via email:* rhonda@leasorcrass.com)



**LIBERTY-EYLAU ISD** *Spot the Difference!*

2901 Leopard Drive Texarkana, TX 75501
(903) 832-1535
www.leisd.net

## ACKNOWLEDGEMENT OF RECEIPT

I acknowledge receipt of this response. I understand that my signature does not constitute agreement with its contents and that I have an opportunity to respond in accordance with Board policy.

Kendrick Smith

3-3-21
Date



**LIBERTY-EYLAU ISD** *Spot the Difference!*

2901 Leopard Drive Texarkana, TX 75501
(903) 832-1535
www.leisd.net

March 3, 2021

RE:  Level II Grievance Response

For:  Kendrick Smith

I, _Kendrick Smith_ (please print), received a copy of the Level II Grievance response from Brandy Burnett in the Human Resources Department.

Please sign below stating that you picked up the document.

Signature: _____   Date: _3-3-21_
                   Kendrick Smith

Signature: _____   Date: _3/3/21_
                   Brandy Burnett, Director of Human Resources

Time: _3:23pm_

# EXHIBIT V

**NOTICE OF APPEAL TO THE BOARD—LEVEL III**

This form must be filled out completely by an employee appealing a Level II decision to the board, in accordance with DGBA (LEGAL) and (LOCAL) or any exceptions outlined therein.

**Name** _Kendrick  Smith_

**Position** _Transportation Coordinator_ **Department/campus** _HS/CKB_

To whom did you last present your complaint?
_Ronnie Thompson_

Date of conference: _2-9-21_

If you will be represented in pursuing your complaint, please identify the individual or organization representing you:
Name: _Paul Stafford   Stafford Law Firm, P.C._
Address: _P.O Box  710404_
_Dallas, Texas  75371_
Telephone: _214 - 649 - 3405_

Attach a copy of the original complaint and, if applicable, a copy of the Level 2 decision being appealed.

_[signature]_                    _3-9-21_
Employee signature              Date submitted

**EMPLOYEE COMPLAINT FORM—LEVEL I**

Any employee filing a complaint must fill out this form completely and submit it to his or her principal or immediate supervisor. All complaints will be processed in accordance with DGBA (LEGAL) and (LOCAL) or any exceptions outlined therein.

**Name** _Kendrick Smith_

**Position** _Principal / Transportation_ **Department/campus** _High School_

Please state the date of the event or series of events causing the complaint:

_January 4, 2021 I was asked to resign._
_January 19, 2021 I was reassigned._

Please state your complaint, including the individual harm alleged:

_I was reassigned from the 'Certified administrator' position of Principal to the 'non-Certified administrator' position of Transportation Coordinator.'_

Please state specific facts of which you are aware to support your complaint (list in detail using another sheet of paper if necessary):

_Per my 2020-2022 Contract, I am to be employed as a 'Certified administrator'. In accordance with my Contract, any reassignment should have been to a Certified Position, and my Salary should have remained unchanged throughout the Contract Period ending June 30, 2022._

Please state the remedy you seek for this complaint:

_My Salary to remain the same throughout my Contract Period ending June 30, 2022._
_Accordingly, I am requesting a hearing with the school board on these matters, as well as others matters Pertaining to this reassignment as soon as Practicable._

_Kendrick Smith_                                              _2-1-2021_
Employee signature                                           Date submitted



**LIBERTY-EYLAU ISD** *Spot the Difference!*

2901 Leopard Drive Texarkana, TX 75501
(903) 832-1535
www.leisd.net

March 3, 2021

*Via Hand Delivery*
Kendrick Smith
104 West Starlite Drive
Texarkana, TX. 75501

Re:   Level Two Complaint Response

Dear Mr. Smith:

On February 1, 2021, you filed a Level One Grievance. On February 9, 2021, a conference was held pursuant to Board Policy DGBA(LOCAL). At that conference I served as the hearing officer, and you, Paul Stafford, Dr. Ceretha Levingston, and Rhonda Crass, attorney for the District, attended. Please note, the Level One Grievance was held as a Level Two Grievance before me, the Superintendent, as I am the lowest level administrator with authority to grant your requested remedies. The conference was recorded and a copy of the recording was made available to your attorney.

Your grievance centers on your three objections related to your reassignment:

**Grievance 1:** You stated, pursuant to your contract, you are to be employed as a "certified administrator." However, you were reassigned to the position of Transportation Coordinator, a "non-certified administrator" position.

**Requested Remedy:** In previous communications between your counsel and the District's counsel, incorporated into the conference, you requested full reinstatement to your position as principal at Liberty-Eylau High School.

**Response:** Your requested remedy is denied. However, the District will reassign you to another "certified administrator" position, specifically, assistant principal at the Disciplinary Alternative Education Program ("DAEP").

**Grievance 2:** You object to a salary change during the course of your 2020-2022 term contract.



**LIBERTY-EYLAU ISD** *Spot the Difference!*

2901 Leopard Drive Texarkana, TX 75501
(903) 832-1535
www.leisd.net

**Requested Remedy:** You request that your salary remain the same throughout your contract period ending June 30, 2022.

**Response:** Grievance denied. The District is permitted to make changes to compensation in accordance with the law. Your current salary will remain the same during the first year of your term contract, specifically the 2019-2020 school year. However, you will receive lawful notice prior to the penalty-free resignation date of any change in compensation for the 2021-2022 school year. For the 2021-2022 school year, the District intends to pay you commensurate with your reassigned position as assistant principal at the DAEP.

**Grievance 3:** You stated you were not consulted with by school administration prior to being interviewed during the course of the District's investigation.

**Requested Remedy:** You request a hearing before the Liberty-Eylau ISD Board of Trustees regarding these matters, and other matters related to your reassignment.

**Response:** In accordance with Board Policy DGBA(LOCAL), you are entitled to appeal this decision and file a Level Three grievance which will be heard by the Board within a reasonable time.

If the outcome of your Level Two grievance is not to your satisfaction, you may request a Level Three conference within ten (10) school/business days following your receipt of this response. I am attaching a copy of Board Policy DGBA(LEGAL) and (LOCAL), as well as a copy of the Level Three appeal form for your convenience.

Sincerely,

Ronnie Thompson
Superintendent

cc:     Paul Stafford (*via email: paul@staffordfirmpc.com*)
        Rhonda Crass (*via email: rhonda@leasorcrass.com*)

# EXHIBIT W



**LEISD Job Description**

**DAEP Assistant Principal**
Rev. 2021
Liberty-Eylau ISD

| | | |
|---|---|---|
| **Job Title:** | DAEP Assistant Principal | **Wage/Hour Status: Exempt** |
| **Reports to:** | DAEP At-Risk Coordinator | **Pay Grade: Admin/Prof 3** |
| **Dept./School:** | DAEP | **Date Revised: 2020** |

**Primary Purpose:**

Assist the school At-Risk Coordinator in overall administration of instructional program and campus level operations. Coordinate assigned student activities and services.

**Qualifications:**

**Education/Certification:**
Master's degree
Texas assistant principal or other appropriate Texas certificate
Certified appraiser

**Special Knowledge/Skills:**
Thorough understanding of school operations
Strong organizational, communication, and interpersonal skills
Ability to coordinate campus support operations

**Experience:**
Two years experience as a classroom teacher

**Major Responsibilities and Duties:**

**Instructional Management**

1. Participate in development and evaluation of educational programs.

2. Encourage and support development of innovative instructional programs, helping teachers pilot such efforts when appropriate.

3. Promote the use of technology in the teaching/learning process.



© 2004    **Texas Association of School Boards, Inc. All rights reserved.**
Modified by LEISD 2021

 

**LEISD Job Description**

**DAEP Assistant Principal**
Rev. 2021
Liberty-Eylau ISD

4. Follow and ensure that the LEISD curriculum implementation calendar is followed and that teachers are implementing each curriculum element outlined by six weeks period.

5. Identify what teaching staff needs to know and be able to gather, analyze, and use student assessment data at both the campus and classroom levels.

6. Ensure that each department meets in a Professional Learning Community on a regular basis to foster long term commitment to excellence. Be present for PLC meetings to ensure an atmosphere of collaborative experimentation that leads to continuous improvement, and that professional dialogue drives day to day decisions.

7. Identify areas of needed professional development and schedule workshops as necessary to assist staff in the effective implementation of the TEKS Resources curriculum.

8. Evaluate the progress that staff has made in achieving competencies related to TEKS Resources and student performance. Use this information to design a professional development plan to move the program forward.

**School/Organizational Climate**

9. Promote a positive, caring climate for learning.

10. Deal sensitively and fairly with persons from diverse cultural backgrounds.

11. Communicate effectively with students and staff.

**School/Organizational Improvement**

12. Participate in development of campus improvement plans with staff, parents, and community members.

13. Assist At-Risk Coordinator to maintain, develop and use information systems to track progress on campus performance objectives and academic excellence indicators.

**Personnel Management**

14. Observe employee performance, record observations, and conduct evaluation conferences.

15. Assist At-Risk Coordinator in interviewing, selecting, and orienting new staff.



© 2004    **Texas Association of School Boards, Inc. All rights reserved.**
**Modified by LEISD 2021**



**LEISD Job Description**



**DAEP Assistant Principal**
Rev. 2021
Liberty-Eylau ISD

## Administration and Fiscal/Facilities Management

16. Supervise operations in At-Risk Coordinator's absence.

17. Help plan daily school activities by participating in the development of class schedules, teacher assignments, and extracurricular activity schedules.

18. Supervise reporting and monitoring of student attendance and work with secretary on follow-up investigations.

19. Work with department heads and faculty to compile annual budget requests based on documented program needs.

20. Requisition supplies, textbooks, and equipment; check inventory; maintain records; and verify receipts for materials.

21. Assist with safety inspections and safety-drill practice activities.

22. Coordinate support services as needed.

23. Comply with federal and state laws, State Board of Education rule, and board policy.

### Student Management

24. Ensure that students are adequately supervised during non instructional periods.

25. Help to develop a student discipline management system that results in positive student behavior.

26. Ensure that school rules are uniformly observed and that student discipline is appropriate and equitable.

27. Conduct conferences on student and school issues with parents, students, and teachers.

## Professional Growth and Development

28. Participate in professional development to improve skills related to job assignment.



© 2004   Texas Association of School Boards, Inc. All rights reserved.
Modified by LEISD 2021



**LEISD Job Description**

**DAEP Assistant Principal**
Rev. 2021
Liberty-Eylau ISD

**School/Community Relations**

29.     Articulate the school's mission to the community and solicit its support in realizing mission.

30.     Demonstrate awareness of school-community needs and initiate activities to meet those needs.

31.     Use appropriate and effective techniques to encourage community and parent involvement.

**Other**

32.     Maintain confidentiality.

33.     Perform other duties as assigned.

**Supervisory Responsibilities:**

Share supervisory responsibility for professional staff with At-Risk Coordinator. Supervise teachers, custodians, paraprofessionals, clerical personnel and others as assigned.

**Working Conditions:**

**Mental Demands/Physical Demands/Environmental Factors:**
Maintain emotional control under stress. Work with frequent interruptions. Occasional district wide travel; occasional prolonged and irregular hours.

The foregoing statements describe the general purpose and responsibilities assigned to this job and are not an exhaustive list of all responsibilities and duties that may be assigned or skills that may be required.

Employee's Signature                                        Date

_____              _____



© 2004     Texas Association of School Boards, Inc. All rights reserved.
Modified by LEISD 2021

# Liberty-Eylau Independent School District

2901 Leopard Dr. Texarkana, TX 75501
(903) 832-1535
www.leisd.net

**IT STARTS HERE**

March 17, 2021

Mr. Kendrick Smith
104 West Starlite Drive
Texarkana, TX.  75501

Re:  Notice of Reassignment

Dear Mr. Smith,

Pursuant to your request that you be reassigned to a certified position, effective tomorrow, Thursday, March 18, 2021, you are reassigned to the position of Assistant Principal at DAEP. A job description is attached for your review. Your direct supervisor will be Diane Tyler. Your office will be located in the DAEP on the high school side. Your hours of service will be 7:30 a.m. until 4:30 p.m. daily and as needed when other issues arise.

For the remainder of the 2020-2021 school year, your salary will remain the same as it currently is at this time.  Beginning July 1, 2021 and for the remainder of the 2021-2022 school year under the second year of your two-year term administrator contract, your salary will be annualized at $70,224 at the rate of an Assistant Principal. As an employee of LEISD, you are directed to follow all state and federal laws as well as Board policy.

If you have any questions or need additional information, please contact Dr. Ceretha Brown, Deputy Superintendent.

Sincerely,

Ronnie Thompson
Superintendent

I have received a copy of this letter on March 17, 2021.

_____
Kendrick Smith

# EXHIBIT X

**Level Three Appeal
of
Kendrick Smith**


**before the**


**Liberty-Eylau Independent School District
Board of Trustees**


**March 25, 2021**

**Level Three Appeal**
**Kendrick Smith**
**March 25, 2021**

**Record**

| Exhibit | Document | Date | Page # |
|---|---|---|---|
| | ***Record of the Complaint*** | | |
| 1 | Level I Complaint | 02/01/2021 | 003-004 |
| 2 | Level II Conference Transcript | 02/09/2021 | 005-010 |
| 3 | Level II Response | 03/03/2021 | 011-015 |
| 4 | Level III Appeal | 03/09/2021 | 016-020 |
| | ***Policies and Other Documentation*** | | |
| 5 | Board Policy DGBA(LOCAL) | | 021-028 |
| 6 | Board Policy DK(LOCAL) | | 029-030 |
| 7 | Letters of Representation | 01/09/2021; 01/11/2021 | 031-034 |
| 8 | Notification of and Report to SBEC | 02/02/2021 | 035-037 |
| 9 | Notice of Reassignment – Transportation Coordinator | 01/19/2021 | 038-039 |
| 10 | Job Description – Transportation Coordinator | | 040-043 |
| 11 | Notice of Reassignment – DAEP Assistant Principal with Job Description | 03/17/2021 | 044-049 |
| 12 | 2020-2021 Administrator Pay Scale | | 050-052 |

# EXHIBIT 1

SMITH 003

**EMPLOYEE COMPLAINT FORM—LEVEL I**

Any employee filing a complaint must fill out this form completely and submit it to his or her principal or immediate supervisor. All complaints will be processed in accordance with DGBA (LEGAL) and (LOCAL) or any exceptions outlined therein.

**Name** _Kendrick Smith_

**Position** _Principal/Transportation_ **Department/campus** _High School_

Please state the date of the event or series of events causing the complaint:

_January 4, 2021 I was asked to resign._
_January 19, 2021 I was reassigned._

Please state your complaint, including the individual harm alleged:

_I was reassigned from the 'Certified administrator' position of Principal to the 'non-Certified administrator' position of Transportation Coordinator.'_

Please state specific facts of which you are aware to support your complaint (list in detail using another sheet of paper if necessary):

_Per my 2020-2022 Contract, I am to be employed as a Certified administrator'. In accordance with my Contract, any reassignment should have been to a Certified position, and my Salary should have remained unchanged throughout the Contract Period ending June 30, 2022._

Please state the remedy you seek for this complaint:

_My Salary to remain the same throughout my Contract Period ending June 30, 2022._
_Accordingly, I am requesting a hearing with the school board on these matters, as well as others matters Pertaining to this reassignment as soon as Practicable._

_Kendrick Smith_ _2-1-2021_
Employee signature                    Date submitted

SMITH 004

# EXHIBIT 2

SMITH 005

Ronnie Thompson:     Put you on speaker phone here. Can you hear me?

Paul Stafford:          Yes. That's better.

Ronnie Thompson:     Alright, good morning.

Paul Stafford:          Good morning.

Ronnie Thompson:     We'll go ahead and get started. Got the tape recording going. So this is a Level 2 grievance hearing for Kendrick Smith. My name is Ronnie Thompson, I'm the Superintendent at Liberty-Eylau ISD. We're here to convene a Level 2 hearing filed by Kendrick Smith, an employee, under LEISD Board Policy DGBA (Legal) and (Local). For the record, I'd like to note some procedural steps involved in the grievance. This is a Level 2 hearing that's taking place today, Tuesday, February 9, 2021 at the office of the Superintendent at the Administration building here in Liberty-Eylau ISD. The grievance is convened well at 8:00 a.m. but the time now is 8:04 a.m. and this Level 2 grievance hearing is being audio recorded. I would ask that when you speak, you identify yourself for the audio tape.  Also, please don't speak when somebody else is speaking so that we may hear what everyone is saying. With me today is our school's legal counsel to assist me in the procedural steps involved in this grievance, the Grievant, Mr. Kendrick Smith, and Dr. Levingston is also with us and she's the Associate Superintendent. And then Mr. Smith's counsel, Paul Stafford, via telephone conference. So the Level 2 hearing isn't like a trial. There are no calling of witnesses or cross examination of the administration.  This is an opportunity for you to tell me why I need to change the decision that has been made. If you have any documents you would like me to consider you may present those as well.  I would remind you that I can only consider the issues you described in your written request for this grievance.  Therefore, I would urge you to present the issues, describe why you were grieved, and state specifically your relief.  Those are the only things that you may discuss at this meeting.  I will allow the grievant 15 minutes to present your information.  At the conclusion of your presentation, I may ask questions.  I will not make a formal decision today but will review all the information given. So at this time if we would just have everybody introduce themselves and state your position for the audio recording. I've already stated mine, so then we'll go this way.

Rhonda Crass:          Rhonda Crass with Leasor Crass. I'm the attorney for Liberty-Eylau ISD.

Ceretha Levingston:   Ceretha Levingston, Deputy Superintendent.

Kendrick Smith:       Kendrick Smith, Transportation Coordinator at this time.

Paul Stafford:          Paul Stafford, counsel for Kendrick Smith. How do you spell Ceretha?

Ceretha Levingston:   That's C-E-R-E-T-H-A.

Paul Stafford:          Thanks.

SMITH 006

Ronnie Thompson:     Alright, so we had the introductions. Please proceed to describe your grievance and present your information.  And our legal counsel will serve as the timekeeper and let you know when you have two minutes remaining.

Kendrick Smith:      Gotcha.

Ceretha Levingston:  I found it there, that's your phone? Yeah. We got it. Alright.

Ronnie Thompson:     Go ahead, Mr. Smith.

Kendrick Smith:      Well, we all know how we got here. The piece of the grievance situation that I placed, put in place, it has a lot to do with the contract that I'm under currently. I was employed as a certified administrator and currently I have been removed from a certified administrator position to a non-certified administrator position. And with that being on a two-year contract, I felt that if I had to be moved in the middle of a contract that my salary should stay the same throughout that contract. And also, within this grievance I also asked for an opportunity to have a hearing with the Board. I just feel that throughout this entire process, I've never had the opportunity to speak with anyone from the school side on this matter. I think it was just more of me coming in, it kind of gives you the feeling of being guilty walking in the door so to speak. And I just feel that as the leader of the high school, I just thought that there should have been an opportunity for me to have a conversation with school administration throughout this process and that wasn't done.

Ronnie Thompson:     Okay. Anything else or is that?

Kendrick Smith:      And it's just, with all the, I guess the charges as far as the filing of the paperwork and as far as, there's just some notations in there as far as things that I've done as far as me committing a crime. I mean, I don't feel as if I have committed a crime. I feel like I've been treated like a criminal. And I think there's you know, things that's definitely our there as far as in the paper and that situation so I feel like my character has been attacked. I feel like my family has been attacked. And definitely a career that I worked hard to obtain is definitely under attack as well. And when you just look at it from the standpoint, that those are the means of how you provide for your family and those means being taken away when there's no fault of your own. I mean, that's just a tough pill to swallow.

Ronnie Thompson:     So, what I'm understanding is you're grieving the certified contract to the non-certified position and the salary, you're saying should remain the same throughout the duration of the contract. And that you want the opportunity to speak to the Board. And now I'm a little confused on school administration. Can you kind of clarify that for me about school administration?

Kendrick Smith:      What do you, I'm not, school administration as far as—

Ronnie Thompson:     You mentioned you hadn't had the opportunity to talk to school administration.

Kendrick Smith:      Oh, well, on that piece, when I was called in, I was called in to talk with the investigator.

SMITH 007

Ronnie Thompson:     Sure.

Kendrick Smith:     During this process, there was never a conversation with yourself prior to this or Dr. Levingston or any of the other school administrator prior to going directly into the conversation with school representation.

Ronnie Thompson:     Okay. Got any other clarifying questions?

Rhonda Crass:     Did you ask for, to be put in your job back? Was that part of your request? To be—

Kendrick Smith:     Well, I think that was one other request in the early stages, was a request to be reinstated. In the early forms of communication that our request was denied if I'm not mistaken.

Paul Stafford:     The request was made directly to Rhonda Crass and it was stated unequivocally that did not happen. It was also stated that there were no positions to be reassigned, for Mr. Kendrick to be reassigned to, which I know isn't proper English but so what. I think he was reassigned the complaint on the grievance from either January 28th or 31st which is one of the dates that he submitted it, is pretty unequivocal and that it states that he is under contract and is requesting to be, well he requested be reinstated but he is being reassigned, a contract was administered by an administrator, she was reassigned to a non-certified administrator position so I think that you have to revisit (*inaudible*) and I think that addresses the specific complaint right now given that he probably requested he be reinstated that he was denied that. And this is Paul Stafford.

Ronnie Thompson:     Okay.

Paul Stafford:     And I also had a question about whether or not written notice to this hearing is necessary pursuant to your guidelines or rules and procedures. I just don't believe it is but please clarify that.

Rhonda Crass:     I don't know that written notice is necessary, but I do believe that the HR director provided notice to Mr. Kendrick via email.

Paul Stafford:     Thank you, and who is speaking?

Rhonda Crass:     This is Rhonda Crass.

Paul Stafford:     Hi, Rhonda Crass. And I was also wondering if written response to the grievance is necessarily required.

Rhonda Crass:     Yes, sir. If you look at, you can look at the Board Policy DGBA (Local) and (Legal) and it'll describe the steps of a Level 1, Level 2 and Level 3 grievance system as required by the Texas Constitution and as is adopted by the Liberty-Eylau Independent School District. Under that policy, following today's grievance, today is day zero and the school district or Mr. Thompson—

Ronnie Thompson:     I actually have those bullet points.

Rhonda Cross:          Yeah, he's coming up, he's gonna give you the answer to that question here in just a minute but, that, that's all spelled out in local policy.

Paul Stafford:          Thanks, and I have reviewed those policies, my question was definitely was a written response required and I think that's a long yes?

Ronnie Thompson:     Yes.

Paul Stafford:          Okay, and I also sent an email to Felicia Webb and Rhonda Cross in response to their email on February 2nd. On February 2nd, in that email, was an email sent, where I haven't received a response, I just wanted Ms. Cross to acknowledge that she did receive my email.

Ronnie Thompson:     February 2nd.

Rhonda Cross:          I am not aware of that, but I will double check with my associate Mrs. Webb and find out if that has been responded to.

Paul Stafford:          It has not but the message was received from your office indicating a notification of report to the State Board of Education Certification, that was February 2, 2021 and that was responded to within minutes actually and ignored or hasn't been responded to yet, so I wanted to put that on the record specifically on why our position regards to that report to the certification board.

Rhonda Cross:          Thank you. That's not really relevant for today's grievance proceedings but I appreciate you giving me the information and I'll look into it for you.

Paul Stafford:          Well, it is relevant because when you send an email to someone indicating that they've been reported to the certification board, it's supposed to be relevant to inform us, so we responded to that, but it was not replied to so if it wasn't relevant, then it wasn't relevant when you sent it.

Rhonda Cross:          I didn't say it wasn't relevant, I said it's not relevant to today's grievance hearing.

Paul Stafford:          Thank you. I respectfully disagree, and I await your reply.

Rhonda Cross:          Okay.

Ronnie Thompson:     Alright, so if there's no other, Mr. Smith do you have any other thing you want to add?

Kendrick Smith:       No, sir.

Ronnie Thompson:     Okay so, at this point, I'll consider the information you have presented and review it before making a decision. I will get to you a written response within ten school business days. And the response will be mailed but if you would also like it emailed, we can do that as well. Do you want that emailed as well as mailed?

Kendrick Smith:       That's fine.

SMITH 009

Ronnie Thompson:     Okay. And Mr. Stafford, would you like that emailed to you as well?

Paul Stafford:     As his counsel, I certainly would. Thank you.

Ronnie Thompson:     Okay. Alright, then that concludes our Level 2 grievance hearing today.

Paul Stafford:     Will you provide a copy of the recording of this Level 2 grievance hearing?

Rhonda Crass:     If you so desire, you may. We can get that to you.

Paul Stafford:     We so desire.

Rhonda Crass:     Alright, and it's 8:15.

Ronnie Thompson:     Yeah, it's 8:15 and we can conclude the Level 2 hearing. Thank you.

SMITH 010

# EXHIBIT 3

SMITH 011



**LIBERTY-EYLAU ISD** *Spot the Difference!*

2901 Leopard Drive Texarkana, TX 75501
(903) 832-1535
www.leisd.net

March 3, 2021

***Via Hand Deliery***
Kendrick Smith
104 West Starlite Drive
Texarkana, TX.  75501

      Re:    Level Two Complaint Response

Dear Mr. Smith:

On February 1, 2021, you filed a Level One Grievance. On February 9, 2021, a conference was held pursuant to Board Policy DGBA(LOCAL). At that conference I served as the hearing officer, and you, Paul Stafford, Dr. Ceretha Levingston, and Rhonda Crass, attorney for the District, attended. Please note, the Level One Grievance was held as a Level Two Grievance before me, the Superintendent, as I am the lowest level administrator with authority to grant your requested remedies. The conference was recorded and a copy of the recording was made available to your attorney.

Your grievance centers on your three objections related to your reassignment:

**Grievance 1:** You stated, pursuant to your contract, you are to be employed as a "certified administrator." However, you were reassigned to the position of Transportation Coordinator, a "non-certified administrator" position.

**Requested Remedy:** In previous communications between your counsel and the District's counsel, incorporated into the conference, you requested full reinstatement to your position as principal at Liberty-Eylau High School.

**Response:** Your requested remedy is denied. However, the District will reassign you to another "certified administrator" position, specifically, assistant principal at the Disciplinary Alternative Education Program ("DAEP").

**Grievance 2:** You object to a salary change during the course of your 2020-2022 term contract.

SMITH 012



LIBERTY-EYLAU ISD *Spot the Difference!*

2901 Leopard Drive Texarkana, TX 75501
(903) 832-1535
www.leisd.net

**Requested Remedy:** You request that your salary remain the same throughout your contract period ending June 30, 2022.

**Response:** Grievance denied. The District is permitted to make changes to compensation in accordance with the law. Your current salary will remain the same during the first year of your term contract, specifically the 2019-2020 school year. However, you will receive lawful notice prior to the penalty-free resignation date of any change in compensation for the 2021-2022 school year. For the 2021-2022 school year, the District intends to pay you commensurate with your reassigned position as assistant principal at the DAEP.

**Grievance 3:** You stated you were not consulted with by school administration prior to being interviewed during the course of the District's investigation.

**Requested Remedy:** You request a hearing before the Liberty-Eylau ISD Board of Trustees regarding these matters, and other matters related to your reassignment.

**Response:** In accordance with Board Policy DGBA(LOCAL), you are entitled to appeal this decision and file a Level Three grievance which will be heard by the Board within a reasonable time.

If the outcome of your Level Two grievance is not to your satisfaction, you may request a Level Three conference within ten (10) school/business days following your receipt of this response. I am attaching a copy of Board Policy DGBA(LEGAL) and (LOCAL), as well as a copy of the Level Three appeal form for your convenience.

Sincerely,

*Ronnie Thompson*

Ronnie Thompson
Superintendent


cc:     Paul Stafford (*via email:* paul@staffordfirmpc.com)
        Rhonda Crass (*via email:* rhonda@leasorcrass.com)

SMITH 013



**LIBERTY-EYLAU ISD** *Spot the Difference!*

2901 Leopard Drive Texarkana, TX 75501
(903) 832-1535
www.leisd.net

**ACKNOWLEDGEMENT OF RECEIPT**

I acknowledge receipt of this response. I understand that my signature does not constitute agreement with its contents and that I have an opportunity to respond in accordance with Board policy.

_Kendrick Smith_

3-3-21
Date

SMITH 014



LIBERTY-EYLAU ISD *Spot the Difference!*

2901 Leopard Drive Texarkana, TX 75501
(903) 832-1535
www.leisd.net

March 3, 2021

RE:  Level II Grievance Response

For:  Kendrick Smith

I, _Kendrick Smith_ (please print), received a copy of the Level II Grievance response from Brandy Burnett in the Human Resources Department.

Please sign below stating that you picked up the document.

Signature: _Kendrick Smith_          Date: _3-3-21_
           Kendrick Smith

Signature: _Brandy Burnett_          Date: _3/3/21_
           Brandy Burnett, Director of Human Resources

Time: _3:23pm_

SMITH 015

# EXHIBIT 4

SMITH 016

**NOTICE OF APPEAL TO THE BOARD—LEVEL III**

This form must be filled out completely by an employee appealing a Level II decision to the board, in accordance with DGBA (LEGAL) and (LOCAL) or any exceptions outlined therein.

**Name** _Kendrick Smith_

**Position** _Transportation Coordinator_ **Department/campus** _HS/CKB_

To whom did you last present your complaint?
_Ronnie Thompson_

Date of conference: _2-9-21_

If you will be represented in pursuing your complaint, please identify the individual or organization representing you:
Name: _Paul Stafford   Stafford Law Firm, P.C._
Address: _P.O. Box 710404_
_Dallas, Texas  75371_
Telephone: _214-649-3405_

Attach a copy of the original complaint and, if applicable, a copy of the Level 2 decision being appealed.

_Kendrick Smith_                              _3-9-21_
Employee signature                              Date submitted

SMITH 017

**EMPLOYEE COMPLAINT FORM—LEVEL I**

Any employee filing a complaint must fill out this form completely and submit it to his or her principal or immediate supervisor. All complaints will be processed in accordance with DGBA (LEGAL) and (LOCAL) or any exceptions outlined therein.

**Name** _Kendrick Smith_

**Position** _Principal / Transportation_ **Department/campus** _High School_

Please state the date of the event or series of events causing the complaint:

_January 4, 2021 I was asked to resign._
_January 19, 2021 I was reassigned._

Please state your complaint, including the individual harm alleged:

_I was reassigned from the 'Certified administrator' position of Principal to the 'non-certified administrator' position of 'Transportation coordinator.'_

Please state specific facts of which you are aware to support your complaint (list in detail using another sheet of paper if necessary):

_Per my 2020-2022 Contract, I am to be employed as a 'Certified administrator'. In accordance with my Contract, any reassignment should have been to a certified position, and my Salary should have remained unchanged throughout the Contract Period ending June, 30, 2022._

Please state the remedy you seek for this complaint:

_My Salary to remain the same throughout my Contract Period ending June 30, 2022._
_Accordingly, I am requesting a hearing with the school board on these matters, as well as others matters pertaining to this reassignment as soon as practicable._

_Kendrick Smith_                                    _2-1-2021_
Employee signature                                Date submitted

SMITH 018



# LIBERTY-EYLAU ISD *Spot the Difference!*

2901 Leopard Drive Texarkana, TX 75501
(903) 832-1535
www.leisd.net

March 3, 2021

*Via Hand Delivery*
Kendrick Smith
104 West Starlite Drive
Texarkana, TX. 75501

Re:    Level Two Complaint Response

Dear Mr. Smith:

On February 1, 2021, you filed a Level One Grievance. On February 9, 2021, a conference was held pursuant to Board Policy DGBA(LOCAL). At that conference I served as the hearing officer, and you, Paul Stafford, Dr. Ceretha Levingston, and Rhonda Crass, attorney for the District, attended. Please note, the Level One Grievance was held as a Level Two Grievance before me, the Superintendent, as I am the lowest level administrator with authority to grant your requested remedies. The conference was recorded and a copy of the recording was made available to your attorney.

Your grievance centers on your three objections related to your reassignment:

**Grievance 1:** You stated, pursuant to your contract, you are to be employed as a "certified administrator." However, you were reassigned to the position of Transportation Coordinator, a "non-certified administrator" position.

**Requested Remedy:** In previous communications between your counsel and the District's counsel, incorporated into the conference, you requested full reinstatement to your position as principal at Liberty-Eylau High School.

**Response:** Your requested remedy is denied. However, the District will reassign you to another "certified administrator" position, specifically, assistant principal at the Disciplinary Alternative Education Program ("DAEP").

**Grievance 2:** You object to a salary change during the course of your 2020-2022 term contract.

SMITH 019



LIBERTY-EYLAU ISD *Spot the Difference!*

2901 Leopard Drive Texarkana, TX 75501
(903) 832-1535
www.leisd.net

**Requested Remedy:** You request that your salary remain the same throughout your contract period ending June 30, 2022.

**Response:** Grievance denied. The District is permitted to make changes to compensation in accordance with the law. Your current salary will remain the same during the first year of your term contract, specifically the 2019-2020 school year. However, you will receive lawful notice prior to the penalty-free resignation date of any change in compensation for the 2021-2022 school year. For the 2021-2022 school year, the District intends to pay you commensurate with your reassigned position as assistant principal at the DAEP.

**Grievance 3:** You stated you were not consulted with by school administration prior to being interviewed during the course of the District's investigation.

**Requested Remedy:** You request a hearing before the Liberty-Eylau ISD Board of Trustees regarding these matters, and other matters related to your reassignment.

**Response:** In accordance with Board Policy DGBA(LOCAL), you are entitled to appeal this decision and file a Level Three grievance which will be heard by the Board within a reasonable time.

If the outcome of your Level Two grievance is not to your satisfaction, you may request a Level Three conference within ten (10) school/business days following your receipt of this response. I am attaching a copy of Board Policy DGBA(LEGAL) and (LOCAL), as well as a copy of the Level Three appeal form for your convenience.

Sincerely,

Ronnie Thompson
Superintendent

cc:    Paul Stafford (*via email:* paul@staffordfirmpc.com)
       Rhonda Crass (*via email:* rhonda@leasorcrass.com)

SMITH 020

# EXHIBIT 5

SMITH 021

Liberty-Eylau ISD
019908

PERSONNEL-MANAGEMENT  RELATIONS                                          DGBA
EMPLOYEE COMPLAINTS/GRIEVANCES                                       (LOCAL)

| | |
|---|---|
| **Complaints** | In this policy, the terms "complaint" and "grievance" shall have the same meaning. |
| Other Complaint Processes | Employee complaints shall be filed in accordance with this policy, except as required by the policies listed below. Some of these policies require appeals to be submitted in accordance with DGBA after the relevant complaint process: |

1.  Complaints alleging discrimination, including violations of Title IX (gender), Title VII (sex, race, color, religion, national origin), ADEA (age), or Section 504 (disability), shall be submitted in accordance with DIA.

2.  Complaints alleging certain forms of harassment, including harassment by a supervisor and violation of Title VII, shall be submitted in accordance with DIA.

3.  Complaints concerning retaliation relating to discrimination and harassment shall be submitted in accordance with DIA.

4.  Complaints concerning instructional resources shall be submitted in accordance with EF.

5.  Complaints concerning a commissioned peace officer who is an employee of the District shall be submitted in accordance with CKE.

6.  Complaints concerning the proposed nonrenewal of a term contract issued under Chapter 21 of the Education Code shall be submitted in accordance with DFBB.

7.  Complaints concerning the proposed termination or suspension without pay of an employee on a probationary, term, or continuing contract issued under Chapter 21 of the Education Code during the contract term shall be submitted in accordance with DFAA, DFBA, or DFCA.

| | |
|---|---|
| **Notice to Employees** | The District shall inform employees of this policy through appropriate District publications. |
| **Guiding Principles** | The Board encourages employees to discuss their concerns with their supervisor, principal, or other appropriate administrator who has the authority to address the concerns. Concerns should be expressed as soon as possible to allow early resolution at the lowest possible administrative level. |
| Informal Process | |
| | Informal resolution shall be encouraged but shall not extend any deadlines in this policy, except by mutual written consent. |

DATE ISSUED:  12/8/2014                                                            1 of 7
UPDATE 101
DGBA(LOCAL)-A

SMITH 022

Liberty-Eylau ISD
019908

PERSONNEL-MANAGEMENT  RELATIONS                                   DGBA
EMPLOYEE COMPLAINTS/GRIEVANCES                                  (LOCAL)

| | |
|---|---|
| Direct Communication with Board Members | Employees shall not be prohibited from communicating with a member of the Board regarding District operations except when communication between an employee and a Board member would be inappropriate because of a pending hearing or appeal related to the employee. |
| Formal Process | An employee may initiate the formal process described below by timely filing a written complaint form. |
| | Even after initiating the formal complaint process, employees are encouraged to seek informal resolution of their concerns. An employee whose concerns are resolved may withdraw a formal complaint at any time. |
| | The process described in this policy shall not be construed to create new or additional rights beyond those granted by law or Board policy, nor to require a full evidentiary hearing or "mini-trial" at any level. |
| **Freedom from Retaliation** | Neither the Board nor any District employee shall unlawfully retaliate against an employee for bringing a concern or complaint. |
| **Whistleblower Complaints** | Whistleblower complaints shall be filed within the time specified by law and may be made to the Superintendent or designee beginning at Level Two. Time lines for the employee and the District set out in this policy may be shortened to allow the Board to make a final decision within 60 calendar days of the initiation of the complaint. [See DG] |
| **Complaints Against Supervisors** | Complaints alleging a violation of law by a supervisor may be made to the Superintendent or designee. Complaint forms alleging a violation of law by the Superintendent may be submitted directly to the Board or designee. |
| **General Provisions** Filing | Complaint forms and appeal notices may be filed by hand-delivery, by electronic communication, including e-mail and fax, or by U.S. Mail. Hand-delivered filings shall be timely filed if received by the appropriate administrator or designee by the close of business on the deadline. Filings submitted by electronic communication shall be timely filed if they are received by the close of business on the deadline, as indicated by the date/time shown on the electronic communication. Mail filings shall be timely filed if they are postmarked by U.S. Mail on or before the deadline and received by the appropriate administrator or designated representative no more than three days after the deadline. |
| Scheduling Conferences | The District shall make reasonable attempts to schedule conferences at a mutually agreeable time. If the employee fails to appear at a scheduled conference, the District may hold the conference and issue a decision in the employee's absence. |

SMITH 023

Liberty-Eylau ISD
019908

PERSONNEL-MANAGEMENT  RELATIONS                                    DGBA
EMPLOYEE COMPLAINTS/GRIEVANCES                                  (LOCAL)

| | |
|---|---|
| Response | At Levels One and Two, "response" shall mean a written communication to the employee from the appropriate administrator. Responses may be hand-delivered, sent by electronic communication to the employee's e-mail address of record, or sent by U.S. Mail to the employee's mailing address of record. Mailed responses shall be timely if they are postmarked by U.S. Mail on or before the deadline. |
| Days | "Days" shall mean District business days, unless otherwise noted. In calculating time lines under this policy, the day a document is filed is "day zero." The following business day is "day one." |
| Representative | "Representative" shall mean any person who or an organization that does not claim the right to strike and is designated by the employee to represent him or her in the complaint process. |
| | The employee may designate a representative through written notice to the District at any level of this process. The representative may participate in person or by telephone conference call. If the employee designates a representative with fewer than three days' notice to the District before a scheduled conference or hearing, the District may reschedule the conference or hearing to a later date, if desired, in order to include the District's counsel. The District may be represented by counsel at any level of the process. |
| Consolidating Complaints | Complaints arising out of an event or a series of related events shall be addressed in one complaint. Employees shall not file separate or serial complaints arising from any event or series of events that have been or could have been addressed in a previous complaint. |
| | When two or more complaints are sufficiently similar in nature and remedy sought to permit their resolution through one proceeding, the District may consolidate the complaints. |
| Untimely Filings | All time limits shall be strictly followed unless modified by mutual written consent. |
| | If a complaint form or appeal notice is not timely filed, the complaint may be dismissed, on written notice to the employee, at any point during the complaint process. The employee may appeal the dismissal by seeking review in writing within ten days from the date of the written dismissal notice, starting at the level at which the complaint was dismissed. Such appeal shall be limited to the issue of timeliness. |
| Costs Incurred | Each party shall pay its own costs incurred in the course of the complaint. |

SMITH 024

Liberty-Eylau ISD
019908

PERSONNEL-MANAGEMENT  RELATIONS                                    DGBA
EMPLOYEE COMPLAINTS/GRIEVANCES                                    (LOCAL)

| | |
|---|---|
| Complaint and Appeal Forms | Complaints and appeals under this policy shall be submitted in writing on a form provided by the District. |
| | Copies of any documents that support the complaint should be attached to the complaint form. If the employee does not have copies of these documents, they may be presented at the Level One conference. After the Level One conference, no new documents may be submitted by the employee unless the employee did not know the documents existed before the Level One conference. |
| | A complaint or appeal form that is incomplete in any material aspect may be dismissed but may be refiled with all the required information if the refiling is within the designated time for filing. |
| Audio Recording | As provided by law, an employee shall be permitted to make an audio recording of a conference or hearing under this policy at which the substance of the employee's complaint is discussed. The employee shall notify all attendees present that an audio recording is taking place. |

**Level One**        Complaint forms must be filed:

1.  Within 15 days of the date the employee first knew, or with reasonable diligence should have known, of the decision or action giving rise to the complaint or grievance; and

2.  With the lowest level administrator who has the authority to remedy the alleged problem.

     In most circumstances, employees on a school campus shall file Level One complaints with the campus principal; other District employees shall file Level One complaints with their immediate supervisor.

     If the only administrator who has authority to remedy the alleged problem is the Superintendent or designee, the complaint may begin at Level Two following the procedure, including deadlines, for filing the complaint form at Level One.

If the complaint is not filed with the appropriate administrator, the receiving administrator must note the date and time the complaint form was  received and immediately forward the complaint form to the appropriate administrator.

The appropriate administrator shall investigate as necessary and schedule a conference with the employee within ten days after receipt of the written complaint. The administrator may set reasonable time limits for the conference.

SMITH 025

PERSONNEL-MANAGEMENT  RELATIONS                              DGBA
EMPLOYEE COMPLAINTS/GRIEVANCES                               (LOCAL)

Absent extenuating circumstances, the administrator shall provide the employee a written response within ten days following the conference. The written response shall set forth the basis of the decision. In reaching a decision, the administrator may consider information provided at the Level One conference and any other relevant documents or information the administrator believes will help resolve the complaint.

**Level Two**

If the employee did not receive the relief requested at Level One or if the time for a response has expired, the employee may request a conference with the Superintendent or designee to appeal the Level One decision.

The appeal notice must be filed in writing, on a form provided by the District, within ten days of the date of the written Level One response or, if no response was received, within ten days of the Level One response deadline.

After receiving notice of the appeal, the Level One administrator shall prepare and forward a record of the Level One complaint to the Level Two administrator. The employee may request a copy of the Level One record.

The Level One record shall include:

1. The original complaint form and any attachments.

2. All other documents submitted by the employee at Level One.

3. The written response issued at Level One and any attachments.

4. All other documents relied upon by the Level One administrator in reaching the Level One decision.

The Superintendent or designee shall schedule a conference within ten days after the appeal notice is filed. The conference shall be limited to the issues and documents considered at Level One. At the conference, the employee may provide information concerning any documents or information relied upon by the administration for the Level One decision. The Superintendent or designee may set reasonable time limits for the conference.

The Superintendent or designee shall provide the employee a written response within ten days following the conference. The written response shall set forth the basis of the decision. In reaching a decision, the Superintendent or designee may consider the Level One record, information provided at the Level Two conference, and any other relevant documents or information the Superintendent or designee believes will help resolve the complaint.

SMITH 026

Liberty-Eylau ISD
019908

PERSONNEL-MANAGEMENT  RELATIONS                                    DGBA
EMPLOYEE COMPLAINTS/GRIEVANCES                              (LOCAL)

Recordings of the Level One and Level Two conferences, if any, shall be maintained with the Level One and Level Two records.

**Level Three**

If the employee did not receive the relief requested at Level Two or if the time for a response has expired, the employee may appeal the decision to the Board.

The appeal notice must be filed in writing, on a form provided by the District, within ten days of the date of the written Level Two response or, if no response was received, within ten days of the Level Two response deadline.

The Superintendent or designee shall inform the employee of the date, time, and place of the Board meeting at which the complaint will be on the agenda for presentation to the Board.

The Superintendent or designee shall provide the Board the record of the Level Two appeal. The employee may request a copy of the Level Two record.

The Level Two record shall include:

1.    The Level One record.

2.    The notice of appeal from Level One to Level Two.

3.    The written response issued at Level Two and any attachments.

4.    All other documents relied upon by the administration in reaching the Level Two decision.

The appeal shall be limited to the issues and documents considered at Level Two, except that if at the Level Three hearing the administration intends to rely on evidence not included in the Level Two record, the administration shall provide the employee notice of the nature of the evidence at least three days before the hearing.

The District shall determine whether the complaint will be presented in open or closed meeting in accordance with the Texas Open Meetings Act and other applicable law. [See BE]

The presiding officer may set reasonable time limits and guidelines for the presentation, including an opportunity for the employee and administration to each make a presentation and provide rebuttal and an opportunity for questioning by the Board. The Board shall hear the complaint and may request that the administration provide an explanation for the decisions at the preceding levels.

In addition to any other record of the Board meeting required by law, the Board shall prepare a separate record of the Level Three

SMITH 027

Liberty-Eylau ISD
019908

PERSONNEL-MANAGEMENT  RELATIONS                                        DGBA
EMPLOYEE COMPLAINTS/GRIEVANCES                                       (LOCAL)

presentation. The Level Three presentation, including the presentation by the employee or the employee's representative, any presentation from the administration, and questions from the Board with responses, shall be recorded by audio recording, video/audio recording, or court reporter.

The Board shall then consider the complaint. It may give notice of its decision orally or in writing at any time up to and including the next regularly scheduled Board meeting. If the Board does not make a decision regarding the complaint by the end of the next regularly scheduled meeting, the lack of a response by the Board upholds the administrative decision at Level Two.

SMITH 028

# EXHIBIT 6

SMITH 029

Liberty-Eylau ISD
019908

ASSIGNMENT AND SCHEDULES

DK
(LOCAL)

| | |
|---|---|
| **Superintendent's Authority** | All personnel are employed subject to assignment and reassignment by the Superintendent or designee when the Superintendent determines that the assignment or reassignment is in the best interest of the District. Reassignment shall be defined as a transfer to another position, department, or facility that does not necessitate a change in the employment contract of a contract employee. Any change in an employee's contract shall be in accordance with policy DC. |
| | Any employee may request reassignment within the District to another position for which he or she is qualified. |
| **Campus Assignments** | The principal's criteria for approval of campus assignments and reassignments shall be consistent with District policy regarding equal opportunity employment, and with staffing patterns approved in the District and campus plans. [See BQ series]  In exercising their authority to approve assignments and reassignments, principals shall work cooperatively with the central office staff to ensure the efficient operation of the District as a whole. |
| **Assignment of Relatives** | An employee hired after June 8, 2016, shall not be assigned to a campus where any member of his or her family is in direct line of supervision. For purposes of this policy, immediate family shall be defined as parents, children, siblings, spouse, or the spouse of one of these relatives.  Transfers and reassignments shall also be restricted by this policy. |
| **Supplemental Duties** | Noncontractual supplemental duties for which supplemental pay is received may be discontinued by either party at any time. An employee who wishes to relinquish a paid supplemental duty may do so by notifying the Superintendent or designee in writing. Paid supplemental duties are not part of the District's contractual obligation to the employee, and an employee shall hold no expectation of continuing assignment to any paid supplemental duty. |
| **Work Calendars and Schedules** | Subject to the Board-adopted budget and compensation plan and in harmony with employment contracts, the Superintendent shall determine required work calendars for all employees. [See DC, EB] |
| | Daily time schedules for all employees shall be determined by the Superintendent or designee and principals. |

SMITH 030

# EXHIBIT 7

SMITH 031

# STAFFORD LAW FIRM, P.C.

### ATTORNEYS AND COUNSELORS

**3142 ROSS, DALLAS, TEXAS 75204
MAILING:  P. O. BOX 710404, DALLAS, TEXAS 75371
PHONE 214.649-3405  FAX 214.580-8104
www.staffordfirmpc.com**

PAUL K STAFFORD
EMAIL: paul@staffordfirmpc.com

AUSTIN
DALLAS
HOUSTON

January 11, 2021

_VIA:_      E-mail (_rhonda@leasorcrass.com_)

Leasor Crass
Attn:  Rhonda Crass
302 W. Broad Street
Mansfield, Texas 76063

**Re:      _Follow-up Letter of Representation – Kendrick Smith Termination of Employment_**

Dear Liberty Eylau ISD Attorney Rhonda Crass:

Please confirm receipt of this correspondence.

Kendrick Smith received a voicemail from you today (January 11, 2021) at 9:37 a.m.

Enclosed are Letters of Representation emailed on Saturday January 9, 2021 respectively to Liberty Eylau ISD Superintendent Ronnie Thompson and Board President Trevelyan Hodge.

As previously stated in the Letters of Representation to Liberty Eylau ISD, I am Paul K. Stafford of the Stafford Law Firm, P.C., and I represent Kendrick Smith in this employment matter.  Please direct all future communications and correspondence regarding this matter to me, and contact me as needed.

Sincerely,

_/s/ Paul K. Stafford_
Paul K. Stafford
STAFFORD LAW FIRM, P.C.

Enclosures:
January 9, 2021 Letter of Representation to Liberty Erylau ISD Superintendent Ronnie Thompson;
January 9, 2021 Letter of Representation to Liberty Erylau ISD Board President Trevelyan Hodge

SMITH 032

# STAFFORD LAW FIRM, P.C.

### ATTORNEYS AND COUNSELORS

<div align="center">
3142 ROSS, DALLAS, TEXAS 75204<br>
MAILING:  P. O. BOX 710404, DALLAS, TEXAS 75371<br>
PHONE 214.649-3405  FAX 214.580-8104<br>
www.staffordfirmpc.com
</div>

**PAUL K STAFFORD**
**EMAIL:** paul@staffordfirmpc.com

AUSTIN
DALLAS
HOUSTON

January 9, 2021

*VIA:*      E-mail (*ronnie.thompson@leisd.net*)

Liberty Eylau ISD
Attn:  Ronnie Thompson, Superintendent
2901 Leopard Drive
Texarkana, Texas 75501

**Re:**     *Letter of Representation – Kendrick Smith Termination of Employment*

Dear Liberty Eylau ISD:

Please confirm receipt of this correspondence.

I am Paul K. Stafford of the Stafford Law Firm, P.C., and I represent Kendrick Smith in this employment matter.  Please direct all future communications and correspondence regarding this matter to me.

Sincerely,

*/s/ Paul K. Stafford*
Paul K. Stafford
STAFFORD LAW FIRM, P.C.

SMITH 033

# STAFFORD LAW FIRM, P.C.

### ATTORNEYS AND COUNSELORS

**PAUL K STAFFORD**
**EMAIL:** paul@staffordfirmpc.com

**3142 ROSS, DALLAS, TEXAS 75204**
**MAILING:  P. O. BOX 710404, DALLAS, TEXAS 75371**
**PHONE 214.649-3405  FAX 214.580-8104**
**www.staffordfirmpc.com**

**AUSTIN**
**DALLAS**
**HOUSTON**

January 9, 2021

_VIA:_ E-mail (_trevelyan.hodge@leisd.net_)

Liberty Eylau ISD
Attn:  Trevelyan Hodge, Board President
2901 Leopard Drive
Texarkana, Texas 75501

**Re:** *Letter of Representation – Kendrick Smith Termination of Employment*

Dear Liberty Eylau ISD:

Please confirm receipt of this correspondence.

I am Paul K. Stafford of the Stafford Law Firm, P.C., and I represent Kendrick Smith in this employment matter.  Please direct all future communications and correspondence regarding this matter to me.

Sincerely,

_/s/ Paul K. Stafford_
Paul K. Stafford
STAFFORD LAW FIRM, P.C.

SMITH 034

# EXHIBIT 8

SMITH 035

# Liberty-Eylau Independent School District

**IT STARTS HERE**

2901 Leopard Dr. Texarkana, TX 75501
(903) 832-1535
www.leisd.net

February 2, 2021

Kendrick Smith                                                                   *VIA FIRST CLASS MAIL*
104 West Starlite Drive
Texarkana, TX. 75501

Re:     Report to the State Board for Educator Certification

Dear Mr. Smith,

Please accept this letter as notification that I will be filing a report to the State Board for Educator Certification (SBEC), and sanctions against your certification may result as a consequence.  A copy of the report is enclosed. Texas Education Code Section 21.006(b)(2)(E) and 19 Texas Administrative Code Section 249.14(d)(2)(E) require a superintendent to submit a report to SBEC upon learning that a certified educator committed a criminal offense or any part of a criminal offense on school property. On January 4, 2021, I received a report that you admittedly failed to report child abuse and neglect as required under Texas Family Code Chapter 261. I am required by law to report to SBEC this type of misconduct.

If you have any questions, please contact SBEC.

Sincerely,

Ronnie Thompson, Superintendent

cc:     Personnel File

          Campus Principal

          Board of Trustees

# Liberty-Eylau Independent School District



**IT STARTS HERE**

2901 Leopard Dr. Texarkana, TX 75501
(903) 832-1535
www.leisd.net

February 2, 2021

Director of Investigations                                    <u>Via fax to 512-936-8404</u>
Texas Education Agency
1701 N. Congress, 5th Floor
Austin, Texas 78701

           Re:    Superintendent's Report regarding Kendrick Smith
                TEA ID: <u>1087788</u>

Dear Sir or Madam:

Please accept this letter as my report under the disciplinary proceedings for educators, set forth in Texas Education Code § 21.006 and 19 Texas Administrative Code § 249.14. On or about January 4, 2021, I discovered that Kendrick Smith admittedly failed to make a report of child abuse and neglect as required under Texas Family Code Chapter 261. It is my understanding that this may be a crime under Tex. Family Code § 261.109 and that such occurred on school property. Acting in my official capacity as Superintendent, I believe that in good faith this constitutes a required report under Texas Education Code § 21.006(b)(2)(E).

As of the date of this report, Mr. Smith has not been terminated and has not resigned from his position at Liberty-Eylau ISD. I have notified the Liberty-Eylau ISD Board of Trustees and Mr. Smith that I will be filing this report pursuant to Texas Education Code § 21.006(b).

Pursuant to 19 Texas Administrative Code § 249.14, I am including the following information regarding Kendrick Smith:

        Name and any aliases:  Kendrick Smith
        TEA ID:  1087788
        Social Security Number:  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
        Last known mailing address:  104 West Starlite Dr., Texarkana, TX. 75501
        Home and daytime phone numbers:  903-278-1136

If you should have any questions, please feel free to contact me.

Sincerely,

*Ronnie Thompson*

Ronnie Thompson, Superintendent

cc:     Personnel File
bc:     Board of Trustees

SMITH 037

# EXHIBIT 9

SMITH 038



# Liberty-Eylau Independent School District

**IT STARTS HERE**

2901 Leopard Dr. Texarkana, TX 75501
(903) 832-1535
www.leisd.net

January 19, 2021

Mr. Kendrick Smith
104 West Starlite Drive
Texarkana, TX. 75501

Re: Notice of Reassignment

Dear Mr. Smith,

Effective tomorrow, Wednesday, January 20, 2021, you are hereby directed to return to work from administrative leave with pay and are reassigned to the position of Transportation Coordinator. Your direct supervisor will be Jeff Wright, Assistant Superintendent. Your office will be located at C.K. Bender. Your hours of service will be 6:00 a.m. until 4:30 p.m. daily and as needed when other issues arise. Mrs. Burnett will furnish you a job description later today which will outline your duties in your new position. Dr. Levingston will set up a time where you may clean out the office of the high school principal and move your personal items to the new office.

For the remainder of the 20-21 school year, your salary will remain the same as it currently is at this time. Beginning July 1, 2021 and for the remainder of the 21-22 school year under the second year of your two year term administrator contract, your salary will be annualized at $62,700. After the expiration of your current contract, you will receive a non-chapter 21 annual contract for the position. As an employee of LEISD, you are directed to follow all state and federal laws as well as board policy.

If you have any questions or need additional information, please contact Dr. Ceretha Levingston, Deputy Superintendent.

Sincerely,

Ronnie Thompson

Ronnie Thompson
Superintendent

I have received a copy of this letter on January 19, 2021.

Kendrick Smith

SMITH 039

# EXHIBIT 10

SMITH 040



**LEISD Job Description**

**Transportation Coordinator**
Rev. 2021
Liberty-Eylau ISD

| | | | |
|---|---|---|---|
| **Job Title:** | Transportation Coordinator | **Wage/Hour Status:** | Non-Exempt |
| **Reports to:** | Assistant Superintendent Operations | **Pay Grade:** Admin/Prof 2 | |
| **Dept./School:** | Administration | **Date Revised:** 2021 | |

**Primary Purpose:**

**Qualifications:**

**Special Knowledge/Skills:**
Ability to direct and manage operations of a large fleet of vehicles
Knowledge of energy management and vehicle repair and maintenance
Ability to manage budget and personnel
Ability to coordinate district function
Ability to implement policy and procedures
Ability to interpret data
Strong organizational, communication, and interpersonal skills
Possess CDL

**Experience:**
Three years supervisory experience, preferably in school district operations

## Major Responsibilities and Duties:

**Transportation**

1. Evaluate bus routes and schedules and recommend changes as needed to the Bowie County Transportation Department (BCTD). Work in conjunction with BCTD to develop plans to meet future needs.

2. Coordinate transportation for extracurricular activities, summer school, tutorials and staff travel.

3. Respond to emergency calls as needed. Operate buses and deliver buses to drivers when breakdowns occur.

4. Notify bus drivers, schools, and the public of any changes in bus routes and schedules.



© 2004 Texas Association of School Boards, Inc. All rights reserved.
Modified by LEISD 2021

SMITH 041



**LEISD Job Description**

**Transportation Coordinator**
Rev. 2021
Liberty-Eylau ISD

5. Supervise bus drivers and assigned routes; secure substitute drivers as needed.

6. Prepare, process, and maintain all documents required to verify safety certification and alcohol and drug testing of extracurricular bus drivers.

7. Assist campus administrators and bus drivers in gathering information related to student behavior and conduct.

8. Enforce safety standards that conform to state, federal, and insurance regulations and develop a program of preventive safety.

9. Compile and maintain all physical and computerized reports, records, and other documents required in the area of transportation, including bus driver files.

10. Comply with applicable personnel policies.

11. In conjunction with campuses, implement the district's student discipline policies and communicate to students expected behavior on buses.

12. Assist campus administrators and bus drivers in gathering information related to student behavior and conduct.

13. In conjunction with campuses, enforce discipline and suspension of riding privileges for any students who violate rules and regulations.

14. Prepare data necessary to process transportation payroll.

15. Approve and forward invoices for transportation to business office.

16. Process vehicle maintenance requests through BCTD.

17. Assist BCTD with bus assignments and securing substitutes as needed.

18. Assist BCTD with the recruitment, training, supervision and evaluation of all transportation personnel and make sound recommendations about placement, assignment, retention, discipline, and dismissal.

19. Help with gathering information in investigations of school bus accidents and student safety violations.

20. Ensure that transportation equipment is in excellent operating condition.



© 2004 Texas Association of School Boards, Inc. All rights reserved.
Modified by LEISD 2021

SMITH 042



**LEISD Job Description**

**Transportation Coordinator**
Rev. 2021
Liberty-Eylau ISD

## Other

21. Maintain good rapport with parents and community.

22. Maintain confidentiality.

23. Perform other duties as assigned

**Working Conditions:**

**Mental Demands/Physical Demands/Environmental Factors:**
Frequent prolonged and irregular hours. Prolonged use of computers. Maintain emotional control under stress.

The foregoing statements describe the general purpose and responsibilities assigned to this job and are not an exhaustive list of all responsibilities and duties that may be assigned or skills that may be required.

Employee's Signature

Date



© 2004 Texas Association of School Boards, Inc. All rights reserved.
Modified by LEISD 2021

SMITH 043

# EXHIBIT 11

SMITH 044



# Liberty-Eylau Independent School District



2901 Leopard Dr. Texarkana, TX 75501
(903) 832-1535
www.leisd.net

<u>March 17, 2021</u>

Mr. Kendrick Smith
104 West Starlite Drive
Texarkana, TX.  75501

Re:  Notice of Reassignment

Dear Mr. Smith,

Pursuant to your request that you be reassigned to a certified position, effective tomorrow, Thursday, March 18, 2021, you are reassigned to the position of Assistant Principal at DAEP. A job description is attached for your review. Your direct supervisor will be Diane Tyler. Your office will be located in the DAEP on the high school side. Your hours of service will be 7:30 a.m. until 4:30 p.m. daily and as needed when other issues arise.

For the remainder of the 2020-2021 school year, your salary will remain the same as it currently is at this time.  Beginning July 1, 2021 and for the remainder of the 2021-2022 school year under the second year of your two-year term administrator contract, your salary will be annualized at $70,224 at the rate of an Assistant Principal. As an employee of LEISD, you are directed to follow all state and federal laws as well as Board policy.

If you have any questions or need additional information, please contact Dr. Ceretha Brown, Deputy Superintendent.

Sincerely,

Ronnie Thompson
Superintendent

I have received a copy of this letter on <u>March 17, 2021.</u>

Kendrick Smith

SMITH 045



**LEISD Job Description**

**DAEP Assistant Principal**
Rev. 2021
Liberty-Eylau ISD

**Job Title:**     DAEP Assistant Principal

**Reports to:**   DAEP At-Risk Coordinator

**Dept./School:** DAEP

**Wage/Hour Status:  Exempt**

**Pay Grade:  Admin/Prof 3**

**Date Revised:  2020**

**Primary Purpose:**

Assist the school At-Risk Coordinator in overall administration of instructional program and campus level operations. Coordinate assigned student activities and services.

**Qualifications:**

**Education/Certification:**
Master's degree
Texas assistant principal or other appropriate Texas certificate
Certified appraiser

**Special Knowledge/Skills:**
Thorough understanding of school operations
Strong organizational, communication, and interpersonal skills
Ability to coordinate campus support operations

**Experience:**
Two years experience as a classroom teacher

**Major Responsibilities and Duties:**

**Instructional Management**

1.   Participate in development and evaluation of educational programs.

2.   Encourage and support development of innovative instructional programs, helping teachers pilot such efforts when appropriate.

3.   Promote the use of technology in the teaching/learning process.



**© 2004**      **Texas Association of School Boards, Inc. All rights reserved.**
**Modified by LEISD 2021**

SMITH 046



**LEISD Job Description**

**DAEP Assistant Principal**
Rev. 2021
Liberty-Eylau ISD

4. Follow and ensure that the LEISD curriculum implementation calendar is followed and that teachers are implementing each curriculum element outlined by six weeks period.

5. Identify what teaching staff needs to know and be able to gather, analyze, and use student assessment data at both the campus and classroom levels.

6. Ensure that each department meets in a Professional Learning Community on a regular basis to foster long term commitment to excellence. Be present for PLC meetings to ensure an atmosphere of collaborative experimentation that leads to continuous improvement, and that professional dialogue drives day to day decisions.

7. Identify areas of needed professional development and schedule workshops as necessary to assist staff in the effective implementation of the TEKS Resources curriculum.

8. Evaluate the progress that staff has made in achieving competencies related to TEKS Resources and student performance. Use this information to design a professional development plan to move the program forward.

**School/Organizational Climate**

9. Promote a positive, caring climate for learning.

10. Deal sensitively and fairly with persons from diverse cultural backgrounds.

11. Communicate effectively with students and staff.

**School/Organizational Improvement**

12. Participate in development of campus improvement plans with staff, parents, and community members.

13. Assist At-Risk Coordinator to maintain, develop and use information systems to track progress on campus performance objectives and academic excellence indicators.

**Personnel Management**

14. Observe employee performance, record observations, and conduct evaluation conferences.

15. Assist At-Risk Coordinator in interviewing, selecting, and orienting new staff.


© 2004    **Texas Association of School Boards, Inc. All rights reserved.**
**Modified by LEISD 2021**

SMITH 047

**LEISD Job Description** 

**DAEP Assistant Principal**
Rev. 2021
Liberty-Eylau ISD

### Administration and Fiscal/Facilities Management

16.    Supervise operations in At-Risk Coordinator's absence.

17.    Help plan daily school activities by participating in the development of class schedules, teacher assignments, and extracurricular activity schedules.

18.    Supervise reporting and monitoring of student attendance and work with secretary on follow-up investigations.

19.    Work with department heads and faculty to compile annual budget requests based on documented program needs.

20.    Requisition supplies, textbooks, and equipment; check inventory; maintain records; and verify receipts for materials.

21.    Assist with safety inspections and safety-drill practice activities.

22.    Coordinate support services as needed.

23.    Comply with federal and state laws, State Board of Education rule, and board policy.

### Student Management

24.    Ensure that students are adequately supervised during non instructional periods.

25.    Help to develop a student discipline management system that results in positive student behavior.

26.    Ensure that school rules are uniformly observed and that student discipline is appropriate and equitable.

27.    Conduct conferences on student and school issues with parents, students, and teachers.

### Professional Growth and Development

28.    Participate in professional development to improve skills related to job assignment.



© 2004   **Texas Association of School Boards, Inc. All rights reserved.**
**Modified by LEISD 2021**

SMITH 048



**LEISD Job Description**

**DAEP Assistant Principal**
Rev. 2021
Liberty-Eylau ISD

**School/Community Relations**

29.  Articulate the school's mission to the community and solicit its support in realizing mission.

30.  Demonstrate awareness of school-community needs and initiate activities to meet those needs.

31.  Use appropriate and effective techniques to encourage community and parent involvement.

**Other**

32.  Maintain confidentiality.

33.  Perform other duties as assigned.

**Supervisory Responsibilities:**

Share supervisory responsibility for professional staff with At-Risk Coordinator. Supervise teachers, custodians, paraprofessionals, clerical personnel and others as assigned.

**Working Conditions:**

**Mental Demands/Physical Demands/Environmental Factors:**
Maintain emotional control under stress. Work with frequent interruptions. Occasional district wide travel; occasional prolonged and irregular hours.

The foregoing statements describe the general purpose and responsibilities assigned to this job and are not an exhaustive list of all responsibilities and duties that may be assigned or skills that may be required.

Employee's Signature _____

Date _____
3-17-21



© 2004          **Texas Association of School Boards, Inc. All rights reserved.**
**Modified by LEISD 2021**

# EXHIBIT 12

SMITH 050

## LEISD 2020-2021 Administrator/Professional Pay Scale

| Pay Grade | Job Title | Calendars | | Minimum | Midpoint | Maximum |
|---|---|---|---|---|---|---|
| **1** | | | | | | |
| | Music Specialist | 11 | Monthly | $3,280 | $4,100 | $4,920 |
| | Supervisor - Custodial | 12 | 11 Months | 36,080 | 45,100 | 54,120 |
| | | | 12 Months | 39,360 | 49,200 | 59,040 |
| **2** | | | | | | |
| | Academic Advisor | 11 | Monthly | $3,870 | $4,838 | $5,806 |
| | Coordinator - PEIMS | 12 | 11 Months | 42,574 | 53,218 | 63,862 |
| | Coordinator - Transportation | 11 | 12 Months | 46,445 | 58,056 | 69,667 |
| | Director - Food Service | 12 | | | | |
| | Director - Maintenance | 12 | | | | |
| | Network Administrator | 12 | | | | |
| **3** | | | | | | |
| | Accountant - Staff | 12 | Monthly | $4,335 | $5,419 | $6,502 |
| | Assistant Principal - Early Childhood | 11 | 10 Months | 43,349 | 54,186 | 65,023 |
| | Asst Principal - Elementary | 11 | 11 Months | 47,683 | 59,604 | 71,525 |
| | Assistant Principal - High School | 11,12 | 12 Months | 52,018 | 65,023 | 78,027 |
| | Asst Principal - Middle School | 11,12 | | | | |
| | Band Director | 12 | | | | |
| | Behavioral Health Specialist | 10 | | | | |
| | Counselor - All campuses | 11 | | | | |
| | Diagnostician | 11 | | | | |
| | Lead Counselor | 11 | | | | |
| | Speech Therapist | 10 | | | | |
| **4** | | | | | | |
| | Curriculum Coordinator | 11,12 | Monthly | $4,753 | $5,728 | $6,701 |
| | Administrator, Instructional Technology | 12 | 11 Months | 52,292 | 63,003 | 73,714 |
| | | | 12 Months | 57,092 | 68,786 | 80,480 |
| **5** | | | Monthly | $5,375 | $6,554 | $7,734 |
| | At-Risk Coordinator | 11 | 11 Months | 59,072 | 72,038 | 85,007 |
| | Coor of State Programs & Certification | 12 | 12 Months | 64,494 | 78,651 | 92,809 |
| | Director - Communications | 12 | | | | |
| | Director - CTE | 12 | | | | |
| | Director - Technology | 12 | | | | |
| | Federal Programs Coordinator | 12 | | | | |
| | Principal - Early Childhood | 12 | | | | |
| | Principal - Elementary | 12 | | | | |
| **6** | | | | | | |
| | Business Manager | 12 | Monthly | $5,697 | $6,948 | $8,198 |
| | Director - Human Resources | 12 | 12 Months | 68,364 | 83,371 | 98,377 |
| | Principal - Middle School | 12 | | | | |

20

SMITH 051

**7**

| | | | Monthly | $6,112 | $7,364 | $8,616 |
|---|---|---|---|---|---|---|
| Director - Athletics | 12 | | 12 Months | 73,349 | 88,373 | 103,396 |
| Exec Director - Curriculum & Instruction | 12 | | | | | |
| Exec Director - Special Populations | 12 | | | | | |
| Principal - High School | 12 | | | | | |

**8**

| | | | Monthly | $6,990 | $8,322 | $9,653 |
|---|---|---|---|---|---|---|
| Asst Superintendent - Operations | 12 | | 12 Months | 83,883 | 99,861 | 115,839 |

**9**

| | | | Monthly | $9,008 | $10,598 | $12,187 |
|---|---|---|---|---|---|---|
| Deputy Superintendent | 12 | | 12 Months | 108,096 | 127,173 | 146,247 |

SMITH 052

# EXHIBIT Y

(fully incorporated by reference herein)

# EXHIBIT Z



**Texas Education Agency**

Commissioner Mike Morath

1701 North Congress Avenue • Austin, Texas 78701-1494 • 512 463-9734 • 512 463-9838 FAX • tea.texas.gov

7020 0090 0000 1574 5480
WRITTEN NOTICE OF INVESTIGATION

March 25, 2021

Kendrick A. Smith
104 W. Starlite Drive
Texarkana, Texas  75501

**RE: Report to the State Board for Educator Certification**

Dear Mr. Smith:

The State Board for Educator Certification has received information that could potentially impact your Texas educator certificate(s).  The Educator Investigations Division has opened a case file to review and investigate this information.

The allegations are as follows:

failed to report child abuse/neglect

Due to the allegations, an investigation notice has been placed on your certification record. This notice will remain on your certification record during the investigation unless you are able to show cause, in writing, within ten days of receipt of this letter why the notice should be removed.

We appreciate your cooperation.

Sincerely,

Deborah Tramel Owen
Investigator
Texas Education Agency
Educator Investigations Division
1701 North Congress Avenue
Austin, TX  78701-1494
Office:  512-463-3903
Fax:  512-936-8404

# EXHIBIT AA

# *Texas Educator Certificate*

**Click here to go to EDUCATOR SANCTION HISTORY section**

*This certifies that*

## *Kendrick A Smith*

*has fulfilled requirements of state law and regulations of the*
*State Board for Educator Certification*
*and is hereby authorized to perform duties as designated below:*

### STANDARD

| Description | Effective Date | Expiration Date | Status |
|---|---|---|---|
| **Classroom Teacher** | | | |
| Secondary Health Education Grades (6-12) | 02/01/2021 | 01/31/2027 | Valid |
| **Principal** | | | |
| Principal Grades (EC-12) | 02/01/2021 | 01/31/2027 | Valid |
| **Classroom Teacher** | | | |
| Secondary Health Education Grades (6-12) | 05/10/2003 | 01/31/2009 | Expired |
| Secondary Health Education Grades (6-12) | 02/01/2009 | 01/31/2015 | Expired |
| Secondary Health Education Grades (6-12) | 02/01/2015 | 01/31/2021 | Expired |
| **Principal** | | | |
| Principal Grades (EC-12) | 02/01/2015 | 01/31/2021 | Expired |
| Principal Grades (EC-12) | 08/02/2008 | 01/31/2009 | Expired |
| Principal Grades (EC-12) | 02/01/2009 | 01/31/2015 | Expired |

### PROBATIONARY

| Description | Effective Date | Expiration Date | Status |
|---|---|---|---|
| Principal Grades (EC-12) | 07/01/2006 | 07/01/2007 | Expired |

| Principal Grades (EC-12) | 07/30/2007 | 07/30/2008 | Expired |
|---|---|---|---|
| Principal Grades (EC-12) | 07/28/2008 | 07/28/2009 | Expired |

### EMERGENCY PERMIT

| Description | Effective Date | Expiration Date | Status |
|---|---|---|---|
| Secondary Health Education Grades (6-12) | 09/06/2000 | 08/31/2001 | Expired |

Note: This individual is currently under review by the TEA Educator Investigations Division.

**Official Record of Certification**
**Monday, March 29, 2021**

New Search    Close Window

v4.2

# EXHIBIT BB

Regular Meeting
Thursday, April 22, 2021 6:00 PM Central

Board Room
2901 Leopard Drive
Texarkana, TX 75501

1. Call to Order
   ***The meeting was called to order by Board President Trevelyan Hodge***
2. Prayer ***by Mr. James Keeton***

3. Pledge ***by Mr. Chad Turner***

4. Roll Call (Board Members and Administrators)
***Trevelyan Hodge, Scott Bergt, Debbie Courtney, Chad Turner, Becky Fellers, James Keeton, Rosiland Davis***
***Ronnie Thompson, Dr. Ceretha Brown, Brooke Haugh, Brandy Burnett, Matt Fry, Officer Wooldridge, Ronda Jameson, Frank Rougeau, Diane Tyler, Kendrick Smith, Rachael McMurry, Shelitha Green***

5. Audience (Special Guests and Visitors)
***Stephanie Maddox, Donna Cooper, Rosie Watson, Jeff Elliott, Marketta Walton, Gerald Walton, Derrick McGary, Elizabeth Haugh, Tiz Ta, Teresa Blackwell, Juanita Barlow, David Cooke, Stacy Barlow, Willie Betts, Broc Lomax, Steven Strong, Carolyn Oliver, Andrew Bell, Herman Gooden, Liliana Luna, Dr. James A. Moore, Paul Stafford, DeAna Smith, Kyron Smith, Jameka Coleman, Alesha Wesley, Tony Kirk, Vyshetta Watson, John Mullew***

6. Staff and Student Recognition

   6.A. Employee of the Month  ***Shelitha Green was supposed to be recognized as Employee of the Month. Mrs. Green had an exam. She will be recognized at our May Board meeting.***

7. Open Forum

8. Reports

   8.A. SHAC 2020-2021 Annual Report
   ***Rachael McMurry, school nurse, presented the SHAC report***

   8.B. Financial Report
   ***Financial Report was given by Frank Rougeau***

   8.C. Superintendent Report
   ***Report was deferred to Dr. Ceretha Levingston, Deputy Superintendent, to provide report to the board on summer programs that the district intends to offer.***

   8.D. Enrollment Report
   ***Enrollment report was given by Ronnie Thompson, Superintendent***

9. Consent Agenda Items

   9.A. Consider Minutes of  March 18 , 2021 and March 25, 2021

   9.B. Consider Expenditures for March 2021

9.C. Consider Investment Report

9.D. Consider Transfer Students for 2020-2021
***Motion by Scott Bergt and second by Debbie Courtney to approve the consent agenda items as presented***
***Motion Carried Unanimously 7-0***

10. Regular Business

10.A**.** Hybrid Instruction During District Scheduled Testings Days for K-8th and 40% Campus Hybrid Instruction for 9th-12th Grade Students Waiver Request

***Motion by James Keeton and second by Chad Turner to approve the Hybrid Instruction During District Scheduled Testings Days for K-8th and 40% Campus Hybrid Instruction for 9th-12th Grade Students Waiver Request as presented***

***Motion Carried Unanimously 7-0***

10.B.  Instructional Materials Allotment & TEKS Verification Form
***Motion by Chad Turner and second by Scott Bergt to approve the Instructional Materials Allotment & TEKS Verification Form***
***Motion Carried Unanimously 7-0***

10.C. Budget Amendment
***Motion by Debbie Courtney and second by Becky Fellers to approve the Budget Amendment as presented***
***Motion Carried Unanimously 7-0***

11.  ***6:35 PM***

A.  Adjournment to closed session pursuant to Texas Government Code Sections §551.071, to consult with the District's attorney and §551.074 for the purpose of considering the appointment, employment, evaluation, reassignment, duties, discipline, or dismissal of a public officer, employee;

Discussion and Consideration of proposed non-renewal of term contract teacher, Aquanetta Watson

B.  Pursuant to Texas Government Code Section 551.071, to consult with the District's attorney, in person or by phone, on a matter in which the duty of the attorney to the District, under the Texas Disciplinary Rules of Professional Conduct of the State Bar of Texas clearly conflicts with Chapter 551 of the Texas Government Code, including to provide legal advice regarding a Level III employee complaint.

Pursuant to Texas Government Code Section 551.074 to deliberate the appointment, employment, evaluation, reassignment, duties, discipline, or dismissal of a public officer or

employee, or to hear a complaint or charge against an officer or employee, including to conduct a Level III hearing on an employee complaint.

551.071 Consultation with Attorney
551.072 Deliberation Regarding Real Property
551.073 Deliberation Regarding Prospective Gift
551.074 Personnel Matters
551.075 Conference with Employees
551.076 Deliberation Regarding Security Devices
551.082 School Children; School District Employees, Disciplinary Matter or Complaint
551.083 Certain School Boards; Closed Meeting Regarding Consultation with Representative of Employee Group
551.084 Investigation; Exclusion of Witness from a Hearing

11. Reconvene in Open Meeting *7:50 PM*

A. Consideration of as possible action on Superintendent's recommendation to propose the Non-Renewal of the Chapter 21 Term Contract and Give Notice of the proposed Non-Renewal to teacher, Aquanetta Watson

*We're pulling item 11A from the agenda and no action will be taken – Board President Trevelyan Hodge on behalf of the Board of Trustees*

B Consider and take action regarding Level III Grievance heard at a called meeting on March 25, 2021.

*Board President, Trevelyan Hodge expressed the board decision of the Level III grievance heard on March 25, 2021.*
*Item 1 of the Grievance has already been granted at Level II*
*Item 3 of the Grievance has already been granted*
*Item 2 of the Grievance requested relief is being award by the board*

12. Review and Consider personnel as presented by Superintendent
*Motion by Scott Bergt and second by Debbie Courtney to approved the personnel as presented by the Superintendent*
*Motion Carried Unanimously 7-0*

13. Informational Items

13.A.  Report on training hours received from May 1, 2020, to the current date for the board of trustees and distribution of Framework for School Board Development to the superintendent and each board member -*Board President Trevelyan Hodge reported the board training hours for the past year.*

14. Adjourn *8:10 PM*

# EXHIBIT CC

**FELICIA WEBB**
ATTORNEY

DIRECT 682.422.0022
*FELICIA@LEASORCRASS.COM*



302 W. BROAD STREET
MANSFIELD, TEXAS 76063
682.422.0009
FAX 682.422.0008
WWW.LEASORCRASS.COM

April 27, 2021

Kendrick Smith                                    *via email at paul@staffordfirmpc.com*
c/o Paul Stafford
Stafford Law Firm, P.C.
P. O. Box 710404
Dallas, Texas 75371

        Re:     Level III Hearing Decision and Request for Information

Dear Mr. Smith,

As you know, the Liberty-Eylau ISD Board of Trustees heard your Level III grievance on Thursday, March 25, 2021, during a special called Board meeting. After hearing and considering your grievance, the Board voted as follows at the next regularly scheduled Board meeting on April 22, 2021:

**Grievance Item 1**, specifically to be reassigned to a certified administrator position, was granted at Level II. As a result, this decision was upheld by the Board.

**Grievance Item 3**, specifically to have a hearing before the Liberty-Eylau ISD Board of Trustees, was previously granted by the Board on March 25, 2021 at the Level III grievance hearing. As a result, this grievance was previously addressed and granted.

**Grievance Item 2**, specifically that your salary remain unchanged throughout your contract ending June 30, 2022, is granted by the Board. As a result, your salary will remain unchanged through the remainder of your current contract term.

You and your counsel were in attendance and present to hear the decision of the Board on April 22, 2021. This letter serves as written notice of the Board's decision.

Lastly, on Friday, April 23, 2021, your counsel requested, in pertinent part, the following information:

        "[A] complete copy of the entire minutes and tape recordings and a complete written
        transcript of the tape recordings of the April 22, 2021 Board of Trustees Special Meeting,
        or alternatively, make the minutes and tape recordings available for public inspection and
        copying."

Enclosed with this letter are the unofficial minutes for the April 22, 2021. Please note, the minutes will not become official until they are approved by the Board at the next regular Board meeting. Additionally, you requested the tape recordings and/or transcript from the Board meeting. The April 22, 2021 Board meeting was not recorded and, therefore, the District is unable to provide you with the requested recording or transcript.

April 27, 2021
Page 2


Should you have questions or concerns regarding this letter, please contact Ronnie Thompson, Superintendent, or Rhonda Crass, attorney for the Board.


Sincerely,

Felicia Webb


cc:     Ronnie Thompson, Superintendent
        Dr. Ceretha Brown, Deputy Superintendent
        Rhonda Crass, Attorney for the Board

enc:    April 22, 2021 – Unofficial Minutes

# EXHIBIT DD

**From:** Paul K. Stafford  paul@staffordfirmpc.com  📎
**Subject:** Smith, Kendrick - Response & Show Cause Submission to TEA SBEC
**Date:** May 10, 2021 at 3:02 PM
**To:** Owen, Deborah  Deborah.Owen@tea.texas.gov
**Bcc:** Kendrick Smith  kasmith1906@gmail.com

To:        Deborah Tramel Owen, Investigator, Educator Investigations Division, Texas Education Agency (SBEC)
From:    Kendrick Smith, through his attorney Paul K. Stafford
Re:        Response & Show Cause Submission to TEA SBEC
Date:    May 10, 2021

Attached is the Response & Show Cause Submission to TEA SBEC regarding the investigation of Kendrick Smith's certification.

Also attached is an Appendix of relevant documents as Exhibits (A, B, D, E, J, K, M, N, O, P, Q, S, U, V, W, X, Z, AA, BB, and CC).

Also attached are three additional attachments representing four Exhibits (C, L, and R) as follows:
- Exhibit C – January 11-12, 2021 Emails
- Exhibit L (see Exhibit F) – January 19 & 25, 2021 Emails between Paul K. Stafford and LEISD's Felicia Webb
- Exhibit R – February 2 & 9, 2021 Emails sent from Paul K. Stafford to LEISD's Attorneys Rhonda Crass & Felicia Webb.

Also, several Exhibits (B, F, G, H, I, T, and Y) were sent under separate cover (via email), specifically:

- Exhibit B – "Group Text" (2 emails, sent under separate cover)
- Exhibit F (see Exhibit L) – January 2021 Emails (Letters of Representation to Rhonda Crass, Ronnie Thompson, and Trevelyan Hodge)
- Exhibit G – January 11, 2021 9:37 a.m. Voicemail from Rhonda Crass to Kendrick Smith (sent under separate cover)
- Exhibit H – March 29, 2021 Emails between Superintendent Ronnie Thompson & Kendrick Smith
- Exhibit I – April 6 & 19, 2021 Emails regarding Superintendent Ronnie Thompson's communications with Kendrick Smith
- Exhibit T – Recording of February 9, 2021 Level II Grievance Hearing (sent under separate cover)
- Exhibit Y – Email, April 6, 2021, from Desiree Griffith (of Leasor Crass, P.C. to Paul K. Stafford, with Dropbox link to recording of March 25, 2021 LEISD Special Board Meeting Level III Grievance Hearing (send under separate cover)


Please confirm receipt of the Response, the Appendix, the three additional Exhibit documents attached, and the seven additional Exhibit documents sent under separate cover (via email), and contact me as needed with any questions.  Thanks.

**PAUL K. STAFFORD**
**STAFFORD LAW FIRM, P.C.**
**P.O. BOX 710404**

**Dallas, Texas 75371**
**Telephone:       214.649.3405**
**Facsimile:       214.580.8104**
paul@staffordfirmpc.com
www.staffordfirmpc.com

**PROBLEM.** *SOLVERS.*

*This message may contain confidential and attorney-client privileged communications.*
*If received in error, please disregard, do not read, reply to me that you have received the communication in error, and delete the message.  Thank you.*

            

Smith, Kendrick - Resp...1) .pdf   Mail Attachment   Mail Attachment   Mail Attachment   Smith, Kendrick - Appe...) 2.pdf

EXHIBIT EE



**Texas Education Agency**

**Commissioner Mike Morath**

1701 North Congress Avenue • Austin, Texas 78701-1494 • 512 463-9734 • 512 463-9838 FAX • tea.texas.gov

June 8, 2021

Kendrick A. Smith
c/o Attorney Paul K. Stafford
via email: paul@staffordfirmpc.com

Dear Mr. Smith:

This letter is to notify you that the official inquiry undertaken by the Texas Education
Agency, Educator Leadership and Quality Division, has been completed.  The
circumstances currently surrounding the investigation were deemed not to warrant further
action at this time and the case is being administratively closed.

Sincerely,

Deborah Tramel Owen
Investigator
TEA-Educator Preparation, Certification & Enforcement Department
1701 Congress Avenue
Austin, Texas 78701
Office: 512-463-3903

Cc: Liberty-Eylau ISD Superintendent Thompson via email

# EXHIBIT FF

EEOC Form 5 (11/09)

| | |
|---|---|
| **CHARGE OF DISCRIMINATION**<br>This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | **Charge Presented To:**  **Agency(ies) Charge No(s):**<br>☐ FEPA<br>☒ EEOC |

| Texas Workforce Commission | and EEOC |
|---|---|
| *State or local Agency, if any* | |

| Name (Indicate Mr., Ms., Mrs.) | Home Phone (Incl. Area Code) | Date of Birth |
|---|---|---|
| Mr. Kendrick Smith | 9032781136 | January 4, 1974 |

| Street Address | City, State and ZIP Code |
|---|---|
| 104 W. Starlite Dr., Texarkana, TX 75501 | |

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. (*If more than two are named, list under PARTICULARS below.*)

| Name | No. Employees, Members | Phone No. (Incl. Area Code) |
|---|---|---|
| Liberty-Eylau Independent School District (LEISD) | 100+ | 9038321535 |

| Street Address | City, State and ZIP Code |
|---|---|
| 2901 Leopard Dr., Texarkana, TX 75501 | |

| Name | No. Employees, Members | Phone No. (Incl. Area Code) |
|---|---|---|
| | | |

| Street Address | City, State and ZIP Code |
|---|---|
| | |

DISCRIMINATION BASED ON (*Check appropriate box(es).*)

☒ RACE  ☒ COLOR  ☐ SEX  ☐ RELIGION  ☒ NATIONAL ORIGIN

☒ RETALIATION  ☐ AGE  ☒ DISABILITY  ☐ GENETIC INFORMATION

☒ OTHER (Specify) Harassment

**DATE(S) DISCRIMINATION TOOK PLACE**
Earliest 1/4/21   Latest 11/29/21

☐ CONTINUING ACTION

THE PARTICULARS ARE (*If additional paper is needed, attach extra sheet(s)*):

On May 10, 2021, Kendrick Smith ("Mr. Smith") filed a "Response and Show Cause Submission to the Texas Education Agency's ("TEA") State Board of Educator Certification ("SBEC") Requesting Removal of Investigation Notice from Kendrick Smith's Certification Record, Conclusion of the Investigation, and Dismissal of Allegations in the LEISD Report ("Show Cause Submission" attached hereto and fully incorporated herein by referenced herein with exhibits and attachments), in response to a March 29, 2021 Written Notice of Investigation from the TEA regarding a report of Kendrick Smith's 'failure to report child abuse/neglect', submitted on February 2, 2021 by Liberty Eylau Independent School District (LEISD) to the Director of Investigations of the TEA and being investigated by SBEC. The Show Cause Submission requested that the investigation notice be removed from Mr. Smith's certification record and that the investigation be closed as the allegations were wholly without merit. TEA agreed in a June 8, 2021 letter from TEA Investigator Deborah Owen, stating the TEA's official inquiry had been completed, and that the "circumstances currently surrounding the investigation were deemed not to warrant further action at this time and the case is being administratively closed".

By way of background, LEISD confronted Mr. Smith on January 4, 2021 with allegations that he had 'failed to report child abuse and neglect, and stated that he could resign or be terminated. On January 5, 2021, he was removed as Principal and reassigned to a position with LEISD with lesser pay. On February 1, 2021, Mr. Smith filed a Level I Grievance. On the next day (February 2, 2021), and in retaliation for Mr. Smith's Level I Grievance, LEISD (through Superintendent Ronnie Thompson) sent a letter to TEA SBEC indicating that 'based upon a report received on January 4, 2021, Mr. Smith had failed to report child abuse and neglect'. The Level I Grievance was heard as a Level II Grievance on February 9, 2021, with LEISD issuing it Level II Greivance Response on March 2, 2021, reaffirming its discriminatory treatment, removal, reassignment, retaliation, and harassment of Mr. Smith. On March 9, 2021, Mr. Smith filed his Level III Grievance, and on March 17, 2021 Mr. Smith was again reassigned by LEISD (effective March 18, 2021). The Level III Grievance which was heard by the LEISD Board on March 25, 2021, with no determination at that time.

| | |
|---|---|
| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – When necessary for State or Local Agency Requirements<br><br>I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief. |
| I declare under penalty of perjury that the above is true and correct.<br><br>February 17, 2022 _____<br>Date          Charging Party Signature | SIGNATURE OF COMPLAINANT<br><br>SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE (month, day, year)<br><br>February 17, 2022<br><br>**DERRICK MCGARY**<br>My Notary ID # 124151979<br>Expires March 13, 2025 |

<table>
<tr><td rowspan="3"><strong>CHARGE OF DISCRIMINATION</strong><br><br>This form is affected by the Privacy Act of 1974. See enclosed Privacy Act<br>Statement and other information before completing this form.</td><td colspan="2">Charge Presented To:</td><td>Agency(ies) Charge No(s):</td></tr>
<tr><td>☐ FEPA</td><td></td><td></td></tr>
<tr><td colspan="2">☒ EEOC</td><td></td></tr>
</table>

|  |  |
|---|---|
| Texas Workforce Commission | and EEOC |
| *State or local Agency, if any* | |

THE PARTICULARS ARE (If additional paper is needed, attach extra sheet(s)):

On April 22, 2021, the LEISD Board reconvened for the determination of Mr. Smith's Level III Grievance. After additional deliberation, the LEISD Board took no action on Grievance points 1 & 3, as the relief had already been granted; however, the LEISD Board granted Grievance point #2, and (although reassigned to the position of Assistant Principal for DAEP) granted Mr. Smith his full salary per his Term Contract for the 2021-2022 school year ending June 30, 2022. (Exhibit BB - Unofficial Minutes of April 22, 2021 LEISD Board Meeting (    Unofficial Minutes of April 22, 2021 LEISD Board Meeting")). On April 27, 2021, LEISD sent Mr. Smith's attorney a letter articulating the decision of the LEISD Board. (See Exhibit CC - April 27, 2021 Letter re Level III Hearing Decision and Request for Information).

It is apparent from these facts (and the Show Cause Submission) that Kendrick Smith did not fail to report child abuse or neglect. It is apparent from the law that he committed no crime, because he had no 'cause to believe' that child abuse or neglect had occurred or was occurring based upon his conversation with Nidia Coleman in May 2019. Twenty months later (in January 2021), LEISD (led by its Superintendent Ronnie Thompson and its attorney Rhonda Crass) conducted an 'investigation' which included an interrogation of Mr. Smith in an attempt to coerce some type of confession from Mr. Smith to wrong-doing. LEISD, Ms. Crass, and Superintendent Thompson then attempted to utilize this investigation to force the resignation of Mr. Smith, to threaten termination of Mr. Smith, to defame Mr. Smith in the public and through local media outlets by placing Mr. Smith in a false-light, and to improperly report Mr. Smith to the TEA SBEC. Mr. Smith was removed from his position as Principal of Liberty Eylau High School. He was never terminated. He was never been charged with any offense by Child Protective Services, by law enforcement, or by any administrative agency. In fact, after a prolonged grievance process, he had been reassigned to a position of Assistant Principal of DAEP, a certified-administrator position consistent with the Term Contract, and without a reduction in salary. To date, Mr. Smith's contract with LEISD has not been renewed, and is set to expire on June 30, 2022. Mr. Smith is now employed with another school district, with a salary approximately $20,000 less that what he was making at LEISD.

The acts and omissions of LEISD constitute discrimination and harassment based upon race, color, national origin, as well as retaliation, in violation of state and federal laws, including Texas Labor Code Chapter 21, and Title VII of the Civil Rights Act of 1964. The investigating agency (TEA) agrees that these allegations which caused Mr. Smith to be threatened with termination, removed from his position as Principal, reassigned, subjected to retaliation, and harassed, are without merit. Accordingly, Mr. Smith seeks a right to sue and to pursue recourse for the discrimination and harassment that he suffered through the acts and omissions of LEISD, and for such other relief to which he may be justly entitled at law or equity.

| | |
|---|---|
| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – When necessary for State or Local Agency Requirements |
| | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief. |
| I declare under penalty of perjury that the above is true and correct. | SIGNATURE OF COMPLAINANT |
| February 17, 2022 _____ | SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE (month, day, year) |
| Date          Charging Party Signature | February 17, 2022 |

DERRICK MCGARY
My Notary ID # 124151979
Expires March 13, 2025

CP Enclosure with EEOC Form 5 (11/09)

**PRIVACY ACT STATEMENT:** Under the Privacy Act of 1974, Pub. Law 93-579, authority to request personal data and its uses are:

**1. FORM NUMBER/TITLE/DATE.** EEOC Form 5, Charge of Discrimination (11/09).

**2. AUTHORITY.** 42 U.S.C. 2000e-5(b), 29 U.S.C. 211, 29 U.S.C. 626, 42 U.S.C. 12117, 42 U.S.C. 2000ff-6.

**3. PRINCIPAL PURPOSES.** The purposes of a charge, taken on this form or otherwise reduced to writing (whether later recorded on this form or not) are, as applicable under the EEOC anti-discrimination statutes (EEOC statutes), to preserve private suit rights under the EEOC statutes, to invoke the EEOC's jurisdiction and, where dual-filing or referral arrangements exist, to begin state or local proceedings.

**4. ROUTINE USES.** This form is used to provide facts that may establish the existence of matters covered by the EEOC statutes (and as applicable, other federal, state or local laws).  Information given will be used by staff to guide its mediation and investigation efforts and, as applicable, to determine, conciliate and litigate claims of unlawful discrimination.  This form may be presented to or disclosed to other federal, state or local agencies as appropriate or necessary in carrying out EEOC's functions.  A copy of this charge will ordinarily be sent to the respondent organization against which the charge is made.

**5. WHETHER DISCLOSURE IS MANDATORY; EFFECT OF NOT GIVING INFORMATION.** Charges must be reduced to writing and should identify the charging party and respondent and the actions or policies complained of.  Without a written charge, EEOC will ordinarily not act on the complaint.  Charges under Title VII, ADA or GINA must be sworn to or affirmed (either by using this form or by presenting a notarized statement or unsworn declaration under penalty of perjury); charges under the ADEA should ordinarily be signed.  Charges may be clarified or amplified later by amendment.  It is not mandatory that this form be used to make a charge.

### NOTICE OF RIGHT TO REQUEST SUBSTANTIAL WEIGHT REVIEW

Charges filed at a state or local Fair Employment Practices Agency (FEPA) that dual-files charges with EEOC will ordinarily be handled first by the FEPA.  Some charges filed at EEOC may also be first handled by a FEPA under worksharing agreements.  You will be told which agency will handle your charge.  When the FEPA is the first to handle the charge, it will notify you of its final resolution of the matter.  Then, if you wish EEOC to give Substantial Weight Review to the FEPA's final findings, you must ask us in writing to do so within 15 days of your receipt of its findings.  Otherwise, we will ordinarily adopt the FEPA's finding and close our file on the charge.

### NOTICE OF NON-RETALIATION REQUIREMENTS

Please **notify** EEOC or the state or local agency where you filed your charge **if retaliation is taken against you or others** who oppose discrimination or cooperate in any investigation or lawsuit concerning this charge.  Under Section 704(a) of Title VII, Section 4(d) of the ADEA, Section 503(a) of the ADA and Section 207(f) of GINA, it is unlawful for an *employer* to discriminate against present or former employees or job applicants, for an *employment agency* to discriminate against anyone, or for a *union* to discriminate against its members or membership applicants, because they have opposed any practice made unlawful by the statutes, or because they have made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under the laws. The Equal Pay Act has similar provisions and Section 503(b) of the ADA prohibits coercion, intimidation, threats or interference with anyone for exercising or enjoying, or aiding or encouraging others in their exercise or enjoyment of, rights under the Act.

EXHIBIT GG

U.S. Department of Justice

Civil Rights Division

NOTICE OF RIGHT TO SUE WITHIN 90 DAYS

VIA EMAIL

*150 M Street, N.E.*
*Karen Ferguson , EMP, 4CON, Room 9.514*
*Washington, DC 20530*

July 29, 2022

Mr. Kendrick Smith
c/o Paul Stafford, Esquire
Law Offices of Stafford & Moore
325 N. St. Paul
Suite 2210
Dallas, TX  75201

Re:  EEOC Charge Against Liberty Eylau ISD
       No. 450202202930

Dear Mr. Smith:

Because you filed the above charge with the Equal Employment Opportunity Commission, and the Commission has determined that it will not be able to investigate and conciliate that charge within 180 days of the date the Commission assumed jurisdiction over the charge and the Department has determined that it will not file any lawsuit(s) based thereon within that time, and because you through your attorney have specifically requested this Notice, you are hereby notified that you have the right to institute a civil action under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. 2000e, et seq., against the above-named respondent.

If you choose to commence a civil action, such suit must be filed in the appropriate Court within 90 days of your receipt of this Notice.

The investigative file pertaining to your case is located in the EEOC Dallas District Office, Dallas, TX.

This Notice should not be taken to mean that the Department of Justice has made a judgment as to whether or not your case is meritorious.

Sincerely,

Kristen Clarke
Assistant Attorney General
Civil Rights Division

by       /s/ Karen L. Ferguson
Karen L. Ferguson
Supervisory Civil Rights Analyst
Employment Litigation Section

cc: Dallas District Office, EEOC
   Liberty Eylau ISD